Exhibit No. 14

# SAN DIEGO REGIONAL CRIME / INCIDENT REPORT

RELATED REPORTS (Y) | PROPERTY Y (N) | ADDTL. LISTED Y N

OF 4

CASE NUMBER: 97-957

SECTION AND DESCRIPTION (ONE INCIDENT ONLY): 602(n) REFUSAL TO LEAVE

HC | DV | OAK

MONTH: 7 | DAY: 24 | YEAR: 97 | DAY OF WEEK: THUR | TIME: 1525

LOCATION OF INCIDENT (OR ADDRESS): GATEWAY BLDG 3RD FLR. 5850 CAMPANILE | CITY | BEAT: W | DISTRICT

V SP DC W RP | W-TYPE | VICTIM'S NAME (LAST, FIRST, MIDDLE / OR ORGANIZATION): SDSU FOUNDATION | RESIDENCE ADDRESS | CITY | STATE | ZIP

RESIDENCE PHONE | SEE RACE CODE LEGEND ON TOP OF BACK PAGE | RACE | SEX | DATE OF BIRTH | ID TYPE | ID NUMBER | INTERPRETER REQUIRED Y N | RELATION TO: VICTIM / SUSPECT R A S R A S

STATUS | EMPLOYER (RANK IF MILITARY) | BUSINESS OR MILITARY ADDRESS CITY STATE ZIP: 5850 CAMPANILE DR. - SAN DIEGO 92115 | DAYS OFF | WORK HRS.

BUSINESS PHONE | ADDITIONAL INFORMATION (VICTIM VEHICLE INFO. IF APPLICABLE)

V SP DC W RP | W-TYPE | VICTIM'S NAME (LAST, FIRST, MIDDLE / OR ORGANIZATION): VELEZ, BARBARA | CITY | STATE | ZIP

RACE | SEX: F | DATE OF BIRTH | INTERPRETER REQUIRED Y N | RELATION TO: VICTIM / SUSPECT R A S R A S

STATUS: E | EMPLOYER (RANK IF MILITARY): SDSU FOUNDATION | BUSINESS OR MILITARY ADDRESS CITY STATE ZIP: 5850 CAMPANILE DR. SAN DIEGO, 92115 | DAYS OFF | WORK HRS.

BUSINESS PHONE | ADDITIONAL INFORMATION (VICTIM VEHICLE INFO. IF APPLICABLE)

TOTAL # OF WITNESSES AT CRIME: 1

WITNESS TYPE: 01 ARRESTING OFFICER 12 OTHER EXPERT 06 OTHER LAY WITNESS 13 INVESTIGATOR 07 NARC CHEMIST 16 OTHER POLICE

STATUS: E EMPLOYED U UNEMPLOYED S STUDENT N NON-SALARIED WORKER

PLACE OF ATTACK: (1) Structure 2 Vehicle 3 Street/Alley 4 Lot/Park/Yard 5 VESSELS 6 Other

DESCRIPTION OF SURROUNDING AREA: 1 Residential 2 Business 3 Industrial/Mfg. 4 Recreational 5 Institutional 6 Open Space (7) School 8 Marina/Water 9 Other

FORCE TOOL WEAPON F T W | SPECIFY: | HOW USED:

FORCE TOOL WEAPON F T W | SPECIFY: | HOW USED:

CLOSED BY ARREST BY M.O. DATE: DET:

## TYPE OF STRUCTURE
0 N/A

NON-RESIDENTIAL: BANK/SAL/CU, BUSINESS OFFICE, COMMERCIAL VEHICLE, CONVENIENCE, DEPT, DRUG/MEDICAL, ENTERTAIN/RECREATION, FAST FOOD, FINANCE COMPANY, GAS/SERV. STA., HOTEL/MOTEL, JEWELRY/COIN/PAWN, LIQUOR, MFG/CONSTRUCTION, PUBLIC BLDG., RESTAURANT/BAR, RETAIL GOODS, (SCHOOL), SERVICES, SUPERMARKET, WHOLESALE

TARGET(S): CASH REG/DRAWER, COIN—OP MACH, DISPLAY ITEMS, OFFICE, PERSON, SAFE/BOX, STORAGE AREA

RESIDENTIAL: APT/CONDO, DUPLEX/TOWNHS, HOTEL/MOTEL, HOUSEBOAT, SINGLE DETACH, TRAILER

TARGET(S): ATTIC, BATHROOM, BEDROOM, COIN OP MACH, DEN, ENTIRE HOUSE, FAMILY ROOM, GARAGE, KITCHEN, LIVING ROOM, PERSON, STORAGE AREA

## POINT OF ENTRY
N/A, UNKNOWN, (FRONT), GARAGE, REAR, SIDE, GROUND LEVEL, (UPPER LEVEL), (DOOR), DUCT/VENT, ROOF/FLOOR, TRUNK/HOOD, WALL, WINDOW

## SECURITY USED
(N/A), ALARM, BARS/GRATE, DOG, EXT LIGHTS, GUARD, INT LIGHTS, LOCKED DOORS, LOCKED WINDOWS, NEIGHBOR/WATCH, OPERATION ID, PHOTO/CAMERA, SECURITY FENCE, WEAPON

## TYPE LOCK ATTACKED
(N/A), ALARM, DEFEATED, DEADBOLT, PADLOCK, SPRINGLATCH, SLIDE LATCH/CHAIN, VEHICLE LOCK, WINDOW LATCH

## SUSPECT ACTIONS
UNKNOWN, ATE/DRANK ON PREMISES, BLINDFOLD VICTIM, BOUND VICTIM, CASED AREA, CHILD MOLEST, CHILD NEGLECT, CONCEALED GOODS, DEFEATED SECURITY, DEFECATED, DEMANDED CASH, DEMANDED JEWELRY, DISABLED PHONE, FIRED WEAPON, FOLLOWED/STALKED, FORCED ENTRY, FORCED VICTIM TO LAY ON FLOOR, FORCED VICTIM TO MOVE, FRAUD/FALSE PRETENSE, GANG RELATED, HID/CONCEALED OWN FACE/WORE MASK

HIDEOUT TECHNIQUE, INFLICTED INJURY, OFFERED ASSISTANCE, OFFERED DRUGS, OFFERED GAMBLING, OFFERED SEX, OTHER SEX ACTS, PICKED POCKET, PREPARED EXIT, PURSE SNATCH, PUSHED/SHOVED VICTIM, PUT CASH IN BAG/PURSE, RANSACKED, RAPED, SHOPLIFTED, SMOKED ON PREMISES, TAMPER WITH VEHICLE, THREATENED RETALTN., TOOK ANIMALS, TOOK CASH FROM REGISTER PERSONALLY, TOOK ONLY JEWELRY, TOOK ONLY MONEY, TOOK ONLY TOOLS

TOOK ONLY TV/STEREO/CAMERA, TOOK PROPERTY FROM PERSON, TOOK PROPERTY FROM VEHICLE, TOOK VEH. PTS/ACCES, TOOK VICTIMS VEHICLE, USED DEMAND NOTE, USED LEFT HAND, USED LOOKOUT, USED MATCHES, USED PHONE, USED RIGHT HAND, USED STOLEN VEHICLE, USED THREATS, USED VICTIM'S TOOL, VANDALIZED, VEHICLE NEEDED TO REMOVE PROPERTY, (OTHER) REFUSED TO LEAVE, PRETENDED TO BE:

| ITEM NO. | ARTICLE NAME | STOLEN / RECVD | IDENTIFICATION NUMBERS | BRAND, MAKE OR MANUFACTURER | MODEL NAME AND MODEL NUMBER | MISCELLANEOUS DESCRIPTION | VALUE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

JUL 30 1997

VICTIM INJURED: Y (N) | EXTENT OF TREATMENT (NONE) TREATED HOSPITAL DEATH | SIC: YES A ADULT J JUVENILE N NO-PROBABLY IS (A) J ?

REPORTING OFFICER: MARLUZ | I.D.#: 405 | DIVISION | APPROVED BY | I.D.#: 310 | DETECTIVE(S) ASSIGNED | I.D.# | DIVISION

DATE AND TIME OF REPORT: 7 24 97 / 1800 | CASE STATUS: C-A | JUL 30 1997 | AGENCY: 37341 | CRIME TYPE

PAGE 2 OF 4

RACE CODE LEGEND: A• OTH... B• BLA... C• CHIN... D• CAMBODIAN F• FILIPINO G• GUAMANIAN H• HISPANIC I• INDIAN J• JAPANESE K• KOREAN L• LAOTIAN O• OTHER P• PACIFIC ISLANDER S• SAMOAN U• H... V• VI... W• WHI... Z• ASIAN INDIAN

CASE # 97-957

| ...ED | SUSPECT #1 (LAST, FIRST, MIDDLE) | NICKNAME/AKA | RACE | SEX | AGE | DOB | HT. | WT. | BUILD | HAIR COLOR | EYE COLOR |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Y (circled) N | COBB, JOHN HAROLD ROBERT | | W | M | 3? | | 5-2 | 220 | SKN | BLN | BL |

| SUSPECT'S ADDRESS | CITY | STATE | ZIP | PHONE | ID TYPE | ID NUMBER |
|---|---|---|---|---|---|---|
| 3955 MT. ALBERTINE WAY SAN DIEGO CA. 92111 | | | | 277-2026 | CA | |

ADDITIONAL INFORMATION / FURTHER SUSPECT DESCRIPTION (I.E., GLASSES, TATTOOS, TEETH, BIRTHMARKS, JEWELRY, SCARS, ETC.)

SUSPECT'S CLOTHING

GRAY T-SHIRT BLUE SHORT

| ARRESTED | SUSPECT #2 (LAST, FIRST, MIDDLE) | NICKNAME/AKA | RACE | SEX | AGE | DOB | HT. | WT. | BUILD | HAIR COLOR | EYE COLOR |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Y N | | | | | | | | | | | |

| SUSPECT'S ADDRESS | CITY | STATE | ZIP | PHONE | ID TYPE | ID NUMBER |
|---|---|---|---|---|---|---|
| | | | | | | |

ADDITIONAL INFORMATION / FURTHER SUSPECT DESCRIPTION (I.E., GLASSES, TATTOOS, TEETH, BIRTHMARKS, JEWELRY, SCARS, ETC.)

SUSPECT'S CLOTHING

SUSPECT(S)

| HAIR LGTH/TYPE | HAIR STYLE | FACIAL HAIR | COMPLEXION | GENERAL APPEARANCE | DEMEANOR | SPEECH | VOICE |
|---|---|---|---|---|---|---|---|
| 1 SUSPECT 2 | 1 SUSPECT 2 | 1 SUSPECT 2 | 1 SUSPECT 2 | 1 SUSPECT 2 | 1 SUSPECT 2 | 1 SUSPECT 2 | 1 SUSPECT 2 |
| UNKNOWN | UNKNOWN | UNKNOWN | UNKNOWN | UNKNOWN | UNKNOWN | UNKNOWN | UNKNOWN |
| BALD | AFRO/NAT. | CLEAN SHAVE | ACNE | CASUAL | ANGRY | ACCENT | DISGUISED |
| COLLAR | BRAIDED | FULL BEARD | DARK | DIRTY | APOLOGETIC | LISPS | HIGH PITCH |
| LONG | BUSHY | FU MANCHU | FRECKLED | DISGUISE | CALM | MUMBLES | LOUD |
| NECK | GREASY | GOATEE | LIGHT | FLASHY | DISORGANIZED | OFFENSIVE | LOW PITCH |
| SHORT | MILITARY | LOWER LIP | MEDIUM | GOOD-LOOKING | IRRATIONAL | QUIET | MEDIUM |
| SHOULDER | PONYTAIL | MUSTACHE | PALE | MILITARY | NERVOUS | RAPID | MONOTONE |
| COARSE | PROCESSED | NONE/FUZZ | POCKED | UNKEMPT | POLITE | SLOW | NASAL |
| FINE | STRAIGHT | SIDEBURNS | RUDDY | UNUSUAL ODOR | PROFESSIONAL | STUTTERS | PLEASANT |
| THICK | WAVY/CURLY | UNSHAVEN | SALLOW | WELL GROOMED | STUPOR | TALKATIVE | RASPY |
| THINNING | WIG | VAN DYKE | TANNED | OTHER: | VIOLENT | OTHER: | SOFT |
| WIRY | OTHER | OTHER | OTHER: | | OTHER: | | OTHER: |
| OTHER | | | | | | | |

| SUSPECT VEHICLE | YEAR | MAKE | MODEL | COLOR / COLOR | TYPE | LICENSE NO. | LIC STATE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

ADDITIONAL VEHICLE IDENTIFIERS (DAMAGE, CHROME WHEELS, ETC.) | VEHICLE IMPOUND Y N | TOWING COMPANY

EVID

EVIDENCE OBTAINED: 0 NONE 1 FINGERPRINTS 2 OTHER PRINTS 3 WEAPON/TOOLS 4 VEHICLE 5 PHOTOS 6 HAIR 7 STAINS 8 BLOOD/SEMEN 9 OTHER

DISPOSITION OF EVIDENCE | TAG NOS. | ADDN'L PERSONS LISTED Y N (circled) | WITNESS CHECK Y N (circled)

ADDITIONAL OFFENSES:

NARRATIVE

HEADINGS: CRIME DESCRIPTION; VICTIM(S) STATEMENT; OFFICER'S STATEMENT / INVESTIGATION; EVIDENCE/DISPOSITION; WITNESS STATEMENT / WITNESS CHECKS; INJURIES / PROPERTY DAMAGE

officer assault: OAK ZZ

- ☐ One-Officer Vehicle
- ☐ Two-Officer Vehicle
- ☐ Detective or Special Assignment
- ☐ Alone
- ☐ Assisted

Number Officers with personal injury ........
Number Officers without personal injury ........

Activity when assault occured:

- ☐ 415
- ☐ 459
- ☐ 211
- ☐ OTHER ARREST
- ☐ CIVIL DISORDER
- ☐ SUSP CIR / PERSON
- ☐ TRANSPORTING
- ☐ TRAFFIC STOP
- ☐ PURSUIT
- ☐ AMBUSH
- ☐ 5150
- ☐ ALL OTHER

ARSON TYPE: A SINGLE RESIDENTIAL B OTHER RESIDENTIAL C STORAGE D INDUSTRIAL/MANUFACTURING E OTHER COMMERCIAL F COMMUNITY/PUBLIC G ALL OTHER STRUCTURE H MOTOR VEHICLES I OTHER MOBILE PROPERTY J CROPS, TIMBER, FENCES, SIGNS, ETC.

DESCRIPTION | CONTENT $ | STRUCT LOSS $ | ABANDONED Y N | CONTINUED X

OFFICER'S REPORT
NARRATIVE

[ ] ARR./JUV.CON.
[ ] CRIME
[X] OTHER MISD CITE

| PAGE | CASE NUMBER |
|---|---|
| 3 OF | 97-937 |

| CODE SECTION AND DESCRIPTION (ONE INCIDENT ONLY) | MONTH | DAY | YEAR | DAY OF WEEK | TIME |
|---|---|---|---|---|---|
| 602(n) PC REFUSING TO LEAVE | 7 | 24 | 97 | THUR | 155[illegible] |

| LOCATION OF INCIDENT (OR ADDRESS) | CITY | BEAT | DISTRICT |
|---|---|---|---|
| 250 CAMPANILE (FOUNDATION BLDG 3RD FLR) | | W | |

| PERSON(S) INVOLVED: VICTIM | SUSPECT (IF NAMED) | PROPERTY TAG NO. (S) |
|---|---|---|
| FOUNDATION | COBB | |

ORIGIN:

JE

ON 7-24-97 @ 1555 HRS, R/C OF A DISRUPTIVE PERSON [AT] GATEWAY 3RD FLR. SGT. WOODARD AND I WERE MET [AT] THE SCENE BY R/P VELEZ. SUSPECT COBB [W]AS LOCATED AT THE RECEPTION AREA.

R/P'S STATEMENTS (BARBARA VELEZ)

VELEZ SAID THAT COBB WAS CONFRONTATIONAL [W]HEN HE WENT TO GATEWAY ON 7-14-97. HER INSTRU[CTI]ONS WERE TO CALL THE POLICE AND HAVE COBB [LE]AVE THE BLDG. VELEZ REQUESTED THAT COBB [LE]AVE THE AREA DUE TO HIS PAST DISRUPTIVE [B]EHAVIOUR. VELEZ SAID THE EMPLOYEES ARE [AF]RAID OF COBB AND THAT HE DOES NOT HAVE ANY [BU]SINESS IN THEIR OFFICE.

[OF]FICER'S ACTIONS/OBSERVATIONS:

I APPROACHED COBB AND REQUESTED FOR [HI]S I.D. HE REFUSED. I ORDERED COBB TO I.D. [HI]MSELF. COBB BECAME AGITATED, SHOUTED [AT] US AND TOLD US WE DID NOT HAVE ANY [LEG]AL RIGHT TO CONTACT HIM. DISPATCH NOTI[FI]ED US THAT COBB IS NOT AN SDSU NOR AN EXTENDED [STU]DIES STUDENT. SGT. WOODARD REPEATEDLY ASKED

| REPORTING OFFICER | I.D. # | DIVISION | APPROVED BY: | DATE OF REPORT: MONTH | DAY | YEAR | TIME |
|---|---|---|---|---|---|---|---|
| MARLEZ | 405 | | AW [signature] | 7 | 25 | 97 | 1800 |

REV. 9-84)

CONTINUED [X]

...ED TO LEAVE. COBB REFUSED. I PLACED COBB UNDER ARREST PER 602 (n) PC; REFUSING TO LEAVE, BASED ON HIS REFUSAL TO OBEY OUR LAWFUL ORDER AND ON BEHALF OF FOUNDATION'S REQUEST. I TRANSPORTED COBB TO OUR STATION WERE I ISSUED HIM A MISDEMEANOR CITE. SGT. WOODARD ADVISED HIM OF 626.6 PC. REFER TO INCIDENT REPORT # 97-900

Exhibit No. 15

San Diego State University DEPARTMENT OF PUBLIC SAFETY INCIDENT SUMMARY

| | | | |
|---|---|---|---|
| DATE 7-25-97 | TIME 1530 | ADDITIONAL REPORTS ☐ CRIME ☐ ARREST ☐ CITATION ☐ NARRATIVE ☐ OTHER | FILE NO. 97-937 |
| INCIDENT INVOLVES ☒ STUDENT ☐ NON STUDENT ☒ FACULTY/STAFF ☐ FRATERNITY ☐ SORORITY | | NATURE OF INCIDENT DISRUPTIVE PERSON / STUDENT | |
| DATE OF INCIDENT DAY 7-24-97 | TIME OF INCIDENT 1555 | LOCATION OF INCIDENT GATEWAY BLDG 5TH FLR | |
| COMPLAINANT REPORTING PARTY BARBARA VELEZ | | ADDRESS 1764 NAVAJAN RD. EL CAJON | PHONE 593-6725 |
| WITNESS | | ADDRESS | PHONE |
| VICTIM'S NAME SDSU FOUNDATION | | ADDRESS 5250 CAMPANILE | PHONE |
| SUSPECT'S NAME ☒ STUDENT ☐ NON-STUDENT JOHN HAROLD ROBERT COBB | | ADDRESS 3953 MT. ALBERTINE WY SD. 92111 | PHONE 277-2026 |
| RACE W | SEX M | DATE OF BIRTH | SOCIAL SECURITY NUMBER | DRIVERS LICENSE NUMBER | ORGANIZATION/POSITION DEFENSE CONV |

DETAILS AND DISPOSITION OF ...

ORIGIN:

ON 7-24-97 @ 1555 HRS REPORT OF A DISRUPTIVE PERSONA NON GRATA 5TH FLR. OF GATEWAY. SGT. WOODARD AND I ARRIVED AT THE SCENE AND WERE MET BY FOUNDATION STAFF. LOCATED AT THE SCENE WAS (S) COBB.

OFFICERS ACTIONS / OBSERVATIONS:

SGT. WOODARD MET VELEZ WHO REQUESTED THAT THE SUSPECT LATER I.D.'ED AS COBB BE REMOVED FROM THEIR BLDG. IN ADDITION, COBB WAS CONTACTED BY THIS DEPARTMENT ON 7-14-97 FOR DISRUPTING THE NORMAL COURSE OF BUSINESS AT GATEWAY. I CONTACTED COBB AT THE 5TH FLR RECEPTION AREA. HE IMMEDIATELY BECAME AGITATED AS I EXPLAINED TO HIM THAT HE NEEDS TO LEAVE THE BLDG. HE REFUSED REPEATEDLY. DISPATCH NOTIFIED ME COBB WAS NOT AN SDSU NOR AN EXT-STUDIES STUDENT. BASED ON THAT INFORMATION & THE FACT COBB REFUSED TO OBEY MY LAWFUL ORDER TO LEAVE I PLACED HIM UNDER ARREST FOR 602(N) PC; REFUSING TO LEAVE. I TRANSPORTED HIM TO THE STATION, ISSUED HIM A M/CITE AND ADVISED HIM OF 626.6 PC

ON 7-25-97 @ 1315 HRS, SGT. WOODARD AND I CONTACTED COBB AT GATEWAY ON THE 4TH FLOOR. THE STAFF AND OTHER EMPLOYEES WERE AFRAID AND WORRIED AND CAUSED A DISRUPTION OF THEIR BUSINESS. COBB WAS GIVEN A "STAY AWAY" LETTER FROM THE FOUNDATION DIRECTOR, BRENTS. ACTING ON THE WRITTEN & VERBAL NOTICE FROM THE FOUNDATION, SGT. WOODARD AND I ESCORTED COBB OUT OF THE BLDG.

OFFICER CAVARLEZ BADGE 405 SUPERVISOR [signature] BADGE

DPS 45

STAY AFF ✓ JUD. COORD ✓

JUL 30 1997

Exhibit No. 7 – Incident Summary
Page 1 of 1.

Exhibit No. 16

CASEY GWINN, City Attorney
SUSAN M. HEATH, Assistant City Attorney
KENNETH W. DAVIS, Deputy City Attorney
State Bar No. 178205

Civic Center Plaza
1200 Third Avenue
Suite 700
San Diego, CA 92101-4106
Telephone: (619) 533-5500

Attorneys for Plaintiff

MUNICIPAL COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

SAN DIEGO JUDICIAL DISTRICT

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>JOHN H. COBB,<br><br>Defendant. | No. M743277/VQ4462<br><br>NOTICE OF MOTION TO AMEND COMPLAINT<br><br>Date: 10/9/97<br>Time: 8:15 a.m.<br>Dept: Presiding |

To: John H. Cobb, Defendant.

YOU ARE HEREBY NOTIFIED to appear in the Presiding Department of the San Diego Municipal Court, 220 West Broadway, Room 2013, San Diego, California, on October 9, 1997, at 8:15 a.m.

On this date and time, the People will move to amend the above captioned complaint to allege a violation of San Diego Municipal Code section 52.80.01(a).

Dated: 10-1, 1997.

CASEY GWINN, City Attorney

By [signature]
Kenneth W. Davis, Deputy

Attorneys for Plaintiff



Exhibit No. 19 – Amended Complaint
Page 1 of 2.

