MICHAEL J. AGUIRRE, City Attorney
KATHRYN A. SNYDER, Deputy City Attorney
California State Bar No. 84722
Office of the City Attorney
1200 Third Avenue, Suite 1100
San Diego, California 92101-4100
Telephone: (619) 533-5800
Facsimile: (619) 533-5856
Email: ksnyder@sandiego.gov

Attorneys for Defendants
MICHAEL AGUIRRE and MICHAEL HUDSON

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN COBB,<br><br>Plaintiff,<br><br>v.<br><br>1.) J. REYES (ID 606);<br>2.) S. GUSTAFSON (ID 601);<br>3.) LT. TOM MORRIS (ID 691);<br>4.) WILLIAM MacINTYRE (ID 617);<br>5.) LT. DAVID ROSE (ID 690);<br>6.) U.C.S.D. POLICE CHIEF O. KING;<br><br>Prosecutors:<br><br>7.) MICHAEL HUDSON;<br>8.) MICHAEL AGUIRRE;<br>9.) BONNIE DUMANIS;<br><br>Public Defenders:<br><br>10.) SHANE McKAY;<br>11.) STEVEN CARROLL;<br>12.) DOES 1 through 100;<br><br>Defendants. | Case No. 08CV0188-JAH(WMC)<br><br>DEFENDANTS MICHAEL AGUIRRE AND MICHAEL HUDSON'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS<br><br>Date: May 27, 2008<br>Time: 2:30 PM<br>Courtroom: 11<br>Judge: Hon. John A. Huston |

## I

## INTRODUCTION AND PROCEDURAL BACKGROUND

Plaintiff, in pro per, has filed this Civil right action pursuant to 42 U.S.C. §§ 1983, 1985 and 1986 against numerous Defendants, including City Attorney Michael Aguirre

and Deputy City Attorney Michael Hudson. Although these two individuals are named Defendants in the case, there are no allegations within the 20 page "Complaint" that specify that either individual did anything at all, much less something which could have violated any of Plaintiff's rights.

Mr. Aguirre was personally served on March 18, 2008. Court records show that Mr. Hudson was not personally served, but that a clerk in the City Attorney's Office was served on March 27, 2008. See Process Receipt and Return, attached hereto as Exhibit "A."

Defendants now move to dismiss Plaintiff's action pursuant to Federal Rule of Civil Procedure 12(b)(6) and Rule 8, for failure to state a claim upon which relief can be granted. Defendant Hudson also moves to dismiss pursuant to Rule 12(b)(5) for insufficiency of service of process.

## II

## ARGUMENT

### A. PLAINTIFF HAS FAILED TO STATE A CLAIM FOR RELIEF AGAINST DEFENDANTS MICHAEL AGUIRRE AND MICHAEL HUDSON

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Specifically, Rule 8(a)(1) states that a complaint must contain "a short and plain statement of the grounds upon which the court's jurisdiction depends." Rule 8(a)(2) also states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's complaint fails to satisfy these requirements.

Rule 8 requires that a complaint's averments be simple, concise and direct. The complaint should include a statement asserting the basis for the Court's jurisdiction, a statement of the claim, and a demand for the relief the plaintiff seeks. *McHenry v.*

*Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). A "complaint should state only enough facts, in simple, concise, and direct terms to show what plaintiff's claims are and to allow defendant to respond." *Politico v. Promus Hotels, Inc.,* 184 F.R.D. 232, 233 (E.D.N.Y. 1999). The traditional pleading style as codified in the Federal Rules of Civil Procedure, examples of which are provided in the Appendix of Forms[1/] of the Federal Rules, are not an attempt to impede the rights of *pro se* plaintiffs. These simple rules are necessary for effective and efficient litigation and, in fact, assist those untrained in the law. *Brown v. Califano*, 75 F.R.D. 497, 498-99 (D.D.C. 1997). However, "even a pro se complaint is subject to dismissal if the pleading fails reasonably to inform the adverse party of the asserted cause of action." *Id.* at 499. Complaints, as in this case, that do not comply with these simple rules deny defendants a fair opportunity to frame responsive pleadings.

In this case Plaintiff's Complaint is decidedly not simple, concise or direct. Plaintiff's 20-page Complaint is a prolonged and disjointed discourse that begins with an incident at the University of California San Diego involving University police officers, and subsequently wanders off in various directions covering unrelated incidents dating back to the early 1990's. Defendants Hudson and Aguirre are identified in paragraphs IIvii and IIviii of the Complaint (on page 4), respectively. Neither Defendant, however, is referred to again throughout the Complaint. There are no allegations whatsoever that pertain to any actions whatsoever by either of these Defendants. Accordingly, as there is no claim stated against either Defendant Aguirre or Defendant Hudson, the action against them should be dismissed.

**B. DEFENDANT HUDSON HAS NOT BEEN PROPERLY SERVED**

Defendant Hudson is being sued in his individual and professional capacity, as noted in paragraph IIvii of Plaintiff's Complaint. According to Form USM-285, Process

[1/] Federal Rule of Civil Procedure 84 provides for an Appendix of Forms "intended to indicate the simplicity and brevity of statement which the rules contemplate." *McHenry*, 84 F.3d at 1177 (citing Fed. Rule Civ. Pro. 84).

Receipt and Return (attached hereto as Exhibit "A"), instructions were provided that Defendant Michael Hudson was to be personally served. Process, however was served upon a clerk at the City Attorney's Office without any indication that she was authorized to accept service for Mr. Hudson. Accordingly, the action against Mr. Hudson should be dismissed under Rule 12(b)(5) for insufficient service of process.

## III

## CONCLUSION

For the foregoing reasons Defendants Aguirre and Hudson respectfully submit that their Motion to Dismiss should be granted.

Dated: April 4, 2008

MICHAEL J. AGUIRRE, City Attorney

By *<u>/s Kathryn A. Snyder</u>*
KATHRYN A. SNYDER
Deputy City Attorney

Attorneys for Defendants
MICAHEL AGUIRRE
and MICHAEL HUDSON