Alfred De La Cruz, Esq. State Bar No. 151388
John P. Cogger, Esq. State Bar No. 172808
**MANNING & MARDER**
**KASS, ELLROD, RAMIREZ LLP**
550 West "C" Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 515-0269
Facsimile: (619) 515-0268
amd@mmker.com
jpc@mmker.com

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| John Cobb, Plaintiff,<br><br>vs.<br><br>1.) J. Reyes (ID 606);<br>2.) S. Gustafson (ID 601);<br>3.) Lt. Tom Morris (ID 691);<br>4.) William MacIntyre (ID 617);<br>5.) Lt. David Rose (ID 690);<br>6.) U.C.S.D. Police Chief O. King;<br>Prosecutors:<br>7.) Michael Hudson;<br>8.) Mike Aguirre;<br>9.) Bonnie Dumanis;<br>Public Defenders:<br>10.) Shane McKay;<br>11.) Steven Carroll;<br>12.) Does 1 through 100;<br><br>Defendants. | Case No. 08 CV 0188 JAH WMc<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OF DEFENDANTS WILLIAM MacINTYRE AND DAVID ROSE**<br><br>**[Federal Rule of Procedure 12(b)(6)]**<br><br>Date: May 27, 2008<br>Time: 2:30 p.m.<br>Courtroom: 11 (2nd Floor)<br>Judge: Hon. John A. Houston |

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants WILLIAM MACINTYRE and DAVID ROSE respectfully submit this Memorandum of Points and Authorities in Support of their Motion to Dismiss the First Amended Complaint.

## I. INTRODUCTION

Plaintiff John Cobb has filed this action containing thirteen causes of action against a multitude of public employees based upon his history of run-ins with law enforcement. This history, according to the Complaint, spans from 1983 to February 3, 2006.

The allegations against Defendants William MacIntyre and David Rose arise from an incident that allegedly occurred in 1993. (*See*, Complaint, Page 3, lines 6-7, 22, and Exhibits 3-9.)

## II. ARGUMENT AND CITATION OF AUTHORITIES

A motion to dismiss should be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure when the complaint fails "to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). A claim is subject to dismissal if the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996). Documents attached to a complaint "are properly a part of the court's review as to whether [the] plaintiff can prove any set of facts in support of its claim." *Amfac Mortgage Corp. v. Ariz. Mall of Tempe, Inc.*, 583 F.2d 426, 429-30 (9th Cir. 1978); *see also* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes").

Parties have one year to commence claims brought under 42 U.S.C. §§ 1986, and California's statute of limitations for personal injury actions governs claims brought pursuant to 42 U.S.C. §§ 1983 and §§ 1985. 42 U.S.C. §§ 1986 (2003); *Canatella v. Van De Kamp,* 486 F.3d 1128, 1132-33 (9th Cir. 2007); *Taylor v. Regents of University of California,* 993 F.2d 710, 711-12 (9th Cir. 1993).

A two-year statute of limitations applies to an action for personal injury caused by wrongful act or neglect (California Code of Civil Procedure § 335.1).

Here, Plaintiff is seeking damages for an incident that occurred on or about February 10, 1993. (*See*, Complaint, Page 3, lines 6-7, 22, and Exhibits 3-9.) The incident at issue as to these defendants took place over fifteen years ago. Clearly, each and every allegation contained in the

Complaint is deficient under the applicable statute of limitations.

## III. CONCLUSION

For the foregoing reasons, Defendants William MacIntyre and David Rose respectfully request that the Court grant their motion to dismiss the Amended Complaint.

Dated: April 4, 2008

*/s/Alfred M. De La Cruz*
Alfred M. De La Cruz
John P. Cogger
MANNING & MARDER
KASS, ELLROD, RAMIREZ LLP
550 West C Street Suite 1900
San Diego, CA 92101
Telephone: (619) 515-0269
Facsimile: (619) 515-0268
**Attorneys for Defendants**
*J. Reyes, S. Gustafson, Lt. Tom Morris, William MacIntyre , Lt. David Rose, and U.C.S.D. Police Chief O. King*