MUNICIPAL COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
SAN DIEGO JUDICIAL DISTRICT

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br>Plaintiff,<br>v.<br>JOHN HAROLD ROBERT COBB<br>Defendant. | No. M-743277<br><br>AMENDMENT TO COMPLAINT - CRIMINAL<br><br>VQ4462 |

The San Diego City Attorney charges:

SECOND COUNT: MC52.80.01(a): REFUSING TO LEAVE BUSINESS

That on or about July 24, 1997, in the City of San Diego, County of San Diego, State of California, a misdemeanor was committed by said defendant, who did use privately operated business premises which were open to the general public for a purpose contrary to the function or services provided thereon without the consent of the owner, operator or agent thereof, and did refuse or fail to leave such property being so used upon being requested to leave by the owner, operator or agent thereof, in violation of San Diego Municipal Code section 52.80.01(a).

Based on information and belief, I declare under penalty of perjury that the foregoing is true and correct.

Dated October 1, 1997 at San Diego, California.

_______________
Deputy City Attorney

Pursuant to Penal Code section 1054.5(b), the People are hereby informally requesting that defendant's counsel provide discovery to the People as required by Penal Code section 1054.3.

CRIMINAL COMPLAINT FILED _______________

Exhibit No. 17

MUSICK, PEELER & GARRETT LLP
ATTORNEYS AT LAW
225 BROADWAY, SUITE 1900
SAN DIEGO, CALIFORNIA 92101-5028
TELEPHONE (619) 238-3900
FACSIMILE (619) 231-1234

Michael J. Hickman (Cal Bar #149624)

Attorneys for Plaintiff
SAN DIEGO STATE UNIVERSITY FOUNDATION

FILED
KENNETH E. MARTONE
Clerk of the Superior Court

AUG 04 1997

By: AMY SHILLINGBURG, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

SAN DIEGO STATE UNIVERSITY FOUNDATION, A California non-profit Corporation,

Plaintiff,

v.

JOHN HAROLD COBB,

Defendant.

Case No. 712945

DECLARATION OF JANE DOE 3 IN SUPPORT OF PETITION FOR INJUNCTION PROHIBITING HARASSMENT OF EMPLOYEES AND APPLICATION FOR TEMPORARY RESTRAINING ORDER

I, Jane Doe 3, declare:

1. I am an employee of the San Diego State University Foundation. I work on the third floor of the Foundation offices located at 5250 Campanile, San Diego, California. I make this declaration based on personal knowledge.

2. On July 14, 1997, a white male, 6'4" in height and weighing approximately 240 pounds, got off the elevator and entered the third floor reception area. He was wearing worn blue shorts, a soiled t-shirt, and a "pith" helmet (a beige safari-type hat).

Two of my co-workers, Jane Doe 1 and Jane Doe 5, were conversing in front of the reception desk in the reception area.

3. After the man got off the elevator, he walked directly to Jane Doe 1, placing his backpack on a chair. He said, in a very loud voice, "Why are you looking at my chest? "You keep staring at my chest! "Does this mean I am not going to get the job? "Are you going to review my application?"

4. At this point, Jane Doe 1, in a normal tone of voice, told him "Yes we will be reviewing your application and getting back to you as is our procedure". At that point, the man picked up his backpack and walked over to the elevator. After pushing the button, he returned to the reception area and yelled, "You know this is discrimination, you know this is discrimination, don't you?" He then got on the elevator and left.

5. After this incident, I remembered seeing the same man in the office earlier on July 14, 1997, dressed in slacks, a dress shirt and shoes. He spoke with Jane Doe 1. I remember Jane Doe 1 saying from her office, "You know that you can e-mail this into us, but since you came in I will be glad to help you". There was no indication of any disagreement between the two of them at that time.

6. On July 24, 1997, at 3:15 p.m., Mr. Cobb came into the third floor reception area again. He was wearing the same shorts, t-shirt, and pith helmet and was sweating profusely. I asked him if I could help him and he stated he wanted to speak to the person who works in "that" office, indicating toward Jane Doe 1's. I asked him to sit down while I went to find her (although I knew she was not in the office). I went to a desk down the hall and called

911. A few minutes later the campus police arrived. Mr. Cobb became combative and a second officer came for back-up. The officers handcuffed Mr. Cobb and, as they put him on the elevator, he continued to resist restraint.

7. On July 25, 1997, at approximately 12:15 p.m., Mr. Cobb returned to the third floor reception area. Again, he was wearing the same shorts, t-shirt and pith helmet. He was again sweating profusely. Once more, he asked "what is the exact name of the woman who works in 'that' office?", again indicating to Jane Doe 1's office. I said I would go get her (again knowing she was out of the office). Again, I went back and called the police and then began to warn my co-workers to stay in their offices. Mr. Cobb paced around the reception area and looked into offices. Then, without a word, he was gone. I later heard he went to the fourth floor, then the first floor, and was then placed in a police car.

8. Each time Mr. Cobb was in the reception area he was clutching paperwork and drawing and sketching rather than writing. He seemed agitated and anxious. The drawing or sketching he was doing appeared to be squares and lines. The third floor has a number of square cubicles which are used as work stations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 31 day of July, 1997, at San Diego, California.

Jane Doe 3
Jane Doe 3

MUSICK, PEELER & GARRETT LLP
U3184566
ATTORNEYS AT LAW

Exhibit No. 18

Dept. 1 → Dept. 2. Judge: Thomas J. Whelan

other cases
528.6
527.6

Judge used word **Threat**

Sec. 527.8 civil procedure

threat → ?

for 1 year

Judge say read, Civil Procedure

Judge says, I'm not your lawyer

"can walk around the building"

Trespass or Burgulary

entering w/out permission

Have stenographer; typing everything down

Stenographer; Court Recorder 531-3830 for Aug. 18, 1997

Elain Studenberg

Civil Division Superior Court (619) 687-2180

531-4000 personell Dept. Appl'n for Jobs.

Dept. 17 of Superior Court

get transcript

Elain Studenberg 531-3174;

Exhibit No. 19

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): 149624
Michael J. Hickman
Musick, Peeler & Garrett
225 Broadway, Suite 1900
San Diego, CA 92101
TELEPHONE NO: (619) 525-2565
ATTORNEY FOR (Name): San Diego State University Foundation

FOR COURT USE ONLY

FILED
KENNETH E. MARTONE
Clerk of the Superior Court
AUG 04 1997
By: AMY SHILLINGBURG, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 220 West Broadway
MAILING ADDRESS: 220 West Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Downtown

PLAINTIFF: SAN DIEGO STATE UNIVERSITY FOUNDATION

DEFENDANT: JOHN HAROLD COBB

EMPLOYEE: ALL EMPLOYEES OF PLAINTIFF AT 5250 CAMPANILE

ORDER TO SHOW CAUSE (Harassment of Employee)
[X] and Temporary Restraining Order (CLETS)

CASE NUMBER: 712945

THIS ORDER SHALL EXPIRE AT THE DATE AND THE TIME OF THE HEARING SHOWN IN THE BOX BELOW UNLESS EXTENDED BY THE COURT.

1. To defendant (name): John Harold Cobb
2. **You are ordered to appear in this court as follows to give any legal reason why the orders sought in the attached petition should not be granted:**

| Date: AUG 18 1997 | Time: 9:00 AM | Dept: DEPT. ONE | Room: |
|---|---|---|---|

3. **If you do not attend the hearing, further orders may be made against you. These orders may be extended for a period not to exceed three years. You have the right to appear and oppose the petition, with or without an attorney.**

## TEMPORARY RESTRAINING ORDER

**THE COURT FINDS**

4.a. The defendant is (name): John Harold Cobb

Sex: [X] M [ ] F Ht.: 6'4" Wt.: 250 Hair color: Brown Eye color: Unk Race: Cau. Age: 25 to 30 Date of birth: Unk

b. The protected person is (name): All employees of plaintiff

Sex: [ ] M [ ] F Date of birth: ____________

**UNTIL THE TIME OF HEARING, IT IS ORDERED**

5. **Defendant** must not threaten, alarm, annoy, or harass employee,

and SPECIFICALLY IT IS ORDERED THAT DEFENDANT

a. [ ] must not threaten, strike, or make any contact with employee
b. [ ] must not keep employee under surveillance
c. [X] must not follow employee
d. [X] must not telephone or send any messages to employee
e. [ ] must not block employee's movements in public places or thoroughfares, or in the place of work
f. [ ] other (specify):

**Violation of this order is a misdemeanor, punishable by a $1000 fine, one year in jail, or both, or may be punishable as a felony. This order shall be enforced by all law enforcement officers in the State of California. Any person subject to a restraining order is prohibited from obtaining or purchasing or attempting to obtain or purchase a firearm by Penal Code section 12021. Such conduct may be a felony and punishable by a $1,000 fine and imprisonment.**

(Temporary Restraining Order continued on reverse)

| PLAINTIFF (Name): SAN DIEGO STATE UNIVERSITY FOUNDATION | CASE NUMBER: 712945 |
|---|---|
| DEFENDANT (Name): JOHN HAROLD COBB | |

6. a. [X] Defendant is ordered to stay at least *(specify)*: 20 yards away from the following persons and places *(the addresses of the places are optional and may be kept confidential)*:
   (1) [ ] Employee
   (2) [ ] Employee's residence *(address optional)*:
   (3) [X] Employee's place of work *(address optional)*: 5250 Campanile, San Diego, CA
   (4) [ ] Employee's children's school or place of child care *(address optional)*:
   (5) [ ] Other *(specify)*:
   *(address optional)*:

   b. [ ] Contacts relating to pickup and delivery of children pursuant to a court order or a stipulation of the parties arrived at during mediation shall be permitted.

7. [ ] OTHER ORDERS *(specify)*:

8. By the close of business on the date of this order, a copy of this order and any proof of service shall be given to the law enforcement agencies listed below as follows:
   a. [ ] plaintiff shall deliver.
   b. [X] plaintiff's attorney shall deliver.

| Law enforcement agency | Address |
|---|---|
| San Diego Police Department | 1401 Broadway, San Diego, CA 92101 |
| San Diego State University Police | 5250 Campanile, San Diego, CA 92115 |

9. [X] Application for an order shortening time is granted and the following documents shall be personally served on the defendant no less than *(specify number)*: 2 CP days before the time set for hearing:
   a. Order to Show Cause (Harassment of Employee) and Temporary Restraining Order
   b. Petition for Injunction Prohibiting Harassment of Employee
   c. blank Response to Petition for Injunction Prohibiting Harassment of Employee
   d. other *(specify)*:

The foregoing instrument is a full, true and correct copy of the original on file in this office.
Attest: AUG 04 1997
KENNETH E. MARTONE
Clerk of the Superior Court of the State of California, in and for the County of San Diego.
By [signature] Amy Shillingburg, Deputy

**THIS ORDER IS EFFECTIVE WHEN MADE. THE LAW ENFORCEMENT AGENCY SHALL ENFORCE THE ORDER IMMEDIATELY UPON RECEIPT. IT IS ENFORCEABLE ANYWHERE IN CALIFORNIA BY ANY LAW ENFORCEMENT AGENCY THAT HAS RECEIVED THE ORDER OR IS SHOWN A COPY OF THE ORDER. IF PROOF OF SERVICE ON THE RESTRAINED PERSON HAS NOT BEEN RECEIVED, THE LAW ENFORCEMENT AGENCY SHALL ADVISE THE RESTRAINED PERSON OF THE TERMS OF THE ORDER AND THEN SHALL ENFORCE IT.**

Date: AUG 04 1997

THOMAS J. WHELAN
JUDGE OF THE SUPERIOR COURT

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): 149624 | TELEPHONE NO.: (619) 525-2565 | FOR COURT USE ONLY

Michael J. Hickman
Musick, Peeler & Garrett
225 Broadway, Suite 1900
San Diego, CA 92101

ATTORNEY FOR (Name): San Diego State University Foundation

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN DIEGO

STREET ADDRESS: 220 West Broadway
MAILING ADDRESS: 220 West Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Downtown

PLAINTIFF: SAN DIEGO STATE UNIVERSITY FOUNDATION

DEFENDANT: JOHN HAROLD COBB

EMPLOYEE: ALL EMPLOYEES OF PLAINTIFF AT 5250 CAMPANILE

F I L E D
KENNETH E. MARTONE
Clerk of the Superior Court
AUG 0 4 1997
By: AMY SHILLINGBURG, Deputy

**PETITION FOR INJUNCTION PROHIBITING HARASSMENT OF EMPLOYEE**
[X] **Application for Temporary Restraining Order**

CASE NUMBER: 712945

(This is NOT an order)

*Read the Instructions for Lawsuits to Prohibit Workplace Harassment before completing this form. NOTE: Plaintiff* **must** *be an employer with standing to bring this action under Code of Civil Procedure section 527.8.*

1. Employee *(name)*: All employees of plaintiff at 5250 Campanile, San Diego, CA
   Sex: [ ] M [ ] F Date of birth: ______________

2. Defendant *(name)*: John Harold Cobb/SSN 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
   Sex: [X] M [ ] F Ht.: 6'4" Wt. 250 Hair color: Br. Eye color Unk Race Cau. Age 25-30 Date of birth unk

3. This suit is filed in this county because
   a. [X] defendant resides in this county.
   b. [X] defendant has caused physical or emotional injury to plaintiff's employee in this county.
   c. [ ] other *(specify)*:

4. Plaintiff, a [X] corporation [ ] sole proprietorship [ ] other *(specify)*:
   is filing this suit on behalf of employee *(name)*:

5. Defendant: [ ] has [ ] assaulted, [ ] battered, or [ ] stalked employee, has [ ] made a credible threat of violence against employee, or has [X] committed a series of acts that have seriously alarmed, annoyed, or harassed employee or caused employee to believe he or she is under threat of death or serious bodily injury. One or more of these acts has occurred or will probably occur at employee's workplace located at *(address)*:

   *(Describe in detail the most recent incidents of harassment. State what happened, the dates, and who did what to whom. Describe any injuries, including emotional distress)*:
   See attached declarations.

*(If more space is needed, attach additional pages and check this box.)* [X]

(Continued on reverse)

| PLAINTIFF (Name): SAN DIEGO STATE UNIVERSITY FOUNDATION | CASE NUMBER |
|---|---|
| DEFENDANT (Name): JOHN HAROLD COBB | |

6. Defendant's conduct has been directed specifically against employee and is knowing, willful, not constitutionally protected, and is without legitimate purpose.

PLAINTIFF REQUESTS THE COURT TO MAKE THE ORDERS INDICATED BY THE CHECK MARKS IN THE BOXES BELOW.

7. [X] **RESTRAINING ORDERS** [X] **To be ordered now and effective until the hearing**

**Defendant**, who resides at *(state address if known)*: 3955 Mt. Albertine Way, San Diego, CA 92111

and works at *(state address if known)*: Unknown

**must not threaten, alarm, annoy, or harass employee** *(name)*: All employees of plaintiff

**and specifically**

a. [ ] must not threaten, strike, or make any contact with employee

b. [ ] must not keep employee under surveillance

c. [X] must not follow employee

d. [X] must not telephone or send any messages to employee

e. [ ] must not block employee's movements in public places or thoroughfares, or in the place of work

f. [ ] other *(specify)*:

8. [X] **STAY-AWAY ORDERS** [X] **To be ordered now and effective until the hearing**
Defendant must stay at least *(specify)*: 20 yards away from the following places and persons *(the addresses of the places are optional and may be kept confidential)*:

a. [ ] Employee

b. [ ] Employee's residence *(address optional)*:

c. [X] Employee's place of work *(address optional)*: 5250 Campanile, San Diego, CA

d. [ ] Employee's children's school or place of child care *(address optional)*:

e. [ ] Other *(specify)*:
*(address optional)*:

9. Is defendant a current employee of plaintiff? [ ] Yes [X] No

10. Will granting of any of the stay-away orders in item 8 deprive defendant of access to defendant's residence or place of employment? [ ] Yes [X] No *(If yes, explain)*:

(Continued on next page)

PLAINTIFF (Name): SAN D STATE UNIVERSITY FOUNDA — CASE NUMBER

DEFENDANT (Name): JOHN HAROLD COBB

11 [X] Employee will suffer great and irreparable harm before this petition can be heard in court unless the court makes those orders requested above effective now and until the hearing. *(Specify the harm and why it will occur before the hearing):*
Because of the repeated and frequent nature of the conduct described in the attached declarations.

12. [ ] ATTORNEY FEES AND COSTS
Defendant should be ordered to pay attorney fees and costs as follows *(specify)*:

13. [ ] OTHER ORDERS *(specify other orders you request to help carry out the orders previously requested)*:

14. Plaintiff requests that copies of orders be given to the following law enforcement agencies:

| Law enforcement agency | Address |
|---|---|
| San Diego Police Department | 1401 Broadway, San Diego, CA 92101 |
| San Diego State University Police | 5250 Campanile, San Diego, CA 92115 |

15. [ ] I request that time for service of the Order to Show Cause and accompanying papers be shortened so that they may be served no less than *(specify number)*: days before the date set for the hearing. I need to have the order shortening time because of the facts contained in this application.

16. [ ] Plaintiff has asked for restraining orders against the defendant before.

17. [ ] Employee has asked for restraining orders against defendant in *(specify)*: County, case no. *(specify)*:

18. PERSON TO BE RESTRAINED *(name)*: John Harold Cobb

Sex: [X] M [ ] F Ht.: 6'4" Wt.: 250 Hair color: Brn. Eye color: Unk Race: Cau Age: 25 to 30 Date of birth: Unk

19. Plaintiff requests additional relief as may be proper.
I make this petition on the grounds that I am aware of the facts stated,
[ ] on the basis of my own personal knowledge.
[X] on the basis that I have been informed and believe that the facts stated are true. *(NOTE: If this petition is made solely on the basis of plaintiff's information and belief, plaintiff must attach declarations or affidavits by one or more persons who have personal knowledge of the facts stated.)*
I understand that if the court issues an Order to Show Cause, a hearing will be held on the date shown in item 2 of the Order to Show Cause. At that hearing, I must be prepared to present witnesses to defendant's conduct and to employee's emotional distress.

Date: August 4, 1997

Michael J. Hickman
(TYPE OR PRINT NAME)

▶ ______________________
(SIGNATURE OF PLAINTIFF)

Title of person signing: Attorney for Plaintiff

▶ [signature]
(SIGNATURE OF ATTORNEY, IF ANY)

20. [25] Number of pages attached:

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): TELEPHONE NO.: (619) 525-2500
Michael J. Hickman
Musick, Peeler & Garrett
225 Broadway, Suite 1900
San Diego, CA 92101
ATTORNEY FOR (Name): San Diego State Univ. Foundation #149624

FOR COURT USE ONLY

FILED
KENNETH E. MARTONE
Clerk of the Superior Court
AUG 18 1997
By: Y. BRENNAN, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
☒ CENTRAL COURT 220 W BROADWAY SAN DIEGO CA 92101-3409
☐ NORTH COUNTY BRANCH 325 S MELROSE, VISTA, CA 92083-6627
☐ EAST COUNTY COURT, 250 E. MAIN, EL CAJON, CA 92020-3913
☐ SOUTH BAY COURT, 500 THIRD, CHULA VISTA, CA 91910-5694

PLAINTIFF: San Diego State University Foundation

DEFENDANT: John Harold Cobb

ORDER AFTER HEARING ON PETITION FOR INJUNCTION PROHIBITING HARASSMENT (CLETS)

CASE NUMBER: 712745

1. THIS ORDER, EXCEPT FOR AWARD OF ATTORNEY FEES AND COSTS, SHALL EXPIRE AT MIDNIGHT ON (date): August 18, 1998
2. This proceeding came on for hearing as follows:

| Date: August 18, 1997 | Time: 9:00 a.m. | Dept.: 2 | Room: |
|---|---|---|---|

3. Judge (name): Hon. Thomas J. Whelan ☐ Temporary judge
4. a. ☒ Plaintiff present ☒ Attorney present (name): Michael J. Hickman
b. ☒ Defendant present ☐ Attorney present (name):

THE COURT FINDS

5. a. The defendant is (name): John Harold Cobb

Sex: ☒ M ☐ F Ht.: 6'4" Wt.: 230 Hair color: Br. Eye color: ____ Race: W Age: 30 Date of birth: ________

b. The protected person is (name): All employees of plaintiff located at 5250 Campanile, San Diego, CA

Sex: ☐ M ☐ F Date of birth: ________

6. After hearing on the petition, IT IS ORDERED THAT DEFENDANT:
7. Not alarm, annoy, or harass plaintiff
☐ and the following family and household members (names):
and SPECIFICALLY IT IS ORDERED THAT DEFENDANT SHALL
a. ☒ not threaten, strike, or make physical contact with plaintiff
☐ ~~and the following family and household members (names)~~:
b. ☒ not keep plaintiff under surveillance
☐ ~~and the following family and household members (names)~~:
c. ☐ ~~not follow plaintiff~~
☐ and the following family and household members (names):
d. ☒ not telephone plaintiff
☐ ~~and the following family and household members (names)~~:
e. ☒ not block plaintiff's movements in public places or thoroughfares
☐ ~~and the following family and household members (names)~~:

Exhibit No. 18 – Injunction
Page 1 of 2.

Violation of this order is a misdemeanor, punishable by a $1000 fine, one year in jail, or both, or may be punishable as a felony. This order shall be enforced by all law enforcement officers in the State of California. Any person subject to a restraining order is prohibited from obtaining or purchasing or attempting to obtain or purchase a firearm by Penal Code section 12021. Such conduct may be a felony and punishable by a $1,000 fine and imprisonment.

(Continued on reverse)

PLAINTIFF (Name): [illegible] CASE NUMBER:
DEFENDANT (Name): John Harold Cobb 712945

8. a. [X] Stay at least (specify): 20 yards away from the following persons and places:
(The addresses of these places are optional and may be kept confidential.)
(1) Plaintiff
[ ] ~~and the following family and household members (names):~~
(2) [ ] ~~Plaintiff's residence (address optional):~~
(3) [X] Plaintiff's place of work (address optional): 5250 Campanile San Diego, CA
(4) [ ] ~~Plaintiff's children's school or place of child care (address optional):~~
(5) [ ] ~~Other (specify):~~
(address optional):

b. [ ] ~~Contacts relating to pick up and delivery of children pursuant to a court order or a stipulation of the parties arrived at during mediation shall be permitted.~~

9. [ ] ~~OTHER ORDERS (specify):~~

10. By the close of business on the date of this order, a copy of this order and any proof of service shall be given to the law enforcement agencies listed below as follows:
a. [ ] plaintiff shall deliver.
b. [X] plaintiff's attorney shall deliver.
c. [ ] the clerk of the court shall mail.

| Law enforcement agency | Address |
|---|---|
| San Diego County Marshal | [X] 220 W. Broadway, San Diego, CA 92101 |
| | [ ] 250 E. Main, El Cajon, CA 92020 |
| | [ ] 500 Third, Chula Vista, CA 91910 |
| | [ ] 325 S. Melrose, Vista, CA 92083 |

**THIS ORDER IS EFFECTIVE WHEN MADE. THE LAW ENFORCEMENT AGENCY SHALL ENFORCE THE ORDER IMMEDIATELY UPON RECEIPT. IT IS ENFORCEABLE ANYWHERE IN CALIFORNIA BY ANY LAW ENFORCEMENT AGENCY THAT HAS RECEIVED THE ORDER OR IS SHOWN A COPY OF THE ORDER. IF PROOF OF SERVICE ON THE RESTRAINED PERSON HAS NOT BEEN RECEIVED, THE LAW ENFORCEMENT AGENCY SHALL ADVISE THE RESTRAINED PERSON OF THE TERMS OF THE ORDER AND THEN SHALL ENFORCE IT.**

Date: AUG 18 1997

[signature]
JUDGE OF THE SUPERIOR COURT
THOMAS WHELAN

## CLERK'S CERTIFICATE

SUPERIOR COURT · S.D. · SAN DIEGO COUNTY

The foregoing is a full, true and correct copy of the original on file in this office.

KENNETH E. MARTONE
CLERK OF THE SUPERIOR COURT

Date AUG 18 1997 By [signature], Deputy
Y. BRENNAN

Exhibit No. 20

IN THE MUNICIPAL COURT OF THE SAN DIEGO JUDICIAL DISTRICT

COUNTY OF SAN DIEGO, STATE OF CALIFORNIA

THE PEOPLE OF THE STATE OF CALIFORNIA,

PLAINTIFF,

VS.

JOHN H. COBB,

DEFENDANT.

CHANGE OF PLEA TO MISDEMEANOR

NO. M-743277
VZ-446201

REPORTER'S TRANSCRIPT

SAN DIEGO, CALIFORNIA

NOVEMBER 14, 1997

COUNSEL APPEARING:

FOR PLAINTIFF:

PAUL J. PFINGST
DISTRICT ATTORNEY
BY: KAY MEIER
DEPUTY DISTRICT ATTORNEY
7002 COUNTY COURTHOUSE
220 WEST BROADWAY
SAN DIEGO, CALIFORNIA 92101

FOR DEFENDANT:

IN PRO PERSONA

THOMAS A. [illegible]
OFFICIAL COURT REPORTER
CSR NO. [illegible]

SAN DIEGO, CALIFORNIA, FRIDAY, NOVEMBER 14, 1997, 10:33 A.M.

* * *

THE COURT: ON THE RECORD IN THE CASE OF PEOPLE VS. COBB.

THE DEFENDANT IS PRESENT AND THE PEOPLE ARE PRESENT THROUGH MISS MEIER AND THE JURY IS NOT PRESENT.

WHAT'S THE STATUS OF THE CASE AT THIS POINT?

MS. MEIER: YOUR HONOR, THE PEOPLE HAVE AMENDED THE COMPLAINT TO CHARGE A VIOLATION OF PENAL CODE SECTION 415(2) AND IT'S MY UNDERSTANDING THAT THE DEFENDANT IS GOING TO PLEAD GUILTY TO THAT CHARGE AND WE HAVE SUGGESTED TERMS FOR THE SENTENCE.

THE COURT: I DON'T HAVE AN AMENDED COMPLAINT HERE.

MS. MEIER: IT'S RIGHT HERE (INDICATING).

THE COURT: OKAY. NOW, AN AMENDED COMPLAINT SUBSTITUTES FOR THE ORIGINAL AND AN AMENDMENT TO ADDS TO IT.

SO, THERE IS NO COUNT NUMBER ON THIS.

WHAT IS THIS TO BE?

MS. MEIER: WE ARE SUBSTITUTING. THIS WAS -- WILL SUBSTITUTE FOR THE OTHER CHARGES.

THE COURT: THIS THEN WOULD BE COUNT 1?

MS. MEIER: CORRECT.

THE COURT: ALL RIGHT.

IS THAT -- IS THAT -- EVERYTHING MISS MEIER SAID CORRECT, AS FAR AS YOU ARE CONCERNED, MR. COBB?

THE DEFENDANT: YES, YOUR HONOR.

STATE OF CALIFORNIA )
) SS.
COUNTY OF SAN DIEGO )

I, THOMAS A. BELTZ, DO HEREBY CERTIFY THAT I AM AN OFFICIAL COURT REPORTER OF THE MUNICIPAL COURT OF THE SAN DIEGO JUDICIAL DISTRICT, CITY OF SAN DIEGO, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA; THAT AS SUCH REPORTER, I REPORTED IN SHORT-HAND THE TESTIMONY TAKEN AND PROCEEDINGS HAD AT THE CHANGE OF PLEA TO FELONY HEARING IN THE MATTER OF THE PEOPLE OF THE STATE OF CALIFORNIA, PLAINTIFF, VS. JOHN H. COBB, DEFENDANT; THAT THE FOREGOING TRANSCRIPT, CONSISTING OF PAGES NUMBERED 1 THROUGH 9, INCLUSIVE, IS A FULL, TRUE AND CORRECT RECORD OF MY SHORTHAND NOTES OF THE TESTIMONY TAKEN AND PRO-CEEDINGS HAD AT SAID CHANGE OF PLEA TO FELONY HEARING.

DATED AT SAN DIEGO, CALIFORNIA, DECEMBER 3, 1997.

Thomas A. Beltz

THOMAS A. BELTZ
OFFICIAL COURT REPORTER
CSR NO. 2074

Exhibit No. 21

San Diego Municipal Court: California. Friday, November 14, 1997.

Department M-9, Presiding : Judge Howard H. Shore.

Jury *Not* Present.

Tape 3/3. Peo. V. John H. Cobb. 11/13.14-97.

Counsel Appearing: For Plaintiff ( People ): Kaye Meier, City Attorney's Office.

For Defendant : No Counsel - Defendant John Cobb acting Pro Persona.

////

////

* * * PROCEEDINGS FOR 11 / 14 / 97 * * *

COURT:

Let's go on the record please. Record in the case of People versus Cobb. The Defendant's present, People are present, uhm, through Ms. Meier. The Jury is not present. And what's the status of the case at this point.

PROSECUTION:

Your Honor, the People have amended the complaint to charge violation of Penal Code Section Four-Fifteen Subsection Two, and its my understanding the Defendant is going to plead guilty to that charge and we have suggested terms for the sentence.

JUDGE:

I don't have an amended complaint here.

PROSECUTION:

Right here.

JUDGE:

Ok. When you, now an amended complaint substitutes for the original, an amendment to adds to it, so, there's no count number on here so what's this to be.

PROSECUTION:

We're substituting, this will substitute for the other charges.

JUDGE:

And this then would be count one ?

PROSECUTION:

Correct.

JUDGE:

Alright, is that, is everything Ms. Meier said correct as far as you're concerned Mr. Cobb ?

DEFENSE:

Yes Your Honor.

JUDGE:

Alright, you understand you have the right to go foreword with this trial. To cross examine the witnesses, and to argue the case to the Jury and present your own evidence if you wish to, and by entering this plea you'd be giving up those rights, you understand that ?

DEFENSE:

Yes Your Honor.

JUDGE:

And the plea of of Penal Code Four, the plea to Penal Code Four-Fifteen Subdivision Two is a plea to what we call disturbing the peace allegation, generally, by loud and unreasonable noise. You understand that's the nature of the offense you'd be pleading to.

DEFENSE:

Yes Your Honor.

JUDGE:

Alright, first of all I'll accept the amended complaint, and this will substitute for the original complaint, we'll file stamp it when I'm finished here. So the plea would then be to count one on the amended complaint which is Penal Code Four-Fifteen Subdivision Two. How do you plead to that charge Mr. Cobb ?

DEFENSE:

I plead guilty.

COURT:

All right, is there, ok, I don't need a motion cause this is substituted for the original complaint, so there are no other counts to dismiss.

What is the People's recommendation as to the senience. Was there any agreement on that ?

PROSECUTION:

Yes your honor there is. The People suggest sentence is ISS three, violate no laws, a psych. evaluation through probation and counseling, and upon completion of counseling, the People have agreed to reduce the misdemeanor to an infraction, when Mr. Cobb shows proof that he'd complete counseling.

COURT:

Ok, let me get this down, now, three years probation, violate no laws, psych. evaluation, well, does that mean I'm gonna be requesting a post-judgement report.

PROSECUTION:

Yes.

COURT:

Now, we can sentence, and then request a post-sentence psychological evaluation. I'm not sure if Probation will do that.

COURT CLERK:

I don't think they do it that way.

COURT:

Yeah, I don't think they'll ...

////

* * * TAPE STOPS, THEN STARTS ( ? ) * * *

////

COURT:

Psych. evaluation, what were the other terms ?

Nineteenth at Nine O'clock.

PROSECUTION:

That would be fine.

COURT:

Nine O'clock on December Nineteenth, Nineteen-Ninety-Seven. Defendant is ordered to report to the Probation Department and to appear to sentencing on that date. You'll get the paper work Mr. Cobb and.

DEFENSE:

Ok.

COURT:

You make sure you do what's, I assume the address will be on the paper work right ?

CLERK:

Yes.

COURT:

So you'll have to wait for that.

DEFENSE:

Ok.

COURT:

Alright, is there anything further with regard to the plea, alright let's get the jury in then.

BAILIFF:

Yes your honor.

////

( TAPE CONTINUES - JURY LET IN )

////

BAILIFF: Be seated, this Court is again in session.

COURT: Alright, in the case of People versus Cobb, the Court finds the Defendant present, and City Attorney is present, Miss Meier, and all Jurors are present. I know I'm gonna be remembered as the

Judge that always kept you waiting, but, again accept my apologies, and there was a good reason for it this time. And the reason in this case was that we have resolved this case by a plea. And so I'm going to be discharging you in a moment, and, sorry to disappoint you, I know you came all ready to go to work.

Let me just say though that, most people think of the highest and best use of Juries as being to decide cases. And that's generally what Juries are used for. But there's also another benefit that's not spoken of very often, and I've seen this happen in a number of cases. And that is that, sometimes, through all of the pre-trial proceedings from arraignment forward, the parties do not necessarily think about all aspects of the litigation. And sometimes its only when those twelve or fourteen people are sitting there, ready to decide the case that the parties then talk about the possibility of resolution. And that's a very good use of the Jury as well, because it meant that the presence of fourteen members of the community, ready, willing and able, to decide the case if called upon to do so, caused the parties to rethink their positions, and come to a reasonable disposition. And that's what happened in this case, and its not unusual, its happened in a number of other cases.

So, although I'm sure its somewhat frustrating not to get to hear the evidence, I don't want you leave here thinking as though your duty here was a waste of time. Because on the contrary, you actually ended up saving the taxpayers a lot of money, my being here ready, willing and able to serve.

So, I want to thank you for that, and, of course that means you'll no longer need your note books. So you can leave them here. If you've already written something on them the Bailiff will take care of discarding them, were not going to send any of them to the Union Tribune, so, you don't have to worry about that.

So, I want to thank you first of all for waiting and for your continued patience. I want to thank you for being willing to serve and you have served. And I want to express my appreciation to all of you. I can't tell you what's gonna to happen today. I assume for most of you, this is your fifth day, you all started on, well, actually, Tuesday, was a holiday. Did you, most of you started on Monday ? Ok. I don't know what the Jury Commissioner tells Jurors in cases where there's a holiday during the week. I can't believe they'd ask you to come back on Monday. But that's between you and the Jury Lounge. So, all I can ask you to do at this point is report back down there, and they'll tell you what to do. So the Jury is hereby discharged. Leave your notebooks, take your personal belongings with you, and thank you again.

////

( JURY LEAVES COURT ROOM )

////

COURT: Alright, I believe we've done everything we need to on the plea. Can either side think of anything else that needs to be done ?

PROSECUTION ( MEIER ): No Your Honor.

COURT: Alright, then we'll be in recess. Good luck Mister Cobb, and we'll see you on the sentencing date.

DEFENSE ( MR. COBB ): Ok, thank.

////

* * * TAPE ENDS * * *

////
////
////
////
////
////
////
////
////
////
////
////
////
////
////
////
////
////
////

Exhibit No. 22

San Diego Municipal Court: California. December 19, 1997.

Department M-9, Presiding : Judge Howard H. Shore.

Case No. M - 743277. People vs. John H. Cobb.

Tape 1/1. Judge Shore, M - 9. 12/19/97 - December 19, 1997.

Jury not present.

Defendant present, acting as attorney pro per.

Mr. Tom Nickel acting for the Prosecution.

Jennifer Collins acting as Madam Probation Officer.

////

////

* * * START OF TAPE * * *

COURT: In the case of People versus ? Those recommendations Mr. Nickel.

NICKEL: Your Honor I would just say that the the City Attorney's position is those recommendations are very reasonable. The recent outbreak I think on the Fifth of unpredictable behavior by Mr. Cobb has made necessary those recommendations Your Honor, and for the safety of the Public and also to get this done in an, uhm expeditious manner, I think that's the Court's only choice is to follow those recommendations Your Honor.

COURT: Just one moment and I'll hear from you Mr. Cobb, I'm reviewing something.

DEFENDANT ( MR. COBB ): Yeah, there's, a bunch of technical uhm errors about the probation report. On the first one is on seven twenty-four ninety-seven, uhm, it says uhm, oh, uhm, no on page three it says the charge P C two-four-two two-four-three a, it say uh, I pushed a female against a glass window with sufficient strength to cause her to bounce off the window and hit a cement post prior to falling to the ground. That's not what happened. I just pushed her to the side and then she went against the glass window, and I didn't push her really hard, I pushed her, I'd say softly or moderately, average, and there was, she didn't bounce off the window she like just went against the plate glass window and sat down, and she didn't bounce off the window, and she didn't hit a post, there wasn't any cement post there at all, so that's completely wrong, and then the bottom.

COURT: Well, Mr. Cobb, let me just make a comment, you don't really have to address those issues now because we're not doing the sentencing at this time, and you will have the opportunity to tell me what you

feel is wrong in the report. But what I need to do is make a decision on the recommendation, uhm, that the sentencing be continued for you to have an evaluation and that you to be remanded to custody pending the next sentencing date, those are really the issues I'm focussing on now.

DEFENSE ( MR. COBB ): What would determine whether or not I get custody ?

COURT: Well, the probation department feels that, based on your past behavior, you've shown some instability, and that, uhm, the only way to ensure your attendance at the psychiatric evaluation is to have you in custody until the next sentencing date.

DEFENSE ( MR. COBB ): Well.

COURT: Do you have anything to add to that recommendation, Madam Probation Officer ?

DEFENSE ( MR. COBB ): Yeah, I've already.

COURT: No hold on, let me ask the probation officer.

MADAM PROBATION OFFICER: I'm just concerned, our concern at the public depart, the probation department, was the behavior that happened on the day of the interview. Of the incident with the Marshal. That's where the concern was, is he a risk to our community, and that's where our main concern is right now.

COURT: See, the problem Mr. Cobb is that, you've engaged in a lot of confrontational behavior, and everyone's concerned that were gonna have problems if you're not, where you can be controlled. And so that's really the issue I need to address. So you can talk to me about that if you'd like.

DEFENSE: Uhm,

COURT: It seems like you argue with everyone you come into contact with.

DEFENSE ( MR. COBB ): Well, no I don't, I get a lot of harassment from people in this City and I've gotten it for a long time. So I don't see why I'm supposed to be victimized all of the time.

COURT: What was your problem with the Marshall ?

DEFENSE ( MR. COBB ): Uhm, he told me to, uhm, I walked through the gate and it didn't beep. And he told me, when I go in this building, and then there's the building next door, when I go through this building, and if it doesn't beep they don't ask to search me, and so, I walked through the metal detector or whatever it is, on the building, and it didn't beep and then they asked to search me, so I said well I don't think that I have to be searched, I think you're discriminating against me because you're making me.

COURT: You know we do, we even do that to Jurors. I mean, we don't there's no discrimination there.

Everyone, if it beeps, everyone has to be searched.

DEFENSE ( MR. COBB ): Well, it didn't beep, that's what I said it didn't beep. And he said he wanted to search me, so I said well, usually if it doesn't beep I don't get searched, people don't get searched. So I wanted to know why he was searching me.

COURT: Ok.

DEFENSE ( MR. COBB ): And so, and I bumped into the attorney on accident, and I didn't go running up the stairs. So then they let me go, from the police officers at the, you know, the walk through place, the beep place, and then when I was walking past the elevators I bumped into an attorney.

COURT: Was it an attorney you knew ?

DEFENSE ( MR. COBB ): Well they said it was an attorney, I didn't know it was an attorney. That's why I knew.

COURT: But you didn't know who that person was ?

DEFENSE ( Mr. COBB ): I didn't know who it was.

COURT: Do we know who the attorney was ?

MR. NICKEL: No I don't Your Honor.

DEFENSE ( MR. COBB ): Well I don't know that it was an attorney. That's what one of the people, the police officers said they knew. And then when I was going up the stairs, it says here that I, uhm, uhm, he ran in, uhm, it says, uhm, he took off running up the escalators. So I wasn't running up the escalators. I just walked up the escalators.

COURT: Ok. Anything else you want to say ?

DEFENSE ( MR. COBB ): No.

COURT: Alright.

MR. NICKEL: Could I be heard briefly Your Honor ?

COURT: Yes, certainly.

MR. NICKEL: I concur with probation Your Honor, that the public safety has to be paramount, and obviously that's in our California Constitution, Article One, Section Twenty-Eight, that, in criminal matters public safety has to be the chief concern. Protection of the public. And, and the history of, of unpredictable behaviors is very worrisome to us as well, and we, we concur with probation.

COURT: Alright. Well, uhm, I don't take a request to remand somebody to custody lightly obviously, its a deprivation of liberty but, the prior cases from Ninteen-Ninety-One through the present, uhm, certainly, indicate a pattern of unprovoked violence, and, uhm, I think that probation also does not take those requests lightly. I give great deference to probation department evaluations. I, I do feel in order for me, as I recall, this plea was taken after the Jury was sworn and I pre-instructed the Jury. And we were ready to proceed with the trail. And I don't believe Mr. Nickel that you were the trail deputy, uhm, I think it was Miss.

NICKEL: Meier.

COURT: Was it Kay Meier ?

NICKEL: Yes, It was Ms. Meier I believe.

COURT: And we were ready to go foreword with the Jury Trail, and the Defense decided to change plea, I think for me to properly evaluate what to do in a case like this, which is bizarre to say the least, I do need a psychiatric evaluation. It's in everyone's best interest if I minimize the possibility for aberrant behavior between now and the sentencing date. Cause that can only hurt the defendant. So, uhm, are you gonna set up the Psychiatric evaluation date ?

MADAM PROBATION OFFICER: It has been set up for the Twenty-Second, which is ?

COURT: Alright, the Defendant is ordered to appear at the psychiatric evaluation on December the Thirty-Second at, what time ?

MADAM PROBATION OFFICER: Nine, Eight a.m.

COURT: Eight a.m. in the, where the forensic mental health unit in this building?

MADAM PROBATION OFFICER: Correct.

DEFENSE ( MR. COBB ): Is it in this building or the next building ?

MADAM PROBATION OFFICER: This one.

DEFENSEE ( MR. COBB ): Ok, downstairs.

COURT: And, and your asking for a sentencing date four weeks from now ?

MADAM PROBATION OFFICER: Correct.

COURT: Today is the Nineteenth, one, two, three, four, well were pretty loaded down on January Sixteenth, uhm, how about the Fifteenth, is that alright. Probation hearing and sentencing at Nine a.m. on January the Fifteenth, Nineteen Ninety Eight. Defendant is remanded without bail pending

that sentencing.

DEFENSE ( MR. COBB ): What about my car ? What are you going to do with my car ? How long am I going to be in prison ?

BAILIFF: Your not going to be in prison. Your going to see the Doctor.

DEFENSE ( MR. COBB ): Ok.

* * * END OF TAPE * * *

////

////

////

////

////

////

////

////

////

////

////

////

////

////

////

////

////

////

////

////

////

////

////

Exhibit No. 23

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

☐ CENTRAL COURT, 220 W. BROADWAY, SAN DIEGO, CA 92101-3409
☐ NORTH COUNTY BRANCH, 325 S. MELROSE, VISTA, CA 92083-6627
☐ EAST COUNTY COURT, 250 E. MAIN, EL CAJON, CA 92020-3913
☐ SOUTH BAY COURT, 500 THIRD, CHULA VISTA, CA 91910-5694

COURT USE ONLY

JAN 1998 FILED CLERK MUNICIPAL COURT SAN DIEGO JUDICIAL DISTRICT

PEOPLE OF THE STATE OF CALIFORNIA — PLAINTIFF

VS

DEFENDANT

| | | |
|---|---|---|
| PROB A # | **ORDER GRANTING PROBATION (PC 1203)** | Case # |
| CII # | | DA # |
| BK # | | DEPT # |

Having been convicted of violating section(s) ______, IT IS ORDERED that the ☒ imposition of sentence be suspended/☐ sentence of ______ years/months in state prison be imposed and execution be suspended, for a period of 3 years, and the defendant be granted probation ☐ to the court/☒ under the supervision of the probation officer, ☐ to convert to probation to the court ______ on the following terms and conditions:

1. **COMMITMENT:** a. ☒ To the custody of the Sheriff for ____ day(s), with credit for ____ actual day(s) and 14 PC 4019 credits, for a total of ____ day(s) credit. Custody is stayed until ______.
   b. ☐ **COMMIT RECOMMENDATIONS:** 1. ☐ Adult Institutions 2. ☐ The Electronic Surveillance Program
      3. ☐ Probation Work Furlough. Defendant to report on ______ at ____am/pm to 551 S. 35th St., San Diego 92113.
      4. ☐ Women's Work Furlough. Defendant must report to Las Colinas on date set by SDSO & call Jail Counselor at 258-3253 within 72 hours.
   c. ☐ Custody is to be served consecutive to/concurrent with ______.

2. **PROBATION DEPARTMENT PUBLIC SERVICE PROGRAM (PSP)/VOLUNTEER WORK:**
   a. ☐ Work ______ day(s) in Public Service Program. Defendant is to call 560-3258 within 72 hours to enroll.
   b. ☐ Complete ______ hours of volunteer work at a nonprofit organization. Work is to be completed by ______, with proof of completion to the probation officer on or before ______.

3. **THE DEFENDANT SHALL PAY:**
   a. ☐ A fine of $______ including penalty assessment. b. ☒ Restitution fine of $______, per PC 1202.4(b).
   c. ☐ Restitution of $______ to: 1. ☐ Victim(s) per P.O.'s report plus interest of 10% annually on unsatisfied amount.
      2. ☐ Restitution fund if victim received assistance from state's Victims of Crime Program.
   d. ☐ Additional fine of $10.00 per PC 1202.5 for payment to ______ law enforcement agency.
   e. ☐ All fines and/or restitution are to be paid to Probation through Revenue & Recovery at combined rate of $______ per month. Payments are to start ☐ 60 days after release from custody/☐ on ______.
   f. ☒ Restitution is to be determined/modified by further court order if the victim reports a loss/further loss.
   g. ☒ Any restitution order shall become a judgment under PC 1203(j) if it is unpaid at the end of probation.

4. **UNDOCUMENTED DEFENDANT CONDITIONS:**
   a. ☐ An undocumented defendant shall not enter or be in the United States without proper documentation evidencing lawful presence.
   b. ☐ Formal probation to become probation to the court on verification that the undocumented defendant has been released to USINS for processing.

5. **WAIVER OF EXTRADITION:**
   ☒ Defendant waives extradition and agrees NOT to contest any such extradition to the State of California from any other state, government, country or jurisdiction. The waiver is in effect from today through the duration of probation, including periods of revocation.

6. **THE DEFENDANT SHALL:**
   a. ☒ Obey all laws. Minor traffic infractions will not affect probation status.
   b. ☒ Submit person, property, place of residence, vehicle, personal effects to search at any time with or without a warrant, and with or without reasonable cause, when required by probation officer or other law enforcement officer.
   c. ☒ Report to P.O. in a manner and at times as may be directed by that officer. ☒ Within 72 hours of release from custody.
   d. ☒ Report any change of address or employment to the probation officer and Revenue & Recovery within 72 hours.
   e. ☒ Seek and maintain full-time employment, schooling, or a full-time combination of the two.
   f. ☒ Follow such course of conduct as the probation officer may prescribe.
   g. ☐ Register per ☐ HS 11590 ☐ PC 290 ☐ PC 457.1
   h. ☒ Obtain the consent of the P.O. before leaving San Diego county OR written consent of the San Diego Superior Court before moving to another state. ☐ The defendant may travel to or reside in ______ ☐ pursuant to interstate compact.
   i. ☐ Maintain a checking/charge account or be in possession of checks/credit cards ONLY if issued pursuant to employment.
   j. ☒ Not possess a firearm.

Deft

| Cobb, John | CASE NUMBER: ...-78... PROBATION A# ...3... |
|---|---|

**CONDITIONS LISTED IN SUBSECTIONS 7, 8, 9, 10 AND 11 ARE NORMALLY IMPOSED IN CASES INVOLVING SPECIFIED OFFENSES, E.G., DRUGS, SEX, ETC., BUT MAY BE IMPOSED FOR OTHER OFFENSES IF REASONABLE AND LAWFUL.**

**7. DRUG AND ALCOHOL CONDITIONS:**

a. ☒ Attend and successfully complete a anger management counseling program, ☒ as/☐ if directed by the P.O. Authorize the counselor to provide progress reports to the probation officer when requested; all costs to be borne by defendant.
b. ☐ If a fine is imposed, it shall be increased per HS 11372.5 and 11372.7 to include a criminal lab analysis fee of $ ____________ and a drug program fee of $ ______________.
c. ☐ Complete a program of residential treatment ☐ as/☐ if directed by probation officer.
d. ☐ Submit to testing for the use of controlled substances/alcohol when required by the probation or law enforcement officer.
e. ☐ Attend meetings of Alcoholics/Narcotics Anonymous or similar organization as directed by the probation officer.
f. ☐ Complete the county AIDS Education Course per PC 1001.10; Call Provider at ______________ within 30 days of release from custody or issuance of order to enroll unless course is completed while defendant is in custody.
g. ☐ Pay a fee not exceeding $50 to AIDS Education provider in lieu of fine, for crimes described in PC 1463.23.
h. ☐ Not use or possess any controlled substance without a valid prescription.
i. ☐ Totally abstain from the use of alcohol.
j. ☐ Register/enroll in the SB38 Program within 30 days, and satisfactorily complete that program as directed by the probation officer. All costs are to be borne by the defendant.
k. ☐ Take antabuse (if physically able, as determined by a licensed physician) if directed by the P.O. and continue in the program until excused. If not physically able to take antabuse, submit a written statement from physician verifying inability to do so.
l. ☐ If arrested for drunk driving, submit to any chemical test of blood, breath, or urine to determine the blood alcohol content.
m. ☐ Surrender your driver's license forthwith to the court for forwarding to DMV per VC 13350-13351.
n. ☐ Not frequent places, except in the course of employment, where alcohol is the main item for sale.
o. ☐ Not drive unless licensed and insured as required by the State of California.

**8. GANG CONDITIONS:**

a. ☐ Have a photo ID card on your person at all times.
b. ☐ If contacted by law enforcement, provide true name, address, and date of birth. Report contact or arrest in writing to the probation officer within 7 days. Include the date of contact/arrest, charges, if any, and the name of the law enforcement agency.
c. ☐ Not appear in court or at the courthouse unless you are a party or witness in the proceedings.
d. ☐ Not associate with any known gang member or persons who are associated with the ______________________ gang.
e. ☐ Not visit or frequent any school grounds unless you are a student registered at the school.
f. ☐ Not knowingly be an occupant in a stolen vehicle.
g. ☐ Not own, transport, sell, possess any weapon, firearm, replica, ammunition, or any instrument used as a weapon.
h. ☐ Not associate with any persons who have firearms or weapons in their possession.
i. ☐ Not participate in activities/frequent places where firearms or weapons are used illegally or legally (hunting/target shooting).
j. ☐ Not be in possession of any beeper or paging device except in course of lawful employment.
k. ☐ Not be within two blocks of ______________________________ (an area of gang or criminal activity).
l. ☐ Not wear, display, use, or possess any insignias, emblems, badges, buttons, caps, hats, jackets, shoes, flags, scarves, bandanas, shirts, or other articles of clothing which are evidence of affiliation with or membership in the ____________________ gang.
m. ☐ Not display any gang signs or gestures.
n. ☐ Comply with a curfew if so directed by the probation officer.

**9. FURTHER CONDITIONS:**

a. ☒ that he takes medication if ... as prescribed by
b. ☐ physician
c. ☒ That he participate in ...
d. ☐ ...
e. ☐ ...
f. ☐ ...
g. ☐ ______________________________

| | |
|---|---|
| | CASE NUMBER:<br>PROBATION A# |

**10. VIOLENCE AND SEX CONDITIONS:**

a. ☐ Submit to DNA Testing: 1. ☐ By SDSO/Adult Institutions, prior to release, per PC 290.2;
2. ☐ By San Diego County Health at 1700 Pacific Highway within 14 days of release.
3. ☐ Provide proof of testing to probation officer.

b. ☐ Submit to service and comply with any order of the family court, including restraining orders.

c. ☐ Comply with a curfew if so directed by the probation officer.

d. ☐ Do not use force, threats, or violence on another person.

e. ☐ Do not contact ______________ except per family court orders regarding visitation and/or custody of children.

f. ☐ Make $ ______________ payment to the domestic violence special fund per PC 1203.097(e).

g. ☐ Successfully complete a probation officer approved batterer's program at least one year in duration, involving weekly two-hour sessions. Show proof of enrollment to probation officer by ______________.

h. ☐ Perform __________ hours of community service as directed by the probation officer.

i. ☐ Submit to AIDS Testing per PC 1202.1: 1. ☐ By SDSO/Adult Institutions, prior to release;
2. ☐ By San Diego County Health at ______________.

j. ☐ Pay an additional fine of $__________ per PC 290.3 to Probation through Revenue & Recovery at $__________ per month beginning ☐ today/☐ 30 days after release from custody.

k. ☐ Obey all orders of Juvenile and Family courts.

l. ☐ Be responsible for all therapy expenses incurred by the victim.

m. ☐ Defendant's residence and employment are subject to approval by the probation officer.

n. ☐ Undergo periodic polygraph examinations at defendant's expense, at the direction of the probation officer.

o. ☐ Not contact, annoy, or molest ______________.

p. ☐ Not associate with minors, nor frequent places where minors congregate, unless with an adult approved by the probation officer.

q. ☐ Not reside with the victim unless approved by therapist, victim's therapist, victim's non-offending parent or guardian, and P.O.

r. ☐ Not contact the victim unless approved by therapist, victim's therapist, victim's non-offending parent or guardian, and P.O.

s. ☐ Not purchase or possess a camera or related photographic equipment, nor possess or have in residence any toys, video games, or similar items.

t. ☐ Not possess any pornographic material, nor frequent areas of pornographic activity (e.g., X-rated bookstores, etc.).

**11. FURTHER CONDITIONS:**

a. ☐ ______________

b. ☐ ______________

c. ☐ ______________

d. ☐ ______________

e. ☐ ______________

f. ☐ ______________

g. ☐ ______________

| | |
|---|---|
| John | CASE NUMBER: 193277 |
| | PROBATION A#: 723 |

**12. ORDERED TO PAY:** 463

a. ☐ Probation costs: $ ~~[illegible]~~ for presentence investigation and $ ______ per month for supervision to the Probation Office through Revenue & Recovery at a combined rate of $ ______ per month beginning ______

b. ☐ Appointed attorney fees in the amount of $______. Name of attorney: ______

c. ☐ Costs of transcripts on any subsequent appeals.

**13. REFERRAL TO DEPARTMENT OF REVENUE AND RECOVERY:**

Defendant's Address: Mt. Alberta Way [illegible]

Phone Number: 77-3026 DOB: 5/16/60

☒ You are ordered to report to the Department of Revenue and Recovery at:

| | | |
|---|---|---|
| ☒ Downtown Courthouse<br>Room M-060 (Mezzanine)<br>220 W. Broadway<br>San Diego, CA | ☐ Central Office<br>Second Floor<br>625 Broadway<br>San Diego, CA | ☐ North County<br>Room C-65<br>325 S. Melrose<br>Vista, CA |

☐ Further Payment Conditions: ______

If it is determined by the Department of Revenue and Recovery that you have the present ability to repay the county for court appointed attorney fees, or the costs of transcripts on appeal, and you do not agree with such determination, you have the right to a hearing before the court to determine your present ability. Failure to report to the Department of Revenue and Recovery will be deemed a waiver of your right to a hearing on your present ability to repay the county, and a civil judgment will be entered against you for the amount of funds expended for the above services. Failure to pay a fine or restitution may result in a warrant being issued for your arrest. Execution may be issued on the order for costs of probation investigation/report, the costs of probation supervision, and the costs of transcripts on appeals, in the same manner as a judgment in a civil action (PC 1203.1b). Each of the above ordered amounts are to be paid to the Department of Revenue and Recovery.

In open court: JAN 15 1998 — HOWARD H. SHORE, Judge of the Superior Court

**CLERK'S CERTIFICATE**

SUPERIOR COURT ★ SAN DIEGO COUNTY, CA ★

The foregoing is a full, true and correct copy of the original on file in this office.

D. KENT PEDERSEN
KENNETH E. MARTONE
CLERK OF THE SUPERIOR COURT

Date: JAN 15 1998 By ______, Deputy

SUPCT CR-21C(Rev. 10-96)
Distribution: Orig. File; 2 copies, Probation; R&R (D-60)

**ORDER GRANTING PROBATION PAGE ____ OF ____**

NOTE: This order is incomplete unless SUPCT CR-21 and CR-21A or CR-21B are attached

Exhibit No. 24

24

**AUDITOR AND CONTROLLER / REVENUE AND RECOVERY**

**STATEMENT OF YOUR ACCOUNT**

ACCOUNT NUMBER: 209918976

STATEMENT DATE: 02/11/98

INDICATE ADDRESS OR NAME CORRECTION

MAKE PAYMENT PAYABLE TO: REVENUE & RECOVERY

PAY THIS AMOUNT: 239.00

PAYMENT MUST BE RECEIVED BY: 02/21/98

AMOUNT ENCLOSED:

MAIL WITH PAYMENT TO:

SAN DIEGO COUNTY
AUDITOR AND CONTROLLER
OFFICE OF REVENUE AND RECOVERY
POST OFFICE BOX 6
SAN DIEGO, CALIFORNIA 92112

JOHN HAROLD COBB
3956 MT ALBERTINE WY
SAN DIEGO, CA 92111-0000

300020991897600239000002099189760023900 2 dH

---

*PLEASE DETACH AND RETURN UPPER PORTION OF YOUR STATEMENT FOR PROMPT ACCOUNT CREDIT*

*NOTE: PAYMENTS RECEIVED AFTER THE STATEMENT DATE WILL BE REFLECTED ON NEXT MONTHS STATEMENT.* PAGE 1

| ACCOUNT NUMBER | NAME ON THE ACCOUNT |
|---|---|
| 209918976 | COBB, JOHN HAROLD |

| STATEMENT DATE | TOTAL AMOUNT OWED | PAST DUE AMOUNT | CURRENT AMOUNT DUE | PAY THIS AMOUNT | PAYMENT MUST BE RECEIVED BY |
|---|---|---|---|---|---|
| 02/11/98 | 239.00 | .00 | 239.00 | 239.00 | 02/21/98 |

| Transaction Date | Description | Charges | Credits | Balance |
|---|---|---|---|---|
| | **** MUNICIPAL COURT FINE-SOUTH BAY **** | | | .00 |
| | **** MUNICIPAL COURT FINE-SAN DIEGO **** | | | .00 |
| | **** MUNICIPAL COURT PROBATION FINE **** | | | 135.00 |
| | **** MUNICIPAL CRT RESTITUTION FINE **** | | | 104.00 |

FOR INFORMATION REGARDING
THIS ACCOUNT CALL:
OR INQUIRE IN PERSON AT: 619 515-6200
625 BROADWAY 2ND FLOOR
SAN DIEGO, CA 92101-5409

COUNTY OF SAN DIEGO
AUDITOR AND CONTROLLER
OFFICE OF REVENUE AND RECOVERY
P.O. BOX 1909
SAN DIEGO, CALIFORNIA 92112-1909

RETURN SERVICE REQUESTED

PRESORTED
FIRST CLASS

SAN DIEGO CA FEB 12'98

U.S.POSTAGE
0 29 5

PB METER
6843811

IMPORTANT! Do Not Misplace

1 . AUTO 92111

# AUDITOR AND CONTROLLER / REVENUE AND RECOVERY

## STATEMENT OF YOUR ACCOUNT

| ACCOUNT NUMBER | STATEMENT DATE |
|---|---|
| 209918976 | 02/11/05 |

INDICATE ADDRESS OR NAME CORRECTION

MAKE PAYMENT PAYABLE TO: REVENUE & RECOVERY

PAY THIS AMOUNT: 1976.17

PAYMENT MUST BE RECEIVED BY: 02/21/05

AMOUNT ENCLOSED:

MAIL WITH PAYMENT TO:

SAN DIEGO COUNTY
AUDITOR AND CONTROLLER
OFFICE OF REVENUE AND RECOVERY
POST OFFICE BOX 129037
SAN DIEGO, CALIFORNIA 92112

JOHN HAROLD COBB
3955 MOUNT ALBERTINE WAY
SAN DIEGO, CA 92111-3247

3000209918976019761700020991897601976178 HH

*PLEASE DETACH AND RETURN UPPER PORTION OF YOUR STATEMENT FOR PROMPT ACCOUNT CREDIT*

*NOTE: PAYMENTS RECEIVED AFTER THE STATEMENT DATE WILL BE REFLECTED ON NEXT MONTHS STATEMENT.* PAGE 1

| ACCOUNT NUMBER | NAME ON THE ACCOUNT |
|---|---|
| 209918976 | COBB, JOHN HAROLD |

| STATEMENT DATE | TOTAL AMOUNT OWED | PAST DUE AMOUNT | CURRENT AMOUNT DUE | PAY THIS AMOUNT | PAYMENT MUST BE RECEIVED BY |
|---|---|---|---|---|---|
| 02/11/05 | 2977.17 | 1951.17 | 25.00 | 1976.17 | 02/21/05 |

| Transaction Date | Description | Charges | Credits | Balance |
|---|---|---|---|---|
| | **** COST OF PROBATION SUPERVISION **** | | | |
| | **** PRE-SENTENCE INVESTIGATION FEE **** | | | 2376.00 |
| | **** MUNICIPAL COURT PROBATION FINE **** | | | 463.00 |
| | **** MUNICIPAL CRT RESTITUTION FINE **** | | | 34.17 |
| | | | | 104.00 |

FOR INFORMATION REGARDING
THIS ACCOUNT CALL:
OR INQUIRE IN PERSON AT: 619 515-6200
625 BROADWAY 2ND FLOOR
SAN DIEGO, CA 92101-5409

COUNTY OF SAN DIEGO
AUDITOR AND CONTROLLER
OFFICE OF REVENUE AND RECOVERY
P.O.BOX 121909
SAN DIEGO, CALIFORNIA 92112-1909

RETURN SERVICE REQUESTED

PRES
FIRST CLASS

FEB 1 '08
CA
U.S. POSTAGE
$ 0.30 1
PB METER
6779562

**IMPORTANT! Do Not Misplace**

LADPSMA 92111

# AUDITOR AND CONTROLLER / REVENUE AND RECOVERY

## STATEMENT OF YOUR ACCOUNT

ACCOUNT NUMBER: 209918976

STATEMENT DATE: 03/11/05

INDICATE ADDRESS OR NAME CORRECTION

MAKE PAYMENT PAYABLE TO: REVENUE & RECOVER

PAY THIS AMOUNT: 2001.17

PAYMENT MUST BE RECEIVED BY: 03/21/05

AMOUNT ENCLOSED

MAIL WITH PAYMENT TO:

SAN DIEGO COUNTY
AUDITOR AND CONTROLLER
OFFICE OF REVENUE AND RECOVERY
POST OFFICE BOX 129037
SAN DIEGO, CALIFORNIA 92112

JOHN HAROLD COBB
3955 MOUNT ALBERTINE WAY
SAN DIEGO, CA 92111-3247

300020991897602001170002099189760200117 1 HH

---

*PLEASE DETACH AND RETURN UPPER PORTION OF YOUR STATEMENT FOR PROMPT ACCOUNT CREDIT*

*NOTE: PAYMENTS RECEIVED AFTER THE STATEMENT DATE WILL BE REFLECTED ON NEXT MONTHS STATEMENT.* PAGE

| ACCOUNT NUMBER | NAME ON THE ACCOUNT |
|---|---|
| 209918976 | COBB, JOHN HAROLD |

| STATEMENT DATE | TOTAL AMOUNT OWED | PAST DUE AMOUNT | CURRENT AMOUNT DUE | PAY THIS AMOUNT | PAYMENT MUST BE RECEIVED BY |
|---|---|---|---|---|---|
| 03/11/05 | 2977.17 | 1976.17 | 25.00 | 2001.17 | 03/21/05 |

| Transaction Date | Description | Charges | Credits | Balance |
|---|---|---|---|---|
| | **** COST OF PROBATION SUPERVISION **** | | | 2376.0 |
| | **** PRE-SENTENCE INVESTIGATION FEE **** | | | 463.0 |
| | **** MUNICIPAL COURT PROBATION FINE **** | | | 34.1 |
| | **** MUNICIPAL CRT RESTITUTION FINE **** | | | 104.0 |

FOR INFORMATION REGARDING
THIS ACCOUNT CALL:
OR INQUIRE IN PERSON AT: 619 515-6200
625 BROADWAY 2ND FLOOR
SAN DIEGO, CA 92101-5409

**COUNTY OF SAN DIEGO**
AUDITOR AND CONTROLLER
OFFICE OF REVENUE AND RECOVERY
P.O.BOX 121909
SAN DIEGO, CALIFORNIA 92112-1909

RETURN SERVICE REQUESTED

PRESORTED

SAN DIEGO MAR 14 '06

U.S. POSTAGE $0.30

# IMPORTANT! Do Not Misplace

AADPSMA 92111

**AUDITOR AND CONTROLLER / REVENUE AND RECOVERY**

**STATEMENT OF YOUR ACCOUNT**

ACCOUNT NUMBER: 209918976

04/11/05
STATEMENT DATE

MAKE PAYMENT PAYABLE TO ◆ REVENUE & RECOVER

PAY THIS AMOUNT ◆ 34.17

PAYMENT MUST BE RECEIVED BY: 04/21/05

AMOUNT ENCLOSED

INDICATE ADDRESS OR NAME CORRECTION

MAIL WITH PAYMENT TO:

JOHN HAROLD COBB
3955 MOUNT ALBERTINE WAY
SAN DIEGO, CA 92111-3247

SAN DIEGO COUNTY
AUDITOR AND CONTROLLER
OFFICE OF REVENUE AND RECOVERY
POST OFFICE BOX 129037
SAN DIEGO, CALIFORNIA 92112

30002099189760003417000209918976000341 79 HH

---

*PLEASE DETACH AND RETURN UPPER PORTION OF YOUR STATEMENT FOR PROMPT ACCOUNT CREDIT*

*NOTE: PAYMENTS RECEIVED AFTER THE STATEMENT DATE WILL BE REFLECTED ON NEXT MONTHS STATEMENT.* PAGE

| ACCOUNT NUMBER | NAME ON THE ACCOUNT |
|---|---|
| 209918976 | COBB, JOHN HAROLD |

| STATEMENT DATE | TOTAL AMOUNT OWED | PAST DUE AMOUNT | CURRENT AMOUNT DUE | PAY THIS AMOUNT | PAYMENT MUST BE RECEIVED BY |
|---|---|---|---|---|---|
| 04/11/05 | 34.17 | 34.17 | .00 | 34.17 | 04/21/05 |

| Transaction Date | Description | Charges | Credits | Balance |
|---|---|---|---|---|
| | **** MUNICIPAL COURT PROBATION FINE **** | | | |
| | | | | 34.17 |

FOR INFORMATION REGARDING
THIS ACCOUNT CALL:
OR INQUIRE IN PERSON AT: 619 515-6200
625 BROADWAY 2ND FLOOR
SAN DIEGO, CA 92101-5409

**COUNTY OF SAN DIEGO**
AUDITOR AND CONTROLLER
OFFICE OF REVENUE AND RECOVERY
P.O.BOX 121909
SAN DIEGO, CALIFORNIA 92112-1909

U.S. POSTAGE
SAN DIEGO APR 12 '05

RETURN SERVICE REQUESTED

# IMPORTANT! Do Not Misplace

EADPSMA 92111

TRACY M. SANDOVAL
ASST. CHIEF FINANCIAL OFFICER/
AUDITOR & CONTROLLER

GARY L. COLBERT, CGFM CFE
REVENUE AND RECOVERY
DIRECTOR

# County of San Diego

AUDITOR AND CONTROLLER
OFFICE OF REVENUE AND RECOVERY
POST OFFICE BOX 121909, SAN DIEGO, CA 92112-1909

CENTRAL OFFICE
625 BROADWAY
SAN DIEGO, CA 92101-5409
(619) 515-6200

NORTH COUNTY OFFICE
325 S. MELROSE,
SUITE 2000
VISTA, CA 92081-6689
(760) 806-6398

COURTHOUSE OFFICE
222 WEST C, RM M060
SAN DIEGO CA 92101-3814
(619) 531-4066

EAST COUNTY OFFICE
250 E. MAIN ST.
EL CAJON, CA 92020-3990
(619) 441-4607

JOHN COBB
3956 MOUNT ALBERTINE WAY
SAN DIEGO, CA 92111-3247

| | |
|---|---|
| **Date:** | April 14, 2005 |
| **R&R Acct No:** | 209918976 |
| **Balance:** | $34.17 |

**Please refer to the item(s) checked below:**

__X__ 1. Our records indicate that your account is delinquent. Please remit payment in the amount of $34.17 within ten (10) days from the date of this notice.

__X__ 2. Please contact the undersigned officer to arrange for a suitable payment plan.

_____ 3. You are required to complete the enclosed financial statement. Return the form to this office within ten (10) days. You may be required to verify the information submitted.

_____ 4. Numerous attempts to reach you by telephone have been unsuccessful. Please provide this office with a daytime telephone number where you may be reached: ______________________

_____ 5. Our records indicate that your promissory note has not been returned to our office as proof of your acceptance regarding the negotiated payment plan. Please mail this document to us as soon as possible.

_____ 6. You failed to appear for your appointment that was scheduled on. ______________ Please contact the undersigned officer to reschedule a meeting date to discuss your account.

_____ 7. Please send a photocopy of your SSI award letter and/or expense receipt(s) and pay stub for a further review regarding your claim.

__X__ 8. Other: TO AVOID FURTHER COLLECTIONS CALL 619-441-3400 WITHIN 5 DAYS.

Yours truly,

Gary L. Colbert, Director
Office of Revenue and Recovery

By: Ms C. Hazard
Revenue and Recovery Officer
619)441-3400

**TO PAY BY PHONE WITH MASTERCARD, VISA, DISCOVER, OR CHECK, PLEASE CALL THE ASSIGNED OFFICER**

Office of Revenue and Recovery
ORR
Auditor and Controller
County of San Diego

BR: 400 - Main Office
0510904-2 04/19/2005 WS04 T9
Tue Apr19,2005 11:37AM Trans#9-9

Trans#: 0009
Trans Type: DEB - Debtor
Debtor Number: 209918976
Paid By: COBB, JOHN HAROLD
Name: COBB, JOHN H
Total: 34.17
From: Walk in
- - - - - - - - - - - - - - - - - -

1 ITEM(S): TOTAL: $34.17
Money Order PAID $34.17
Thank you

COUNTY OF SAN DIEGO
AUDITOR AND CONTROLLER
OFFICE OF REVENUE AND RECOVERY
P.O.BOX 121909
SAN DIEGO, CALIFORNIA 92112-1909

RETURN SERVICE REQUESTED

**Return Service Requested**

HASLER
$0.30[1]
APR 15 2005
US POSTAGE
FIRST PRSRT AUTO
MAILED FROM 92123
011A0413002500

# IMPORTANT! Do Not Misplace

BADFSMA 92111

Exhibit No. 25

Fourth Criminal No.:
( SpCt. No. SC CA 137065 )
( MuCt. No. MC U 639190 )
////
////
////
////

COURT OF APPEAL OF THE STATE OF CALIFORNIA
FOURTH APPELLATE DISTRICT, DIVISION ONE
750 B STREET, SUITE 300, SAN DIEGO, CA

JOHN COBB,
Petitioner,
vs.
SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN DIEGO,
Respondent.

////

# PETITION FOR WRIT OF MANDAMUS TO CERTIFY ( TRANSFER ) CASE UP TO COURT OF APPEAL; ( DIRECT LOWER COURT TO CERTIFY CASE UP TO THE COURT OF APPEAL )

( Judge who denied Motion to Recall Remittitur and File Appeal; Christine Pate )
( Judges of Superior Court; Knoepp P.J., Preckel J., Weber J. )

John Cobb - Petitioner, and
Appellant Pro Persona ( Pro Se. ).
3955 Mt. Albertine Way
San Diego, CA 92111.
( 619 ) 277-5670, ( Ans. Mach.).

# APPENDIX A

## DEFENDANT-PREPARED VERBATIM TRANSCRIPT OF TRIAL PROCEEDINGS

////

////

IN THE MUNICIPAL COURT OF THE NORTH COUNTY JUDICIAL DISTRICT

COUNTY OF SAN DIEGO, STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, | CASE NO. U 639190 |
| Plaintiff, | VERBATIM TRANSCRIPT AS PREPARED BY |
| vs. | JOHN COBB - DEFENDANT. |
| JOHN COBB, | |
| Defendant. | |

////

////

SAN MARCOS MUNICIPAL COURT : CALIFORNIA, THURSDAY, APRIL 30, 1998, 9:30 A.M.

DEPARTMENT SM-1, PRESIDING : COMMISSIONER BRANDENBURG

NO JURY

////

////

COUNSEL APPEARING:

FOR PLAINTIFF: NO COUNSEL. OCEANSIDE POLICE OFFICER JAMES WALL ACTING FOR PROSECUTION.

////

////

FOR DEFENDANT: NO COUNSEL. DEFENDANT JOHN COBB ACTING IN PRO PERSONA.

////

////

////

////

* * * START * * *

THE COURT: ALL RIGHT GENTLEMEN. GOOD MORNING TO YOU. WHY DON'T WE HAVE MR. JOHN COBB COME OVER HERE, AND WHAT DO WE HAVE IN TERMS OF OFFICERS?

MR. WALL : WALL SIR.

THE COURT: WHAT IS IT?

MR. WALL : WALL SIR.

THE COURT: WALL, OFFICER WALL FROM OCEANSIDE. WHY DON'T YOU COME OVER HERE. LET ME GET A PEN OUT. MAKE A CORRECTION HERE. WHAT TIME IS, OUR, 9:30?

BAILIFF : YES.

THE COURT: OK. VERY GOOD. NOW THIS IS AN ALLEGED ALLEGATION OF. HAS EVERYONE BEEN SWORN IN, AND GIVEN YOUR TRIAL RIGHTS?

MR. WALL : YES SIR.

MR. COBB : YES.

THE COURT: ALL RIGHT. THANK YOU. ALLEGED ALLEGATION OF VEHICLE CODE SECTION TWENTY-TWO ONE OH EIGHT. TURNING WITHOUT SIGNALING. OCCURRING ON TWO FIVE NINETY-EIGHT AT APPROXIMATELY TWENTY-TWO FORTY-FIVE IN THE EVENING. TELL US THE ALLEGATIONS IF YOU WILL SIR, SURROUNDING THE ISSUANCE OF THIS CITATION.

MR. WALL : YOUR HONOR, ON FEBRUARY FIFTH, NINETEEN NINETY-EIGHT, AT APPROXIMATELY TEN FORTY-FIVE P M, I WAS IN MY UNIFORM, MARKED POLICE CAR, AND I WAS TRAVELING WEST BOUND ON MISSION AVENUE IN THE NUMBER ONE LANE. IN APPROXIMATELY THE ONE THOUSAND BLOCK, CORRECTION, ELEVEN-HUNDRED BLOCK OF MISSION AVENUE. MY ATTENTION WAS BROUGHT TO A NINETEEN EIGHTY-SEVEN CHRYSLER FIFTH AVENUE, FOUR DOOR, SILVER IN COLOR, THAT WAS TRAVELING THE SAME DIRECTION AS I, EXCEPT FOR IT, THE VEHICLE WAS IN THE NUMBER TWO LANE. MY ATTENTION WAS OBSERVED BY THE VEHICLE NOT TURNING INTO THE NUMBER ONE LANE WITHOUT USING A SIGNAL. AND THEN PROCEEDING IN NUMBER ONE LANE, WEST BOUND MISSION AVENUE. AND THEN TURN INTO THE LEFT TURN POCKET OF MISSION AVENUE AND HORNE, WHERE THERE IS A CONTROLLED INTERSECTION

THERE SIR.

I, THE, INITIAL VIOLATION I OBSERVED THE SUBJECT, WHO LATER WAS IDENTIFIED AS JOHN HAROLD COBB, BY HIS CALIFORNIA DRIVER'S LICENSE. I INITIALLY OBSERVED HIS FIRST VIOLATION WITHOUT USING A SIGNAL APPROXIMATELY ONE HUNDRED TWENTY FEET FROM THE LEFT TURN POCKET OF SOUTH BOUND HORNE SIR. I WAITED FOR THE LIGHT TO TURN GREEN, FOR SOUTH BOUND HORNE, AND I INITIATED A TRAFFIC STOP. I APPROACHED THE DRIVER WHO IDENTIFIED HIMSELF AS JOHN COBB WITH A DRIVER'S LICENSE. AND I ADVISED HIM OF THE REASON WHY I STOPPED HIM.

MR. COBB STATED THAT HE DIDN'T BELIEVE THAT HE NEEDED TO USE HIS TURN SIGNAL WHILE HE WAS IN THE TURN LANE. AND, I ADVISED HIM THAT NOT ONLY DID HE NEED A TURN SIGNAL IN THAT LANE, BUT ALSO TURNING INTO THE NUMBER ONE LANE FROM THE NUMBER TWO LANE PRIOR TO THE INTERSECTION. I TOOK HIS DRIVER'S LICENSE AND REGISTRATION AND WENT BACK TO MY VEHICLE AND GAVE HIM, ISSUED HIM A CITATION.

THE COURT: AND THIS GENTLEMAN YOU ISSUED THE CITATION TO, IS HE IN COURT TODAY?

MR. WALL : YES HE IS SIR.

THE COURT: AND HOW DID YOU IDENTIFY HIM INITIALLY SIR?

MR. WALL : WITH A CALIFORNIA DRIVER'S LICENSE.

THE COURT: AND DID THE PICTURE AND THE SIGNATURE MATCH ON THAT LICENSE?

MR. WALL : IT DID SIR.

THE COURT: ALL RIGHT. THANK YOU VERY MUCH OFFICER. MR. COBB, DO YOU HAVE ANY QUESTIONS BY WAY OF CROSS-EXAMINATION OF THE OFFICER.

MR. COBB : YES YOUR HONOR, I DO.

OK, I WOULD LIKE TO SAY, ASK OFFICER WALL HOW LONG HAVE YOU BEEN A POLICE OFFICER IN CALIFORNIA?

MR. WALL : I'VE BEEN A POLICE OFFICER FOR OVER SIX YEARS, SIR.

MR. COBB : HOW LONG HAVE YOU BEEN WRITING, ...

HOW LONG HAVE YOU WORKED AT THE OCEANSIDE POLICE DEPARTMENT?

MR. WALL : OVER SIX YEARS.
MR. COBB : SO, ITS LIKE BETWEEN SIX AND SEVEN YEARS?
MR. WALL : YES.
MR. COBB : HOW LONG HAVE YOU BEEN WRITING TRAFFIC CITATIONS?
MR. WALL : FOR OVER SIX YEARS.
MR. COBB : OK, SIX TO SEVEN YEARS. WOULD YOU SAY THAT YOU ARE FAMILIAR WITH THE CALIFORNIA VEHICLE CODE?
MR. WALL : YES. I AM.
MR. COBB : WOULD YOU SAY THAT YOU ARE FAMILIAR ENOUGH WITH CALIFORNIA'S VEHICLE CODE TO BE A COMPETENT, TO BE COMPETENT AT YOUR JOB?
MR. WALL : YES, I WOULD.
MR. COBB : OK. COULD I SHOW YOU THE WRITING OF CALIFORNIA VEHICLE CODE, UH, TWENTY-TWO. THE TICKET THAT YOU WROTE ME, IS THIS THE TICKET THAT YOU WROTE ME, MY COPY OF IT?
MR. WALL : YES IT IS.
MR. COBB : CAN I SHOW THAT TO THE JUDGE?
MR. WALL : SURE.
THE COURT: JUST HAND IT TO THE BAILIFF IF YOU WOULD SIR, THANK YOU VERY MUCH. I HAVE THE ORIGINAL SIR, OF THE SAME TICKET. IF THAT'S WHAT YOUR.
MR. COBB : WHEN YOU'RE ASKING QUESTIONS, ON THE TICKET, SO THE TICKET HAS, ITS PRINTED, AND PRINTED IT SAYS VIOLATIONS, CODE, SECTION, DESCRIPTION. SO UNDER CODE IT SAYS C V C AND SECTION, IT'S, TWENTY-TWO ONE OH EIGHT, IS THAT CORRECT?
THE COURT: YES SIR. ARE YOU QUESTIONING ME?
MR. COBB : OFFICER WALL.
THE COURT: OH HERE, WELL GIVE THIS BACK TO THE OFFICER. I'M SORRY. I JUST WANTED TO SEE WHAT YOU HAD, MY MISTAKE.
MR. COBB : SO, THE CODE IS C V C?
MR. WALL : THAT'S CORRECT.

MR. COBB : AND THE SECTION IS TWENTY-TWO ONE OH EIGHT?
MR. WALL : YES IT IS.
MR. COBB : AND THE DESCRIPTION IS TURN WITHOUT SIGNAL?
MR. WALL : THAT'S ABBREVIATED SECTION, YES.
MR. COBB : OK. ARE YOU FAMILIAR WITH CALIFORNIA VEHICLE CODE TWO ONE SIX FIVE EIGHT, UNSAFE LANE CHANGES?
MR. WALL : I DON'T KNOW, I DON'T HAVE THE VEHICLE CODE IN FRONT OF ME, BUT I AM FAMILIAR WITH THAT WORDING.
MR. COBB : CAN I SHOW IT TO YOU? IS THAT TWENTY-ONE SIX FIVE EIGHT THERE? SO THAT SAYS WHEN EVER ANY ROADWAY HAS BEEN DIVIDED INTO TWO OR MORE CLEARLY MARKED LANES FOR TRAFFIC, IN ONE DIRECTION, THE FOLLOWING RULES APPLY, VEHICLE, A VEHICLE, PART A AND THERE'S PART B. CAN YOU UNDERSTAND THAT?
MR. WALL : YES. I DON'T UNDERSTAND THE QUESTIONING THOUGH, YOUR HONOR.
MR. COBB : SO IS IT TRUE THAT ON THE DATE OF FEBRUARY FIFTH, YOU DID NOT WRITE ME A TICKET FOR VIOLATION OF C V C, OR FOR C V C SECTION TWO ONE SIX FIVE EIGHT, ON FEBRUARY FIFTH?
MR. WALL : NO, I WRITED YOU, I WROTE YOU A SECTION FOR TWENTY-TWO ONE OH EIGHT. TURNING WITHOUT A SIGNAL, SIR.
MR. COBB : YES. OK. YES YOU, DIDN'T WRITE ME A TICKET. OK.
CAN I SHOW YOU, ... , SOME MORE.
CAN I SHOW YOU, UHM.
ARE YOU FAMILIAR WITH CALIFORNIA VEHICLE CODE TWENTY-TWO ONE OH SEVEN, WHICH IS, TWENTY-TWO ONE OH SEVEN, WHICH IS NO PERSON SHALL TURN A VEHICLE FROM A DIRECT COURSE OF ACTION?
MR. WALL : YES.
MR. COBB : IS THAT TWENTY-TWO ONE OH SEVEN?
MR. WALL : I DON'T KNOW WHERE YOU OBTAINED THIS COPY OF THIS, SO I DON'T KNOW IF IT'S AN OFFICIAL COPY OF THE CALIFORNIA VEHICLE CODE SECTION OR NOT.
THE COURT: QUESTION IS, ARE YOU FAMILIAR WITH TWENTY-TWO ONE OH SEVEN, YES OR NO?

MR. WALL : YES, I AM.

THE COURT: ALL RIGHT, THAT'S ALL.

MR. COBB : OK. SO ITS TRUE THAT, LIKE ON THE FEBRUARY FIFTH YOU DID NOT WRITE ME A TICKET FOR VIOLATION OF CALIFORNIA VEHICLE CODE TWENTY-TWO ONE OH SEVEN, IS THAT CORRECT?

MR. WALL : NO, I DID NOT.

MR. COBB : OK, SO YOUR HONOR I WOULD WANT TO MOVE FOR AN ACQUITTAL UNDER PENAL CODE ONE ONE ONE EIGHT. HE'S ESTABLISHED NO PRIMA FACIE CASE.

THE COURT: YOU'RE MAKING AN ELEVEN EIGHTEEN MOTION?

MR. COBB : YES.

THE COURT: YOUR MOTION IS DENIED. PLEASE CONTINUE.

MR. COBB : CAN I GIVE YOU COPIES OF CASES, LIKE, ...., MOTIONS, SO IF ITS BEEN DENIED, THERE'S NOTHING, LIKE IF I SHOW THE CASES THAT REFER TO IT, LIKE BELTON VERSUS, PEOPLE VERSUS BELTON, OR PEOPLE VERSUS MARTINEZ, IT WON'T MAKE ANY DIFFERENCE?

THE COURT: I'VE ALREADY DENIED THE MOTION. YOU CAN CONTINUE WITH YOUR CASE IN CHIEF.

MR. COBB : OK, WELL, I WOULD LIKE TO, THEN, JUST REST MY CASE.

THE COURT: YOU'RE NOT GOING TO PRESENT, YOU'RE NOT GOING TO TESTIFY, NUMBER ONE.

MR. COBB : NO, I'D LIKE TO REST MY CASE.

THE COURT: OK, AND YOU HAVE NO CLOSING ARGUMENTS, SO YOU WANT TO REST, ALL RIGHT.

MR. COBB : YES.

THE COURT: I FIND YOU GUILTY. THE BAIL IS ONE HUNDRED AND FIFTY DOLLARS. THANK YOU.

MR. COBB : OK.

MR. WALL : THANKS.

THE COURT: ALL RIGHT. THANK YOU GENTLEMEN. GOOD LUCK TO YOU.

* * * END * * *

////

////

////

I, JOHN COBB, DEFENDANT IN SAN MARCOS MUNICIPAL COURT CASE NUMBER U 639190, HELD ON THURSDAY, APRIL 30, 1998, BEFORE COMMISSIONER BRANDENBURG, DO HEREBY CERTIFY THAT THE FOREGOING TRANSCRIPT, CONSISTING OF PAGES NUMBERED 6 THROUGH 11, INCLUSIVE, IS A FULL, TRUE AND CORRECT RECORD OF THE ELECTRONICALLY RECORDED PROCEEDINGS OF ABOVE MENTIONED TRIAL.

////

Originally signed in the Proposed Settled Stmt.

DATED: AT SAN DIEGO, MAY 22, 1998. SIGNED: and accepted by the District Attorney .

JOHN COBB - DEFENDANT.

3955 MT. ALBERTINE WAY

SAN DIEGO, CALIFORNIA, U.S.A.

(619) 277-5670

////

////

////

////

////

////

////

////

////

////

////

////

////

////

////

////

////

////

THIS APPEAL CONSISTING OF PAGES NUMBERED 1 (ONE) TO 13 (THIRTEEN) IS HEREBY SIGNED AND SUBMITTED:

DATED: July 9, 1998. SIGNED: RESPECTFULLY SUBMITTED;

////

[signature]

JOHN COBB.

DEFENDANT AND APPELLANT IN PRO PER.

////

////

THE WITHIN ENGROSSED SETTLED STATEMENT ON APPEAL CONSISTING OF PAGES NUMBERED 1 (ONE) TO 13 (THIRTEEN) IS HEREBY CERTIFIED AS CORRECT:

////

DATED: ________________, 1998. SIGNED: ______________________________.

COMMISSIONER BRANDENBURG.

////

////

////

////

////

////

////

////

////

////

////

////

////

////

////

////

Exhibit No. 26

OFFICE OF
THE CITY ATTORNEY
CITY OF SAN DIEGO

Casey Gwinn
CITY ATTORNEY

LESLIE E. DEVANEY
ANITA M. NOONE
LESLIE J. GIRARD
SUSAN M. HEATH
GAEL B. STRACK
ASSISTANT CITY ATTORNEYS

CRIMINAL DIVISION
1200 THIRD AVENUE, SUITE 700
SAN DIEGO, CALIFORNIA 92101-4106
TELEPHONE (619) 533-5500
FAX (619) 533-5505

# NOTICE OF DISCLOSURE PURSUANT TO PENAL CODE 1054.1

**Date:** June 9, 1999
**Defendant:** John Cobb
**Counsel:** Pro Per
**Citation#:** S858492, S901613, FI-4431194

Pursuant to Penal Code section 1054.1, the People must disclose the following information:

(1) names and address of witness the prosecutor intends to call at trial,
(2) all defendant's statements,
(3) all relevant real evidence seized or obtained as part of the investigation of the offenses charged,
(4) felony convictions of any material witnesses,
(5) any exculpatory evidence, and
(6) relevant written or recorded statements of witnesses or reports of statements of witnesses the prosecutor intends to call at trial.

The attached discovery includes all discoverable information and materials that must be disclosed. Any person named in the attached police reports may be called as a prosecution witness. Any discovery requested and not provided is either not compelled pursuant to Penal Code section 1054.1 or not possessed by the Office of the City Attorney. Additional information or materials required to be disclosed pursuant to Penal Code section 1054.1 that become known to or come into the possession of the Office of the Attorney will be immediately disclosed.

Pursuant to 1054.2 we are precluded from disclosing the victim's address and telephone number to a defendant acting as his or her own attorney. If you wish to contact the victim you must do so through the court or contact our office.

Pursuant to Penal Code 832.7, peace officer personnel records are confidential and shall not be disclosed in any criminal proceeding except by discovery pursuant to Sections 1043 and 1046 of the Evidence Code.

The People object to Defendant's request for a list of all traffic citations issued by the citine police officer for the past one year period. This request is irrelevent, oberbroad, burdensome, without justification and would invade the privacy of other persons cited. Police reports on unrelated Vehicle Code section 27315(d) citations are not relvant to this case. In addition, this request exceeds the scope of Penal Code section 1054.

SAN DIEGO POLICE DEPARTMENT
**NOTICE TO APPEAR** FILE COPY **S 858492**

[X] TRAFFIC [ ] NON-TRAFFIC [ ] MISDEMEANOR

DATE 3/31/99 TIME 2:24 A.M. / P.M. DAY OF WEEK S M T W T F (S) CASE #

NAME (FIRST, MIDDLE, LAST) JOHN HAROLD ROBERT COBB

ADDRESS 3955 MT. ALBERTINE WY

CITY SD STATE CA ZIP 92111

DRIVER'S LICENSE NO. N0539830 STATE CA CLASS BIRTHDATE 09-10-59

SEX M HAIR BRN EYES BLU HEIGHT 6'2 WEIGHT 180 RACE W OTHER I.D.

VEHICLE LICENSE NO. STATE 3UWW548 CA

YEAR OF VEH. 87 MAKE CHEV MODEL PA BODY STYLE 4D COLOR GRY [ ] C.V. (V.C. 15210 c) [ ] H.M. (V.C. 27903)

REGISTERED OWNER OR LESSEE HAROLD COBB [X] SAME AS DRIVER

ADDRESS [ ] SAME AS DRIVER

EVIDENCE OF FINANCIAL RESPONSIBILITY FARMERS INS

ELIGIBLE FOR DISMISSAL (VC 40610) (SEE REVERSE)

YES NO VIOLATION(S) CODE DESCRIPTION [ ] BOOKING REQUIRED

27315(d) CVC - NO SEAT BELT (REQUIRED BY DRIVER)

APPROX. SPEED / PF / MAX. SPEED / VEH. LIMIT (SAFE) / [ ] RADAR

RELATED REPORTS [ ] SUPP. [ ] CASE [ ] OTHER

LOCATION OF VIOLATIONS ON GENESEE @ BALBOA

WEATHER: RAIN FOG / TRAFFIC: HEAVY MED. LIGHT / CONDITION OF ROAD: NARROW CURVE HILL SLIPPERY / NO. OF LANES

[ ] VIOLATIONS NOT COMMITTED IN MY PRESENCE OCCURRED ON INFORMATION AND BELIEF [ ] COLLISION

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED AT THE PLACE AND ON THE DATE SHOWN ABOVE

ISSUING OFFICER Th Clifford I.D. NO. 5031

NAME OF ARRESTING OFFICER IF DIFFERENT FROM ISSUING OFFICER I.D. NO.

COMMAND SHIFT N 3 BEAT 112 DAYS OFF S M T W T F S VACATION

WITHOUT ADMITTING GUILT, I PROMISE TO APPEAR AT THE DATE, TIME AND PLACE INDICATED BELOW BEFORE A JUDGE OR A CLERK OF THE MUNICIPAL OR JUSTICE COURT

X SIGNATURE [signature]

[ ] YOU MUST APPEAR AT THE SAN DIEGO POLICE DEPARTMENT FOR FINGERPRINTING PRIOR TO YOUR COURT APPEARANCE

[ ] JUVENILE COURT, DEPT A, 2851 MEADOW LARK DRIVE, SAN DIEGO, CA 92123

[X] SAN DIEGO MUNICIPAL TRAFFIC COURT, 8950 CLAIREMONT MESA BOULEVARD, SAN DIEGO, CA 92123, NIGHT COURT INFO. SEE REVERSE

[ ] MISDEMEANOR ARRAIGNMENT DEPT., 220 W. BROADWAY, SAN DIEGO, CA 92101

[ ] SOUTH BAY MUNICIPAL COURT, 500 3RD AVENUE, CHULA VISTA, CA 92010 (NIGHT COURT THURSDAY - 5:30 P.M.)

TO APPEAR TIME [ ] A.M. [ ] P.M. MONTH APRIL DAY 14 YEAR 99

177 (Rev. 8-96) FORM APPROVED BY THE JUDICIAL COUNCIL OF CALIFORNIA

LDPD VEH. PKD ROLLING - STOPPED ON

DIR. - N E S W - LANE 1 2 3 4 5 OTHER

SDPD VEH. NO YR MAKE

DATE CALIB. 25 35 45 55 65 75 80

BY

STOPPED BY RED LITE SIREN HORN HAND

DEF. VEH - PKD - ROLLING - STOPPED ON

DIR. - N E S W - LANE 1 2 3 4 5 OTHER

STOPPED AT

DRIVER - OUT OF CAR IN CAR

MH LH PASSENGERS SOLO RF MF RR

DISTANCE OBSERVED

SAN DIEGO POLICE DEPARTMENT
**NOTICE TO APPEAR** FILE COPY **S 901613**

☑ TRAFFIC ☐ NON-TRAFFIC ☐ MISDEMEANOR

DATE 5-20-99 TIME 1150 ☐ A.M. ☐ P.M. DAY OF WEEK S M T W T F S CASE #

NAME (FIRST, MIDDLE, LAST) JOHN HAROLD ROBERT COBB

ADDRESS 3955 MT ALBERTINE WAY

CITY SD STATE CA ZIP 92111

DRIVERS LICENSE NO. B0539830 STATE CA CLASS C BIRTHDATE 2/10/59

SEX M HAIR BRN EYES BRN HEIGHT 602 WEIGHT 220 RACE W OTHER I.D.

VEHICLE LICENSE NO. 3UVN547 STATE CA ☐ C.V. (V.C. 15210 c) ☐ H.M. (V.C. 27903)

YEAR OF VEH 89 MAKE CHEV MODEL 4TH AV BODY STYLE 4DR COLOR BLK

REGISTERED OWNER OR LESSEE ☑ SAME AS DRIVER

ADDRESS ☑ SAME AS DRIVER

EVIDENCE OF FINANCIAL RESPONSIBILITY

ELIGIBLE FOR DISMISSAL (VC 40610) (SEE REVERSE) ☐ BOOKING REQUIRED

| YES | NO | VIOLATION(S) CODE | DESCRIPTION |
|---|---|---|---|
| ☐ | ☐ | 27315(d)C.V.C | NOT |
| ☐ | ☐ | WEARING SEATBELT | |
| ☐ | ☑ | 5200 C.V.C - | NO FRONT |
| ☐ | ☐ | PLATE | |

APPROX. SPEED | PF / MAX. SPEED | VEH. LIMIT (SAFE) ☐ RADAR | RELATED REPORTS ☐ SUPP. ☐ CASE ☐ OTHER

LOCATION OF VIOLATIONS ON 4200 MT. ALBERTINE

WEATHER: RAIN FOG | TRAFFIC: HEAVY MED LIGHT | CONDITION OF ROAD: NARROW CURVE HILL SLIPPERY | NO. OF LANES 1

☐ VIOLATIONS NOT COMMITTED IN MY PRESENCE OCCURRED ON INFORMATION AND BELIEF. ☐ COLLISION

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED AT THE PLACE AND ON THE DATE SHOWN ABOVE.

ISSUING OFFICER Ty Hufford I.D. NO. 5031

NAME OF ARRESTING OFFICER, IF DIFFERENT FROM ISSUING OFFICER I.D. NO.

COMMAND/SHIFT N 2 BEAT 111 DAYS OFF S M T W T F S VACATION

WITHOUT ADMITTING GUILT I PROMISE TO APPEAR AT THE DATE, TIME AND PLACE INDICATED BELOW BEFORE A JUDGE OR A CLERK OF THE MUNICIPAL OR JUSTICE COURT.

X SIGNATURE

☐ YOU MUST APPEAR AT THE SAN DIEGO POLICE DEPARTMENT FOR FINGERPRINTING PRIOR TO YOUR COURT APPEARANCE

| | |
|---|---|
| ☐ JUVENILE COURT, DEPT. A, 2901 MEADOW LARK DRIVE, SAN DIEGO, CA 92123 | ☐ MISDEMEANOR ARRAIGNMENT DEPT. 220 W. BROADWAY, SAN DIEGO, CA 92101 |
| ☑ SAN DIEGO MUNICIPAL TRAFFIC COURT, 8950 CLAIREMONT MESA BOULEVARD, SAN DIEGO, CA 92123, NIGHT COURT INFO. SEE REVERSE | ☐ SOUTH BAY MUNICIPAL COURT, 500 3RD AVENUE, CHULA VISTA, CA 92010 (NIGHT COURT THURSDAY - 5:30 P.M.) |

TO APPEAR TIME ☐ A.M. ☐ P.M. MONTH JUN DAY 21 YEAR 99

PD-177 (Rev. 6-86) FORM APPROVED BY THE JUDICIAL COUNCIL OF CALIFORNIA

SDPD VEH. - PKD - ROLLING - STOPPED ON
DIR. - N E S W - LANE 1 2 3 4 5 OTHER
SDPD VEH. NO. YR MAKE
DATE CALIB. 25 35 45 55 65 75 80
BY

STOPPED BY RED LITE HORN HAND
DEF. VEH. - PKD - ROLLING - STOPPED ON
DIR. - N E S W - LANE 1 2 OTHER
STOPPED AT
DRIVER - OUT OF CAR IN CAR
MH LH PASSENGER(S) N MF HH
DISTANCE OBSERVED

EXPLAINED TO REFUSAL TO SIGN POLICY

SAW A NOT WEARING SB AND NO FRONT PLATE
ON MT. ADA
1 ST. SOUTH 2?
STOPPED A BEFORE
UNCOOPERATIVE

# SAN DIEGO REGIONAL FIELD INTERVIEW REPORT

4431194

AGENCY: UCSD
DATE: 02-05-99
TIME: 1330
DR NUMBER:

LOCATION OF INTERVIEW: UCSD PRICE CENTER PLAZA La Jolla CA 92093

NAME (LAST NAME FIRST): COBB, JOHN HAROLD ROBERT

NICKNAME / AKA:
PHONE: (619) 277-2028

RESIDENCE ADDRESS (CITY / STATE): 3955 MT. ALBERTINE WAY SD 92111

SOC. SEC. NO.: 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
RACE: W | SEX: M | HAIR: BRN | EYES: BLU | HT.: 6'3" | WT.: 250

D.O.B.: 09-10-59
DRIVER'S LICENSE: N6539830
STATE: CA

PHYSICAL ODDITIES (SCARS, ETC.): VERY PALE, SLUMPED SHOULDERS

CLOTHING WORN: WHITE JKT, WHITE PANTS

VEH. LIC. NO / STATE: RED

VEH: YEAR | MAKE | MODEL | COLOR | TYPE

COMPANION 1 (LAST NAME FIRST): —

RACE | SEX | D.O.B. | HAIR | EYES | HT. | WT.

COMPANION 2 (LAST NAME FIRST): —

RACE | SEX | D.O.B. | HAIR | EYES | HT. | WT.

CRIME POTENTIAL (2 VIOL MAXIMUM): 314.1 PC / 647(4) PC

REMARKS (REASON FOR CONTACT): KNOWN VIOLENT SEX OFFENDER LOITERING AT PRICE CENTER. HOSTILE TO POLICE. C-37 I

VEHICLE:
- ☐ DAMAGE - FRONT
- ☐ DAMAGE - FRONT
- ☐ DAMAGE - RIGHT
- ☐ DAMAGE - LEFT
- ☐ FRONT LOWERED
- ☐ FRONT RAISED
- ☐ REAR LOWERED
- ☐ REAR RAISED
- ☐ RUST / PRIMER
- ☐ CUSTOM WHEELS
- ☐ VINYL TOP
- ☐ DECAL / EMBLEM
- ☐ UNIQUE EXT.
- ☐ UNIQUE INT.
- ☐ CUSTOM COLOR
- ☐ CAMPER SHELL

INT. COLOR:

HAIR LENGTH:
- ☐ LONG
- ☒ SHORT
- ☒ BALD / THINNING

HAIR STYLE:
- ☐ AFRO / NATURAL
- ☐ WAVY / CURLY
- ☐ BRAIDED / PONY TAIL

FACE:
- ☐ MUSTACHE
- ☐ BEARD
- ☐ GOATEE

COMPLEXION:
- ☒ LIGHT
- ☐ DARK
- ☐ ACNE

BUILD:
- ☒ THIN
- ☐ HEAVY
- ☐ MUSCULAR

☐ GLASSES

OFFICER(S): M. JONES
I.D. NO.(S): 602
BEAT OF OCCURRENCE: 2/132

ARJIS 1 (REV 8/92)

Exhibit No. 27

# TRANSCRIPT OF ARRAIGNMENT PROCEDDINGS

////

CASE No. M - 7 9 5 5 5 2. People vs. John H. Cobb.

Commissioner; Sandra Berry. Custody Court; on March 7, 2000.

////

Attorney for People; City Attorney, Marcie Ordorica.

Attorney for Defendant; Public Defenders; For discussion of case, before arraignment - Mr. Ford.

At the actual arraignment - UNKNOWN.

////

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br>Plaintiff,<br>Vs.<br>JOHN COBB,<br>Defendant. | TRANSCRIPT OF ARRAIGNMENT PROCEEDINGS - DATED 3/7/2000.<br>( Ref: Case No. M 795552. ) |

////

////

PUB DEF: Uhm, Item 43 Your Honor is John Cobb. Mr. Cobb.

COMM: Alright, I have a case number for you; M-7-9-5-5-5-2.

PUB DEF: Mr. Cobb is pleading not guilty, seeks Court appointed counsel, jury trial. He would wave time. Uhm, we're gonna be asking for O.R. on this matter Your Honor.

COMM: Alright, Marcie what's your position on that ?

PROS: I would oppose O.R., just based on the fact he's failed to appear in the past.

DEF COBB: I don't have any failure to appears.

COMM: Do you know what the, hold on, what's the date of this failure to appear. Do you know Marcie ? He's got one, apparently one failure to appear on some prior case. I don't ??? see a failure to appear on this case.

PROS: I think it's just on the ????? Your Honor, not on this case.

COMM: Alright, I will agree to release him O.R. if he agrees to stay away from the F-Street Bookstore on Albuquerque Street, during the pendency of these proceedings.
DEF COBB: Ok Your Honor, I will. Can you give me the date of that alleged failure to appear ?
PUB DEF: They don't, they don't have it.
COMM: It's, it's ...,
DEF COBB: Ah, well, can you tell me where that information came from, because I am, I'm absolutely positive I have never had a failure to appear on anything in my entire life ... ,
COMM: Well it's, it's, it's kind of a ...,
DEF COBB: ... and I really resent the implication there is such a thing there.
COMM: Sir, it's kind of a moot point here, because I'm not, I'm not imposing it in this case.
DEF COBB: Ok, well can I sue here for vindictive prosecution ?
PUB DEF: Mr. Cobb.
DEF COBB: Can I get the name of the Dist. ... who's the person that aids, that said, that thing ?
COMM: Will you talk to him please.
DEF COBB: Can I get her name ?
COMM: No you can't.
PUB DEF: Hold on Your Honor.

////

////

I, John Cobb, Defendant Pro Per in Case No. M-795552, do hereby attest that the foregoing transcript, is a true and correct record of the electronically recorded arraignment proceedings, for Case M-795552, held on March 7, 2000, before Commissioner Sandra Berry.

////

////

Dated; 3/5, 200[illegible]. Signed; ______________________.

John Cobb - Defendant Pro Per; Preparer of Transcript.
3955 Mt. Albertine Way
San Diego, CA 92111. Telephone; (858) 277-2026.

////

Exhibit No. 28

[redacted]

THE STATE BAR OF CALIFORNIA

[illegible]

[redacted]

Home > Attorney Search > Attorney Profile

# ATTORNEY SEARCH

## Marcella Ordorica

### Membership Info

| | |
|---|---|
| CA Bar Number | 201688 |
| Current Status | Active — explanation of "Active" status |
| CA Admission Date | June 3, 1999 |
| District | District 9 |
| County | San Diego |

### Contact Info

| | |
|---|---|
| Address | Ofc City Attorney<br>1200 3rd Ave #700<br>San Diego, CA 92129-4106 |
| Phone Number | (619)533-5500 |
| Fax Number | (619)533-5505 |
| e-mail | mxo@cityatty.sunnet.gov |

### Education Info

| | |
|---|---|
| Undergraduate School | Univ of California San Diego |
| Law School | California Western SOL |

### Remarks

**This member has no public record of discipline.**

Start New Search >

Exhibit No. 29

WV-100

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, ... number, and address):
Michael J. Hickman (State Bar #149624)
Musick, Peeler & Garrett LLP
225 Broadway
Suite 1900
San Diego, CA 92101
TELEPHONE NO.: (619) 525-2565 FAX NO.: (619) 231-1234
ATTORNEY FOR (Name): Plaintiff SD State University Foundation

FOR COURT USE ONLY

FILED
CIVIL DIVISION
... SEP 12 P 3:20

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: CENTRAL

PLAINTIFF: San Diego State University Foundation

DEFENDANT: John Harold Cobb, aka John Harold Robert Cobb

EMPLOYEE: All Employees

1364 01 07 GIC754533 09/13/00 10:13
02 001 New Civil $176.00

**PETITION OF EMPLOYER FOR INJUNCTION PROHIBITING VIOLENCE OR THREATS OF VIOLENCE AGAINST EMPLOYEE**

[X] Application for Temporary Restraining Order

CASE NUMBER: GIC 754533

(This is NOT an order)

*Read the* Instructions for Petitions to Prohibit Workplace Violence *(form WV-150) before completing this form.*
*NOTE: Plaintiff* must be an employer with standing to bring this action under Code of Civil Procedure section 527.8.

1. Plaintiff *(name)*: San Diego State University Foundation is a [ ] corporation [ ] sole proprietorship [X] other *(specify)*: non-profit corporation and is filing this suit on behalf of the employee identified in item 2.

2. Employee *(name)*: All Employees

   Sex: [ ] M [ ] F Date of birth: ____________

   *(Use a separate petition for each employee you are seeking to protect.)*

3. Defendant *(name)*: John Harold Cobb, aka John Harold Robert Cobb
   a. Resides at *(state address, if known)*: 3955 Mt. Albertine Way, San Diego, CA 92111
   b. Works at *(state address, if known)*: Unknown
   c. [ ] is [X] is not a current employee of plaintiff *(explain if defendant is still an employee)*:

4. This suit is filed in this county because
   a. [X] defendant resides in this county.
   b. [X] defendant has caused physical or emotional injury to plaintiff's employee in this county.
   c. [ ] other *(specify)*:

5. Defendant has [ ] assaulted [ ] battered [ ] stalked or [X] made a credible threat of violence against the employee by knowing or willing statements or a course of conduct that would place a reasonable person in fear for his or her safety, or the safety of his or her immediate family.
   a. One or more of these acts can reasonably be construed to be carried out or to have been carried out at the employee's workplace at *(address)*: 5250 Campanile Drive, San Diego, CA 92182; and 5178 College Avenue, San Diego, CA 92182
   b. Describe what happened *(including the dates, who did what to whom, and any injuries)*:
   See Attachment 5b

(Continued on reverse)

| PLAINTIFF (Name): San Diego State University Foundation | CASE NUMBER: |
|---|---|
| DEFENDANT (Name): John Harold Cobb, aka John Harold R | |

5. b. *(Continued)*

[X] Continued on Attachment 5b.

6. [X] Employee will suffer great and irreparable harm before this petition can be heard in court unless the court makes those orders requested below effective now and until the hearing. *(Specify the harm and why it will occur before the hearing)*:
See Attachment 6

[X] Continued on Attachment 6.

7. Defendant's conduct has been directed against employee and is knowing and willful, is not constitutionally protected, and does not constitute lawful acts of self-defense or defense of others.

**PLAINTIFF REQUESTS THE COURT TO MAKE THE ORDERS INDICATED BELOW.**

8. [X] **RESTRAINING ORDERS** [X] **To be ordered now and be effective until the hearing**
   a. **Defendant shall not engage in unlawful violence or make threats of violence against the employee and the following members of employee's family or household who reside with the employee:**
      (1) *(Name)*: All Employees of Plaintiff
      Sex: [ ] M [ ] F Date of birth: ______
      (2) *(Name)*:
      Sex: [ ] M [ ] F Date of birth: ______
      (3) *(Name)*:
      Sex: [ ] M [ ] F Date of birth: ______
      [ ] Continued on Attachment 8a.
   b. **Specifically, defendant**
      (1) [ ] shall not assault, batter, or stalk the employee and other protected persons
      (2) [X] shall not follow or stalk the employee and other protected persons to or from the place of work
      (3) [X] shall not follow the employee and other protected persons during hours of employment
      (4) [X] shall not telephone or send correspondence to the employee and other protected persons by any means including, but not limited to, the use of the public or private mails, interoffice mail, fax, or computer e-mail
      (5) [X] shall not enter the workplace of the employee and other protected persons
      (6) [ ] other *(specify)*:

9. [X] **STAY-AWAY ORDERS** [X] **To be ordered now and be effective until the hearing**
   a. **Defendant** shall stay at least *(specify)*: 20 yards away from the following places and persons *(the addresses of the places are optional and may be kept confidential)*:
      (1) Employee.
      (2) [ ] Employee's residence *(address optional)*:
      (3) [X] Employee's place of work *(address optional)*: 5250 Campan.le Drive, San Diego, CA 92182; and 5178 College Avenue, San Diego, CA 921"2
      (4) [ ] Employee's children's school or place of child care *(address optional)*:

(Continued on page three)

| | |
|---|---|
| PLAINTIFF *(Name)*: San Diego State University Foundation<br>DEFENDANT *(Name)*: John Harold Cobb, aka John Harold Rob | CASE NUMBER:<br>GIC [illegible]33 |

9. a. *(Continued)*

(5) [ ] Other *(specify)*:
*(address optional)*:

b. Will granting of any of the stay-away orders in item 9a deprive defendant of access to his or her residence or place of employment?

[ ] Yes [X] No *(If yes, explain)*:

10. [X] COSTS
Defendant should be ordered to pay costs as follows *(specify)*:

11. [ ] OTHER ORDERS *(specify other orders you request to help carry out the orders previously requested)*:

12. Plaintiff requests that copies of orders be given to the following law enforcement agencies:

| Law enforcement agency | Address |
|---|---|
| San Diego Police Dept. | 1401 Broadway, San Diego, CA 92101 |
| SD State Univ. Fnd. Police | 5200 Campanile Drive, San Diego, CA 92182 |

13. [ ] Plaintiff requests that time for service of the *Order to Show Cause* (form WV-120) and accompanying papers be shortened so that they may be served no less than *(specify number)*: days before the date set for the hearing. I need to have the order shortening time because of the facts contained in this application.

14. [X] Plaintiff has asked for restraining orders against the defendant in *(specify)*: San Diego County, Case No. *(specify)*: 712945

15. [ ] Employee has asked for restraining orders against defendant in *(specify)*: County, Case No. *(specify)*:

16. DESCRIPTION OF DEFENDANT TO BE RESTRAINED

Sex: [X] M [ ] F Ht.: 6'2" Wt.: 220 Hair color: Bln Eye color: Blu Race: W Age: 41 Date of birth: 09/10/59

17. Plaintiff requests additional relief as may be proper.

18. [X] Plaintiff is not required to pay a fee for filing this petition because plaintiff is seeking order(s) restraining violence or threats of violence (see Code Civ. Proc., § 527(h)). *(Note: If the court finds there has been no violence or threats of violence, then you may be ordered to pay the appropriate fees.)*

19. Plaintiff understands that if the court issues an *Order to Show Cause* (form WV-120), a hearing will be held on the date shown in item 2 of the *Order to Show Cause*. At that hearing, I must be prepared to present evidence supporting the petition.
I declare under penalty of perjury under the laws of the State of California that I am aware of the facts stated,

a. [ ] on the basis of my own personal knowledge.

b. [X] on the basis that I have been informed and believe that the facts stated are true. *(NOTE: If this petition is made solely on the basis of plaintiff's information and belief, plaintiff* **must** *attach declarations or affidavits by one or more persons who have personal knowledge of the facts stated.)*

Date: September 12, 2000

(TYPE OR PRINT NAME) ▶ (SIGNATURE OF PLAINTIFF)

Title of person signing:

Michael J. Hickman
(TYPE OR PRINT NAME) ▶ (SIGNATURE OF ATTORNEY, IF ANY)

20. Number of pages attached: 2

**Attachment 5b to Petition**

On July 14, 1997, defendant was present in plaintiff's offices, and began yelling at one of plaintiff's employees, claiming the employee was looking at his chest. He continued yelling at the employee about this subject and discrimination. The employee was very shaken and concerned by the incident.

Defendant returned to plaintiff's offices on July 24, 1997, looking for the same employee. She was not present, and defendant was asked to leave. Defendant refused to leave. Campus police were called, removed defendant, and issued a seven-day "stay away" order against defendant, requiring him to stay out of plaintiff's offices.

The following day, July 25, 1997, defendant returned to plaintiff's offices. He was told to leave, and did leave.

On both July 24, 1997, and July 25, 1997, defendant was observed drawing what appeared to be diagrams of plaintiff's offices, and noting the names of employees on those diagrams.

On August 4, 1997, plaintiff filed a petition for a civil injunction against defendant. A temporary restraining order was issued that day. Following hearing on August 18, 1997, the court, per Judge Whelan, issued an injunction prohibiting defendant from entering plaintiff's premises and from having any contact with any of plaintiff's employees.

Criminal charges were filed against plaintiff as a result of the July 1997 incidents. As part of a plea bargain, the civil injunction, which was to expire after one year, was extended to a term of three years.

On June 24, 1999, defendant filed a lawsuit in the United States District Court for the Southern District of California against plaintiff, plaintiff's attorney in the civil proceeding, and various other persons, alleging defendant's civil rights had been violated. This lawsuit was dismissed.

Although defendant has not returned to plaintiff's premises since the issuance of the civil injunction in August 1997, he has been present on other portions of the San Diego State University campus. SDSU campus police have contacted defendant six times over the past three years for matters such as being drunk in public, trespassing, and looking under bathroom stalls. During this time, defendant has not been neither a student nor an employee of SDSU, and appears to have had no legitimate purpose for being on the SDSU campus.

Most recently, on September 7, 2000, SDSU police received a complaint that a male was exposing himself for sexual encounters in a men's restroom in the SDSU Life Sciences building. This restroom is a notorious location for sexual encounters between men. Among other things, the walls between the stalls of the restroom have holes bored into them to facilitate sex between the stalls.

After receiving the complaint, SDSU police officers responded and found defendant and another male in the restroom. The other male was a registered sex

offender, but was also an SDSU student. A search of defendant's backpack and notebook revealed about two dozen condoms. Defendant falsely represented to the police officers that he was a student of plaintiff's defense conversion program. This is not true and, in fact, the program no longer exists. SDSU police issued a seven day stay away order to defendant.

Defendant specifically advised the SDSU police officers that he intended to return to plaintiff's premises since the civil injunction had now expired. Defendant has no legitimate business on plaintiff's premises, in that he is not an employee of plaintiff nor is he a participant in any program administered by plaintiff. Further, plaintiff would not, in light of defendant's prior history, consider him for employment or participation in any program.

**Attachment 6 to Petition**

The "stay away" order issued by SDSU police on September 7, 2000, expires on September 14, 2000. Over the past three years, defendant has repeatedly come onto the premises of plaintiff and the SDSU campus for wholly illegitimate purposes, and he has threatened to return to plaintiff's premises despite having no legitimate reason for so doing. The incidents involving defendant on plaintiff's premises during July 1997 caused serious distress and concern to several employees of plaintiff, and caused those persons to legitimately fear for their physical safety. On the other hand, since defendant has no legitimate business in plaintiff's premises, issuance of the requested orders pending the hearing will not cause any hardship to defendant.

MUSICK, PEELER & GARRETT LLP
ATTORNEYS AT LAW
225 BROADWAY, SUITE 1900
SAN DIEGO, CALIFORNIA 92101-5028
TELEPHONE (619) 525-2500
FACSIMILE (619) 231-1234

Michael J. Hickman (State Bar #149624)

Attorneys for Plaintiff
SAN DIEGO STATE UNIVERSITY FOUNDATION

FILED
00 SEP 12 P 3:21

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

SAN DIEGO STATE UNIVERSITY FOUNDATION, a non-profit corporation,

Plaintiff,

vs.

JOHN HAROLD COBB, aka JOHN HAROLD ROBERT COBB,

Defendant

Case No. GIC

DECLARATION OF SONNY CAVARLEZ IN SUPPORT OF PETITION FOR INJUNCTION

I, Sonny Cavarlez, declare:

1. I am a Sergeant in the San Diego State University Police Department. I make this declaration based on personal knowledge.

2. On September 7, 2000, I responded to a report that a white male adult was exposing himself for sexual encounters in the men's restroom of the SDSU Life Sciences Building. I went to that restroom to investigate.

3. The subject restroom is a notorious location for sexual

encounters between men. Many lewd acts have been reported in the restroom and arrests have taken place as a result of complaints of sexual solicitation in the restroom. The walls between the stalls have holes bored into them in order for sexual encounters to take place from each side of the stall. Physical Plant employees attempt to deter this by placing metal sheets between the stalls. However, new holes are bored through and the sexual acts continue.

4. I arrived at the restroom and noted two men inside of it, one fitting the description of the suspect, in that he was wearing gray sweatpants and white tennis shoes. After waiting outside for back up, and observing the restroom for ten minutes, another officer and I entered the restroom. I made contact with the two occupants. One of them, who fit the description of the suspect who was reported, was defendant John Cobb. Defendant Cobb was wearing gray sweatpants and white tennis shoes. The other individual was identified as a registered sex offender in San Diego County. That individual was an SDSU student. Defendant Cobb was not an SDSU student or employee.

5. In reviewing records of the SDSU Police Department kept in the ordinary course of business, at or near the time of the incidents recorded, and in a manner to ensure accuracy, I found that defendant Cobb has been contacted by the SDSU police six times in the past three years. The contacts have been due to reports that defendant Cobb was trespassing, drunk in public, looking under stalls in the bathroom, and other similar actions.

6. Defendant Cobb told me he intended to enroll in the Defense Conversion Program of the San Diego State University

Foundation. He also told me he intended to go to the offices of the Foundation because a restraining order which kept him out of those offices expired in August 2000. I issued an order to defendant Cobb for him to stay away from the SDSU campus for a period of seven days, pursuant to Penal Code section 626.6. Defendant Cobb informed me it would not matter after he was enrolled in the Defense Conversion Program because once he was, he could not be arrested for trespassing.

7. I was personally involved with defendant Cobb in the incidents which occurred in the San Diego State University Foundation offices in July 1997. Based on those incidents, as well as the restroom incident on September 7, 2000, and the intervening contacts he has had with the SDSU Police Department, it is my professional opinion and belief that he is a public nuisance and threat to the educational goals and objectives of the University and the Foundation. I further believe, based on his history of aberrant behavior, that he poses a potential threat of physical harm or disruption to employees of the Foundation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 12 day of September, 2000, at San Diego, California.

Sonny Cavarlez

Exhibit No. 30

itinued From:
IME

# San Diego Regional Officer's Report Narrative

| | | | |
|---|---|---|---|
| Page 7 of 8 | | Incident Number 04030058158 | |
| | | Case Number 04020246 | |
| Code Section And Description (one incident only) PC / 242 / BATTERY | Date 3/26/2004 - 3/26/2004 | Day of Week Fri - Fri | Time 12:00 - 12:0 |
| Location Of Incident (Or Address) 4255 GENESEE AV | City SAN DIEGO | District | Be 11 |
| Person(s) Involved: Victim Perron, Justin | | | |
| Suspect (If Named) Cobb, John Harold | | | |
| Property Tag No.(s) | | | |

**SYNOPSIS:**

John Cobb was arrested by Loss Prevention officer Justin Perron for battery after he was pushed by Cobt while trying to calm him down.

**ORIGIN:**

I received a call to take custody of a prisoner that asset protection officer Justin Perron had taken into custody for battery.

**INVESTIGATION:**

Upon arriving at 4255 Genesee Ave I spoke to Justin Perron and took his statement. I also spoke to John Cobb and took his statement. I issued Cobb a citation for Battery and released him on his written promise to appear. Perron also provided me with hand written statements by Shana Clark, Miguel Corona and Rya Kennedy they will be attached to the report.

**STATEMENTS:**

**Statement of Justin Perron:**

Perron told me he noticed a customer at the return counter creating a disturbance. He said he went over tc the customer in an attempt to calm him down. Perron identified himself as a loss prevention officer and asked the customer if they could step outside to discuss the problem. The customer now identified as John Cobb refused to go outside and did not want to talk to Perron. He said the customer was yelling and cussing so he again tried to get him to go outside. Perron said that Cobb then pushed him back away from him. He said that Cobb was still agitated so he continued to try to calm him down; Cobb pushed him away from him once more. Perron then told Cobb he was under citizen's arrest for battery and he and loss prevention officer Mike Silva began to escort him away from the returns area. He said Cobb then became combative so he and Silva took him down to the ground and handcuffed him. They then took him up to the nanager's office and called the police. See statement by Perron for further details.

**Statement of John Cobb:**

spoke to Cobb and took the following unsolicited statement. Cobb said to me that he had come to home epot to return a water heater. He said while he was at the return counter the employees of Home Depot egan to ask him questions about some rust on the heater. He said they have a return policy of 30 days or ss with a receipt. He told me he had his receipt and just wanted his money back. He told me he was not pset or creating a disturbance. He said that he was then approached by Perron who got right up into his ice. He said Perron was so close that he was breathing on him. He pushed Perron away. He said Perron

| Reporting Officer | ID # | Division | Approved By | Date of Report | Time |
|---|---|---|---|---|---|
| ETERSON | 4650 | N1 | | 03/26/2004 | 15:29 |

ORIGINAL

Continued Y

| Continued From: CRIME | San Diego Regional Officer's Report Narrative | Incident Number 0403005815 8 |
|---|---|---|
| Page 8 of 8 | | Case Number 04020246 |

| Code Section And Description (one incident only) | Date | Day of Week | Time | |
|---|---|---|---|---|
| PC / 242 / BATTERY | 3/26/2004 - 3/26/2004 | Fri - Fri | 12:00 - 12:05 | |
| Location Of Incident (Or Address) 4255 GENESEE AV | | City SAN DIEGO | District | Bea 111 |

Person(s) Involved: Victim
Perron, Justin

Suspect (If Named)
Cobb, John Harold

Property Tag No.(s)

got back into his face again so he pushed him away again. Cobb said it was at that time that he was throwi down and handcuffed.

**EVIDENCE:**
None

**INJURIES:**
None

**PROPERTY DAMAGE:**
None

**RELATED REPORTS:**
None

Approved By: Sgt A. E. Brown (ID# 3950).

| Reporting Officer | ID # | Division | Approved By | Date of Report | Time |
|---|---|---|---|---|---|
| PETERSON | 4650 | N1 | | 03/26/2004 | 15:29 |

ORIGINAL

Continued Y

Exhibit No. 31

SAN DIEGO POLICE DEPARTMENT

# CRIME CASE CANCELLATION

TYPE OF CRIME/INCIDENT 242 | FELONY ☐ MISD ☑ OTHER ☐

CASE # 04 020246 111 | VICTIM PERRON JUSTIN (LAST / FIRST / MID. INITIAL IF AN INDIVIDUAL)

OCCUR. DATE 3/26/04 | IS CASE PART OF SERIES? YES ☐ NO ☑ | KEY CASE # ____

TYPE OF CANCELLATION (MUST CHECK ONE)

BY ARREST ADULT ☑ JUV ☐ UNFOUNDED ☐ EXCEPTIONAL ☐ ADDITIONAL ARRESTS ☐

PERSON(S) ARRESTED

| | DATE | BOOKING # |
|---|---|---|
| JOHN HAROLD COBB 9-10-59 | 3/26/04 | A 883771 |

Detective Arrest ____ Patrol Arrest ✓ Disposition: Charged ✓ Not Charged ____

D 3 E

MISSING PERSON: ADULT ☐ JUVENILE ☐

☐ Returned (R)
☐ Located-Detained (L)
☐ Located-Released (X)
☐ Deceased (D)
☐ Arrested (A)
☐ Emancipated (E)
☐ Voluntarily Missing (V)
☐ Rept. Withdrawn/Invalid (W)
☐ Other (O)
☐ Unknown (U)

PROPERTY RECOVERED:

FULL ☐
PARTIAL ☐
NOT RECOVERED ☐
VALUE RECOVERED $ ____
WAS ARJIS 4 COMPLETED? YES ☐ NO ☐

Investigator: MICHALAK 8292 | Approved By: [signature] #2603 | Date: 3/30/04

PD-1101 (Rev. 3-99) 601758

Printed on Recycled Paper

Exhibit No. 32

John Cobb v. Home Depot, Inc. et al.

**VERIFICATION**

STATE OF GEORGIA

COUNTY OF COBB

LaTonia B. Kiser being first duly sworn on oath, deposes and says that she is a Litigation Paralegal for Home Depot U.S.A., Inc.; that she has read the foregoing Answers to Plaintiffs First Request for the Production of Documents; knows the contents there of; that said responses were prepared with the assistance and advice of counsel and the assistance of employees and representatives of Home Depot U.S.A., Inc., upon which she has relied; that the responses set forth herein, subject to inadvertent or undiscovered errors, are based on and therefore necessarily limited by the records and information still in existence, presently recollected, and/or thus far discovered in the course of the preparation of these responses; that consequently Home Depot U.S.A., Inc., reserves the right to make any changes in the responses if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that subject to the limitations set forth herein the said responses are true to the best of her knowledge, information and belief.

LaTonia B. Kiser
LaTonia B. Kiser
HOME DEPOT U.S.A., INC.

Sworn to and subscribed
before me, this 20th day of
March 2006, to certify which witness my hand of seal of office.

Bridget Hargrove
Notary Public, State of Georgia
My commission expires:

BRIDGET HARGROVE
MARCH 16 2008
NOTARY PUBLIC

**This statement is being prepared at the direction of counsel for the Home Depot. Its contents are deemed privileged and confidential.**

**Include detailed facts and circumstances of the incident below in the narrative sections:**

**Narrative 1**

On 03/28/04 at approximately 12:00 pm I Justin Perron Loss Pevention Investigator for Home Depot was involved in the following incident: While standing at the Special Service counter I heard yelling from the Returns area. I could hear a male voice using profanties and yelling at the Associates. I walked over to the returns area and observed a white male adult standing next to the registers. The Subject was yelling " Fuck you " and other vulgar remarks toward the Returns cashier. I approached the male Subject and identified Myself as Home Depot Security. I asked the Subject to calm down and warned him not to use profanity inside the store. The Subject pushed me and said " get out of my face ". I explained to the Subject that pushing me was assult and told him to leave the store. The Subject refused. I told the Subject that if he wanted to continue talking that I would talk with him outside so that he didn't cause a scene. Again the Subject pushed me. At this time I told the Subject I was placing him under citizens arrest for assult. Loss Prevention Investigator Mike Silva arrived and together we tried to escort the Subject toward the office. The Subject refused and became combative. Loss Prevention Investigator Silva placed the Subject on the ground and I handcuffed him for everyones' safety. Subject was escorted into the Managers office without further incident. San Diego Police were notified at approximately 12:15pm. I also notified District Loss Prevention Manager Ted Johnson. San Diego Police arrived at approximately 12:45pm. Subject was identified as John Cobb by the Police Officer.

**Privileged and Confidential - prepared at direction of counsel.**

# INCIDENT REPORT

| TYPE OF INCIDENT | DATE OF INCIDENT | TIME OF INCIDENT | STORE # |
|---|---|---|---|
| CUSTOMER CONFRONTATION | 3/26/04 | 12:10 | 0680 |

| LOCATION OF INCIDENT | RECOVERY, IF ANY |
|---|---|
| RETURNS DESK | |

PERSON REPORTING INCIDENT IF NOT EMPLOYEE, NOTE ADDRESS AND TELEPHONE)

**DETAILS:** (Who, What, When, Where and How)

I WAS CALLED TO THE RETURNS DESK TO CHECK OUT A WATER HEATER AND SEE IF THE HEATER IS ACCEPTABLE TO RETURN OR WHAT PROCEDURES MUST BE TAKEN TO HANDLE THE ISSUE AND SATISFY THE CUSTOMER. UPON ARRIVAL AT RETURNS (12:10 PM) I SAW THE WATER HEATER ON A FLAT CART AND AS USUAL I APPROACHED THE CUSTOMER TO RESOLVE THE PROBLEM. MY EXACT WORDS, "HELLO SIR, WHAT CAN I DO FOR YOU?" HIS RESPONSE WAS, "THIS GOD DAMN WATER HEATER IS SO SCREWED UP." I CONTINUED AND ASKED HIM WHAT EXACTLY IS WRONG WITH THE HEATER AS I SLOWLY INSPECTED THE UNIT. THE CUSTOMER SAID, "THE TOP ANODE ROD OUTLET IS PUSHED INTO THE HEATER AND THE VENT IS RUSTED TO SHIT." MY FOLLOWING WORDS WERE, "THAT SHOULDN'T BE RUSTED BECAUSE THE HEATER APPEARS TO BE NEW." FROM THERE THE SITUATION BEGAN TO GET A LITTLE OUT OF HAND AS THE CUSTOMER SCREAMS, "I WANT MY FUCKING MONEY FOR THIS HEATER NOW YOU FUCKING ASSHOLE." I

| SUBMITTED BY | DATE | REVIEWED BY | DATE |
|---|---|---|---|
| Ryan C. Kennedy (signature) | 3/26/04 | [illegible signature] | 3/26/04 |

T-371 P 003/008 F-087

8588740386

06-04-2008 12:55PM FROM-

**CONTINUATION**

Page 2 of ______

IMMEDIATELY STEPPED BACK AND SAID "SIR, I'D REALLY APPRECIATE AND ADVISE THAT YOU KEEP THE PROFANITY TO YOURSELF." FROM THERE HE CONTINUED TO CALL ME NAMES SUCH AS "MOTHER FUCKER" AS HE INSULTED MY INTELLIGENTS BY SAYING, "YOU DON'T KNOW SHIT." AS SOON AS THE LANGUAGE AND NAMES BEGAN TO COME OUT I IMMEDIATELY THOUGHT TO GET A MANAGER INVOLVED. AS I REACHED FOR THE PHONE HE CONTINUED ON BY REPEATING, "GIVE ME MY MONEY YOU FUCKING ASSHOLE." I GOT A HOLD OF CELESTE RAYMOND WHO IMMEDIATELY CAME TO THE DESK ALONG WITH AN LPS REPRESENTATIVE TO TAKE THE SITUATION OUTSIDE. THE CUSTOMER CONTINUED TO REFUSE AND EVENTUALLY WAS BROUGHT TO THE GROUND BY BOTH LPS REPRESENTATIVES AND TAKEN OUT OF THE STORE.

SUBMITTED BY | DATE | REVIEWED BY | DATE

THE HOME DEPOT

# INCIDENT REPORT

| | | | |
|---|---|---|---|
| TYPE OF INCIDENT | | | |
| LOCATION OF INCIDENT: Returns Desk | DATE OF INCIDENT: 3/26/04 | TIME OF INCIDENT: 12:00 PM | STORE #: 680 |
| PERSON REPORTING INCIDENT (IF NOT EMPLOYEE, NOTE ADDRESS AND TELEPHONE) | RECOVERY, IF ANY | | |

DETAILS: (Who, What, When, Where and How)

On Friday March 26, 2004, I Shana was at the returns desk in the shrink area. I guy in a white shirt & tan shorts was trying to return a $400 water heater. Ryan in plumbing came up to check the merchandise & told the customer that it didnt look like it was rust. Then the customer started to cuss. yelling at the cashier & at ryan. even yelling at a customer telling him that he wished the guy would die and go to hell. he continued to yell at ryan calling him an asshole & that he wanted to get his money back. I called celeste to come over because he was insulting everyone & causing commotion. It took a couple times for us to tell him to calm down Justin came over & told him to calm down & he kept saying no. I want my money back I'm not leaving. so they were face to face. & then Mike came over & got into it with the guy. They wanted him to leave the store

| SUBMITTED BY | DATE | REVIEWED BY | DATE |
|---|---|---|---|
| Shana Clark | 3/26/04 | [illegible signature] | 3/31/04 |

CONTINUATION



or to step outside & he wouldnt go!! so
they put the handcuffs on him. it took a while
because he was fighting with them. Then
they came upstairs.

ITTED BY

DATE

REVIEWED BY

DATE

T-371 P.006/008 F-067
8588740396
06-04-2005 12:56PM FROM-

# INCIDENT REPORT

| TYPE OF INCIDENT | DATE OF INCIDENT | TIME OF INCIDENT | STORE # |
|---|---|---|---|
| Customer altercation | 3/26/04 | 12:00pm | 680 |

| LOCATION OF INCIDENT | RECOVERY, IF ANY |
|---|---|
| Return at Home Depot | |

PERSON REPORTING INCIDENT (IF NOT EMPLOYEE, NOTE ADDRESS AND TELEPHONE)

**DETAILS:** (Who, What, When, Where and How)

A customer at 12:00pm went to register 21 to return a water heater. Thi lom, the cashier, called a plumbing associate to do a routine check on the water heater. Ryan, a plumbing, arrived and proceeded to ask questions about the water heater. Ryan asked the customer about the substance on top of the heater and the was agitated with question and proceeded to start cursing at Ryan. Ryan then told the customer there was no need to curse and that he was going to call a manager to assist him. Customer cursed some more at associates and at other customers in the returns line. I told him there was no need to curse and he did it some more. Celeste then arrived on the scene and after a couple of her words he proceeded to curse her out. Justin, our LP, was behind Celeste and placed himself between the customer

| SUBMITTED BY | DATE | REVIEWED BY | DATE |
|---|---|---|---|
| Miguel Corona | 3/26/04 | [illegible signature] | 3/26/04 |

CONTINUATION

Page 2 of 2

and Celeste. Justin first tried to calm the customer down and asked him if he would go outside. By this time the customer was uncontrollable and cursing the whole time. A called was placed to Mike, another LP, to bring handcuffs. He arrived within seconds. Then they proceeded to escort the customer out of the store. The customer gave Justin and Mike then took down the customer to the ground and proceeded to handcuff him.

SUBMITTED BY

DATE

REVIEWED BY

DATE

SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF SAN DIEGO

| | | |
|---|---|---|
| TITLE OF CASE (Abbreviated)<br>JOHN COBB v. HOME DEPOT, INC., et al. | | FOR COURT USE ONLY |
| ATTORNEY(S) NAME AND ADDRESS<br>Michael T. Gibbs, Esq., Bar No. 076519<br>Steven A. Tisi, Esq., Bar No. 169006<br>GIBBS & FUERST, LLP<br>600 B Street, Suite 2300<br>San Diego, California 92101 | TELEPHONE<br>(619) 702-3505 | |
| ATTORNEY(S) FOR:<br>Defendant HOME DEPOT USA, INC., MIKE SILVA and JUSTIN PERRON | HEARING DATE-TIME-DEPT<br>Trial Date: | CASE NUMBER<br>GIC 844062<br>JUDGE ASSIGNED:<br>William R. Nevitt, Jr., Dept. 64 |

## DECLARATION OF SERVICE

I, KAREN A. HERNANDEZ, declare: that I am, and was at the time of service of the papers herein referred to, over the age of 18 years, and not a party to the action; and I am employed in the County of San Diego, California, within which county the subject service occurred. My business address is 600 'B' Street, Suite 2300, San Diego, California 92101. I served the following documents: DEFENDANT HOME DEPOT'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS of which the original document, or a true and correct copy, is attached, by placing a copy thereof in a separate envelope for each addressee named hereafter, addressed to each such addressee respectively as follows:

Mr. John Cobb
3955 Mt. Albertine Way
San Diego, CA 92111
(858) 277-2026
Plaintiff, In Pro Per

____ (BY MAIL). On March 20, 2006, I caused such document(s) to be placed in an envelope with postage thereon fully prepaid to be placed in the United States mail at San Diego, California. I am readily familiar with the practices of Gibbs & Fuerst for collection and processing of correspondence for mailing with the United States Postal Service, Federal Express and UPS. Such correspondence is deposited with the United States Postal Service, Federal Express, or UPS the same day in the ordinary course of business.

XX (BY PERSONAL SERVICE). I caused such document(s) to be placed in an envelope and delivered by hand to the business/home of the address. (Plaintiff JOHN COBB)

____ (BY TELECOPIER/FACSIMILE). I caused such document(s) to be telecopied/faxed to the following number: (619) 533-5856

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 20, 2006, at San Diego, California.

[signature]

KAREN A. HERNANDEZ

Exhibit No. 33

JUSTIN PERRON WITNESS STATEMENT ( CASE MANAGEMENT STATEMENT )
[ PRODUCED FROM HOME DEPOT VIA WRITTEN DISCOVERY REQUEST ON; 3-20-2006 ]

Case Management



This statement is being prepared at the direction of counsel for the Home Depot. Its contents are deemed privileged and confidential

Include detailed facts and circumstances of the incident below in the narrative sections:

Narrative 1

1.) On 03/26/04 at approximately 12:00 pm I Justin Perron Loss Prevention Investigator for Home Depot was involved in the following incident.

2.) While standing at the Special Service counter I heard yelling from the Returns area.

3.) I could hear a male voice using profanities and yelling at the Associates.

4.) I walked over to the returns area and observed a white male adult standing next to the registers.

5.) The Subject was yelling " Fuck you " and other vulgar remarks toward the Returns cashier.

6.) I approached the male Subject and identified Myself as Home Depot Security.

7.) I asked the Subject to calm down and warned him not to use profanity inside the store.

8.) The Subject pushed me and said " get out of my face ".

9.) I explained to the Subject that pushing me was assault and told him to leave the store.

10.) The Subject refused.

11.) I told the Subject that if he wanted to continue talking that I would talk with him outside so that he didn't cause a scene.

12.) Again the Subject pushed me.

13.) At this time I told the Subject I was placing him under citizen's arrest for assault.

14.) Loss Prevention Investigator Mike Silva arrived and together we tried to escort the Subject toward the office.

15.) The Subject refused and became combative, Loss Prevention investigator Silva placed the Subject on the ground and I handcuffed him for everyones' safety.

16.) Subject was escorted into the Managers office without further incident.

17.) San Diego Police were notified at approximately 12:15pm.

18.) I also notified District Loss Prevention Manager Ted Johnson.

19.) San Diego Police arrived at approximately 12:45pm. Subject was identified as John Cobb by the Police Officer.

**This statement is being prepared at the direction of counsel for the Home Depot. Its contents are deemed privileged and confidential.**

**Include detailed facts and circumstances of the incident below in the narrative sections:**

**Narrative 1**

On 03/28/04 at approximately 12:00 pm I Justin Parron Loss Pevention Investigator for Home Depot was involved in the following incident: While standing at the Special Service counter I heard yelling from the Returns area. I could hear a male voice using profanities and yelling at the Associates. I walked over to the returns area and observed a white male adult standing next to the registers. The Subject was yelling " Fuck you " and other vulgar remarks toward the Returns cashier. I approached the male Subject and identified Myself as Home Depot Security. I asked the Subject to calm down and warned him not to use profanity inside the store. The Subject pushed me and said " get out of my face ". I explained to the Subject that pushing me was assult and told him to leave the store. The Subject refused. I told the Subject that if he wanted to continue talking that I would talk with him outside so that he didn't cause a scene. Again the Subject pushed me. At this time I told the Subject I was placing him under citizens arrest for assult. Loss Prevention Investigator Mike Silva arrived and together we tried to escort the Subject toward the office. The Subject refused and became combative. Loss Prevention Investigator Silva placed the Subject on the ground and I handcuffed him for everyones' safety. Subject was escorted into the Managers office without further incident. San Diego Police were notified at approximately 12:15pm. I also notified District Loss Prevention Manager Ted Johnson. San Diego Police arrived at approximately 12:45pm. Subject was identified as John Cobb by the Police Officer.

# SHANA CLARK WITNESS STATEMENT

[ PRODUCED FROM HOME DEPOT VIA WRITTEN DISCOVERY REQUEST ON; 3-20-2006 ]

INCIDENT REPORT

Return Desk 3/26/2004 12:00 pm 680

DETAILS ( Who, What, When, Where and How )

1.) On Friday March 26, 2004, I shana was at the returns desk in the shrink area.

2.) I guy in a white shirt & tan shorts was trying to return a $ 400 water heater.

3.) Ryan in plumbing came up to check the merchandise & told the customer that it didn't look like it was rust.

4.) Then the customer started to cuss.

5.) Yelling at the cashier & at ryan.

6.) Even yelling at a customer telling him that he wished the guy would die and go to hell.

7.) He continued to yell at ryan calling him an asshole & that he wanted to get his money back.

8.) I called Celeste to come over because he was insulting everyone & causing commotion.

9.) It took a couple times for us to tell him to calm down.

10.) Justin came over & told him to calm down & he kept saying no.

11.) I want my money back I'm not leaving. So they were face to face.

12.) & then Mike came over & got into it with the guy.

13.) They wanted him to leave the store or to step outside & he wouldn't go !!

14.) So they put the handcuffs on him.

15.) It took a while because he was fighting with them.

16.) Then they came upstairs.

## RYAN KENNEDY WITNESS STATEMENT
[ PRODUCED FROM HOME DEPOT VIA WRITTEN DISCOVERY REQUEST ON; 3-20-2006 ]

INCIDENT REPORT
Customer Confrontation

3/2604 12:10 0680

Returns Desk

DETAILS: ( Who, What, When, Where and How )

1.) I was called to the returns desk to check out a water heater and see if the heater is acceptable to return or what procedures must be taken to handle the issue and satisfy the customer.

2.) Upon arrival at returns ( 12:10 pm ) I saw the water heater on a flat cart and as usual I approached the customer to resolve the problem.

3.) My first words, " Hello sir, what can I do for you ? "

4.) His response was, " this god damn water heater is so screwed up."

5.) I continued and asked him what exactly is wrong with the heater as I slowly inspected the unit.

6.) The customer said, " the top anode rod outlet is pushed into the heater and the vent is rusted to shit ."

7.) My following words were, " that shouldn't be rusted because the heater appears to be new. "

8.) From there the situation began to get a little out of hand as the customer screams, " I want my fucking money for this heater now you fucking asshole. "

9.) I immediately stepped back and said, " sir, I'd really appreciate and advise that you keep the profanity to yourself. "

10.) From there he continued to call me names such as " mother fucker " as he insulted my intelligence by saying, " you don't know shit. "

11.) As soon as the language and names began to come out I immediately thought to get a manager involved.

12.) As I reached for the phone he continued on by repeating " give me my money you fucking asshole. "

13.) I got a hold of Celeste Raymond who immediately came to the desk along with an LPS representative to take the situation outside.

14.) The customer continued to refuse and eventually was brought to the ground by both LPS representatives and taken out of the store.

# MIGUEL CORONA WITNESS STATEMENT

[ PRODUCED FROM HOME DEPOT VIA WRITTEN DISCOVERY REQUEST ON; 3-20-2006 ]

INCIDENT REPORT

Customer Altercation 3.26.2004 12:00 pm 680

Return at Home Depot

1.) A customer at 12:00 pm went to register 21 ( ? ) to return a water heater.

2.) Th ilon ( ? spelling ? ), the cashier, called a plumbing associate to do a routine check on the water heater.

3.) Ryan, in plumbing, arrived and proceeded to ask questions about the water heater.

4.) Ryan asked the customer about the substance on top of the heater and the was agitated with the question and proceeded to start cursing at Ryan.

5.) Ryan then told the customer there was no need to curse and that he was going to call a manager to assist him.

6.) Customer cursed some more at associates and at other customers in the returns line.

7.) I told him there was no need to curse and he did it some more.

8.) Celeste then arrived on the scene and after a couple of her words he proceeded to curse her out.

9.) Justin, our LP, was behind Celeste and placed himself between the customer and Celeste.

10.) Justin first tried to calm the customer down and asked him if he would go outside.

11.) By this time the customer was uncontrollable and cursing the whole time.

12.) A called was placed to Mike, another LP, to bring handcuffs.

13.) He arrived within seconds.

14.) Then they proceeded to escort the customer out of the store.

15.) The customer gave Justin a shove.

16.) Mike then took down, the customer, to the ground and proceeded to handcuff him.

Exhibit No. 34

Court's Ex. 14
Case # 844067
Rec'd
Dept 64 Clk

The Home Depot – Loss Prevention

EXTERNAL POLICY GUIDELINES

INDEX


| SECTION | POLICY GUIDELINE | PAGE NUMBER |
|---|---|---|
| 1 | Authorization to Make Apprehensions | 3 |
| 2 | Apprehension Guidelines | 4 |
| 3 | Approaching a Subject | 5 |
| 4 | Apprehension of a Subject | 6 |
| 5 | Use of Handcuffs | 7 |
| 6 | Escorting a Subject to the Office | 8 |
| 7 | Search of a Subject's Person | 9 |
| 8 | Search of a Subject's Property | 10 |
| 9 | Search of a Subject's Motor Vehicle/Residence | 11 |
| 10 | Detainment | 12 - 13 |
| 11 | Photographing a Subject | 14 |
| 12 | Referral Guidelines | 15 |
| 13 | Release of Juvenile Subjects | 16 |
| 14 | Apprehension of an Accomplice | 17 |
| 15 | Price and Package Switching | 18 |
| 16 | Container Stuffing | 19 |
| 17 | Check Fraud | 20 |
| 18 | Credit Card Fraud | 21 |
| 19 | Refund Fraud | 22 |
| 20 | Theft of Company Assets Having no Retail Value | 23 |
| 21 | Vandalism | 24 |
| 22 | Civil Demand Notification | 25 |
| 23 | Case Documentation | 26 |
| 24 | Evidence | 27 - 29 |
| 25 | Trespass Warnings | 30 - 31 |
| 26 | Non-Recovery Incidents | 32 |
| 27 | Office Safety and Security | 33 |
| 28 | Third Party Recoveries | 34 |
| 29 | Confidentiality | 35 |
| 30 | Apprehensions in Connection with FastLane Registers | 36 |
| 31 | Tool Rental | 37 |


November 2003

## Section 23: CASE DOCUMENTATION

23.1 Case documentation includes, but is not limited to:

- Apprehension report
- Case narrative
- Witness statements
- CCTV evidence
- Photographs
- Exception reports
- Company media
- Subject statements

23.2 All case documentation must be an accurate representation of the facts surrounding an incident.

23.3 Include all case documentation in the case file.

23.4 Complete a case narrative and apprehension report for all apprehensions whether or not the case is referred to law enforcement.

23.5 Complete the case narrative and apprehension report prior to the end of your shift on the day the apprehension was made.

23.6 Ensure that every other material witness to an apprehension completes an accurate witness statement as soon as possible.

23.7 Immediately following an apprehension, review any available CCTV recordings to determine if the incident was captured on CCTV.

23.8 If any part of the incident was captured on CCTV, immediately preserve the evidence and maintain its integrity until the case reaches disposition.

23.9 If a supplemental case report or statement is prepared for any reason, retain the original document in the case file. Do not destroy or otherwise dispose of the original case report or statement.

Exhibit No. 35

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| JOHN COBB,<br><br>Plaintiff,<br><br>vs.<br><br>JUSTIN PERRON, MIKE SILVA, HOME DEPOT, et seq.,<br><br>Defendants. | No. GIC 844062 |

THE DEPOSITION OF JUSTIN PERRON

Taken on behalf of Plaintiff

At 600 'B' Street, Suite 2300, San Diego, California

Commencing at 11:07 a.m., Thursday, April 13, 2006

Reported by Robert C. Steeves, CSR No. 2147

Page 2

APPEARANCES OF COUNSEL:

JOHN COBB
IN PROPRIA PERSONA
3955 Mt. Albertine Way
San Diego, California 92111
(858) 277-2026

FOR THE DEFENDANTS:

GIBBS & FUERST, LLP
BY: STEVEN A. TISI, ESQ.
600 'B' Street, Suite 2300
San Diego, California 92101
(619) 702-3505

ALSO PRESENT:

MICHAEL SILVA

Page 3

I N D E X

THURSDAY, APRIL 13, 2006

| WITNESS: | EXAMINATION |
|---|---|
| JUSTIN PERRON | |
| BY MR. COBB | 4 |

E X H I B I T S

| DEPOSITION | | PAGE |
|---|---|---|
| 1 | Internal Policy Guidelines | 25 |
| 2 | External Policy Guidelines | 28 |
| 3 | One-page document entitled "Case Management" | 37 |
| 4 | Incident Report submitted by Ryan C. Kennedy | 39 |
| 5 | Incident Report submitted by Shana Clark | 39 |
| 6 | Incident Report submitted by Miguel Corona | 40 |
| 7 | San Diego Regional Officer's Report Narrative | 46 |

Page 4

JUSTIN PERRON,
being first duly sworn, testified as follows:

EXAMINATION

BY MR. COBB:
Q. This is the oral deposition of Justin Perron, taken at Gibson, Fuerst at 600 'B' Street, Suite 2300 in San Diego, California on April 13, 2006 in the matter of John Cobb versus Justin Perron, Mike Silva, and Home Depot Corporation.
This deposition is on the behalf of Plaintiff, John Cobb.
Would all present please identify themselves, starting with the witness, the deponent.
A. **Justin Perron.**
MR. COBB: I'm John Cobb and --
MR. TISI: Steven Tisi.
BY MR. COBB:
Q. Good morning, Mr. Perron. My name is John Cobb, and I am the Plaintiff in this lawsuit that I have filed against Justin Perron, Mike Silva, and Home Depot Corporation, USA.
I would like to now go over some of the basic rules of deposition just so it's clear that we all understand what's going to happen today.

Page 5

Even though we're in an informal conference room, your testimony here is under oath.
Do you understand that?
A. **Yes.**
Q. Your testimony here has the same force and effect as if given in a court of law.
Do you understand that?
A. **Yes.**
Q. Everything that's being said here today will be taken down by the court reporter, and after the deposition is completed, the court reporter will type up a deposition transcript; and that deposition transcript will have everything that everyone said while we were here on the record today.
After the deposition transcript is completed, you'll be given an opportunity to read it and to make any changes that you feel are necessary to make your deposition accurate and complete.
If you make any changes to your deposition transcript that are substantial, I or an attorney trying the case will be entitled to comment in front of the judge or the jury about the fact that you said one thing here today and then later changed that testimony, and for that reason, it's important to try to give your best and most accurate testimony today.

Page 6

Is there any reason why you wouldn't be able to give your best testimony today?
A. No.
Q. Great. Anytime you feel like taking a break, let me know, and I'll be happy to do that. It's not an endurance test, so if you need a break for any reason, just let me know.
If you don't understand my question, let me know and I'll be happy to clarify it or explain what my question is about.
Did you do anything to prepare for your deposition today?
MR. TISI: Objection to the extent it calls for attorney-client privileged information.
You can answer the question, but should not disclose the substance of any conversation between the two of us.
THE WITNESS: I met with my attorney.
BY MR. COBB:
Q. And that's Mr. Tisi?
A. Yes.
Q. Could you please state and spell out your full name for the record.
A. Justin Perron, J-u-s-t-i-n, P-e-r-r-o-n.
Q. Have you ever been known by any other name?

Page 7

A. No.
Q. Did you graduate from high school?
A. Yes.
Q. Did you attend any post high school education?
A. Yes.
Q. Could you specify that, please.
A. Bellevue Community College.
Q. Have you ever been convicted of a felony?
A. No.
Q. Were you employed by Home Depot on or around March the 26th of 2004?
A. Yes.
Q. What was your employment position or title at Home Depot on that date?
A. Loss Prevention Investigator.
Q. Are you still employed at Home Depot?
A. Yes.
Q. What is your employment position or title at Home Depot currently?
A. Loss Prevention Investigator.
Q. Are you an at-will employee?
MR. TISI: Objection. Calls for a legal conclusion.
You can answer if you know.

Page 8

BY MR. COBB:
Q. Can you be fired without cause?
MR. TISI: It calls for a legal conclusion.
He can answer if he knows the answer to the question.
THE WITNESS: I don't know. Can you specify the question?
MR. TISI: No. The question is: "Are you an at-will employee?" If you know the answer to the question, answer it. If you don't, don't. My objection is it calls for a legal conclusion.
BY MR. COBB:
Q. Do you know whether you can be fired without cause?
MR. TISI: Same objection.
BY MR. COBB:
Q. How many apprehensions or arrests have you made while employed at Home Depot?
MR. TISI: Overbroad.
BY MR. COBB:
Q. Is it more than 10 or more than 30 or more than 40? Can you approximate?
A. Approximately 150.
Q. I'm going to be asking questions about an incident which occurred at a Home Depot on March the

Page 9

26th, 2004.
Do you recall an incident in which a person was apprehended by two Home Depot employees on or around March the 26th of 2004?
MR. TISI: Objection. Vague and ambiguous as to the word "apprehended."
You can answer.
THE WITNESS: Yes.
MR. COBB: So what would you prefer to use? You don't want to use the word "arrest" because he used that word before.
MR. TISI: Does he recall -- I mean, this is your deposition. Does he recall an incident were you came into the store to return a water heater.
BY MR. COBB:
Q. So on that date you were working at the Home Depot on Balboa, Store Number 680; is that correct?
A. Yes.
Q. Could you identify this individual that was apprehended or this individual and the incident as being myself?
A. Yes.
Q. On the date of the incident what made you notice the customer, being myself, in the returns line returning the water heater?

Page 10

A. **I didn't notice the customer. I heard the customer.**
Q. Okay. And what did you hear the customer?
A. **I heard the customer yelling profanities.**
Q. And then what did you do then? Did you look over?
A. **I walked over.**
Q. And did you observe the customer standing next to a water heater on a flatbed?
A. **Yes.**
Q. Were there other people standing in the returns line behind this water heater customer?
A. **Yes.**
Q. How many?
A. **Approximately five to seven.**
Q. Did you recognize any of these other people standing in the returns line?
A. **In the line?**
Q. Yes.
A. **No.**
Q. Were the two men standing behind the customer with the water heater, did you recognize -- were there two men standing in the line that you recall?
A. **Yes.**

Page 11

Q. And did you recognize either -- did you recognize either of these two men?
A. **No.**
MR. TISI: Objection. Asked and answered.
BY MR. COBB:
Q. You said you heard the customer.
Could you repeat what you heard the customer say first exactly.
A. **I heard the customer say "Fuck."**
Q. And that's all you heard the customer say?
A. **The first thing I heard.**
Q. What direction was the customer facing when you first saw him?
A. **East.**
Q. So from where the customer was standing in the returns line, was he facing the doorway or facing into the store like the sales floor on the other side of the customer?
A. **Into the store.**
Q. Could you say what else the customer said?
MR. TISI: Overbroad. Do you mean at that precise moment when he heard you?
MR. COBB: Well, he said he heard me use the word "fuck" first.
///

Page 12

BY MR. COBB:
Q. Can you say what you heard after that in terms of cuss words?
MR. TISI: Well, it's overbroad. You were there for an extended period of time. Are you asking at that precise moment when he heard you?
MR. COBB: The next thing that he heard the customer say.
THE WITNESS: I don't recall.
BY MR. COBB:
Q. So approximately how many cuss words did you hear the customer use then?
A. **I heard approximately two.**
Q. And do you know who the customer used the cuss words at?
A. **No.**
Q. So did you go to this customer with the water heater?
A. **Yes.**
Q. And why did you do that?
A. **To see what was going on.**
Q. And from what direction did you approach the customer?
A. **From the east.**
Q. So would that be from the direction from

Page 13

inside the store, the sales store?
A. **Yes.**
Q. Did you speak to the customer with the water heater?
A. **Yes.**
Q. And what did you say?
A. **I asked the customer what was going on.**
Q. Did the customer tell you that he wanted to return the water heater?
A. **Yes.**
Q. Did the customer tell you that he wanted to talk to a manager?
A. **Yes.**
Q. How close did you get to the customer?
A. **Approximately one to two feet.**
Q. Did you stand within one foot of this customer?
A. **No.**
Q. Were you close enough to breathe into the customer's face?
MR. TISI: It calls for speculation.
You can answer.
THE WITNESS: No.
BY MR. COBB:
Q. Do you know whether or not you were

Page 30

A. **Yes.**
Q. Can you turn to Page 6, please.
Are you aware of Section 4.1 regarding apprehending a subject, that you may use reasonable force to protect yourself or other associates or bystanders?
A. **Yes.**
Q. Section 4.3 says, "If an altercation occurs: Thoroughly document all facts of the incident in a case narrative." The next bulleted item is, "Document the names of all witnesses to the incident."
Did you do that? Did you document the names of all witnesses to the incident on the date of the incident on March the 26th, 2004?
A. **I don't know who all the witnesses are, but as many as I knew of, yes.**
Q. Can you turn to Page 7, please, with regard to Section 5.1.
Have you successfully completed the company's required handcuff training?
A. **Yes.**
Q. Had you successfully completed the handcuff training by the date of the incident, March the 26th, 2004?
A. **Yes.**

Page 31

Q. If you could turn to Page 26, please.
Under Section 23.1, are you aware of the procedure for the guideline, excuse me, for Case Documentation including witness statements and CCTV evidence?
A. **Yes.**
Q. Can you turn to Page 27.
Were you aware of the guideline 24.2 that evidence may include in the bottom bullet of the item is video recordings?
A. **Yes.**
Q. And Section 24.5, were you aware of the guideline that "Loss Prevention is the evidence custodian and is responsible for establishing and maintaining the evidence"?
A. **Yes.**
Q. Can you turn to Page 28, please.
Were you aware of the guideline 24.7.1 to "Immediately preserve all CCTV evidence"?
A. **Yes.**
Q. And did you do that on the date of the incident?
A. **Yes.**
Q. Did you -- is it true that you and Mike Silva reviewed the video surveillance tape on the date

Page 32

regarding the incident?
A. **Yes.**
Q. Did the video surveillance tape capture the incident?
A. **Yes.**
Q. If you would turn to Page 29, please.
Are you aware of Section 24.11.1, "Include all evidence in the case file"?
MR. TISI: Again, I'm going to object to the extent that this pertains to shoplifting cases, not to situations where a customer such as yourself is arrested for assault and battery.
Now, it's overbroad and it's vague and ambiguous and it's not calculated to lead to the discovery of admissible evidence. So I think we need to make very clear that what you're doing here is questioning him regarding evidence retention with respect to shoplifting cases. It specifically states, Section 24.1 that "evidence is defined as property that is related to a Loss Prevention case, whether company property, non-company property or contraband."
This was not a loss prevention case and that you were not stopped for shoplifting. So we don't have any issues.
I'm going to allow you to ask him questions,

Page 33

but it's vague and ambiguous because you're not specifying whether it's an assault and battery case or whether it's a shoplifting case, but Mr. Perron, you understand you should answer appropriately.
BY MR. COBB:
Q. For this incident that happened on March the 26th, 2004, did you include all evidence in the case file as per Section 24.11.1 on Page 29?
A. **Yes.**
Q. And so did you also forward one copy of the case file to the district office within one week of the apprehension as per Section 24.11.4?
MR. TISI: Same objection. This is not a shoplifting case. It's vague and ambiguous. It's overbroad. It's not calculated to lead to the discovery of admissible evidence.
MR. COBB: But he can answer anyway.
BY MR. COBB:
Q. Did you forward a copy to the district office?
A. **No.**
Q. And why didn't you do that?
A. **It wasn't a shoplifting case.**
Q. Are you aware of any procedures and guidelines relating to non-shoplifting apprehension?

Exhibit No. 36

36