JOHN J. SANSONE, County Counsel (State Bar No. 103060)
County of San Diego
By STEPHANIE E. KISH, Senior Deputy (State Bar No. 185776)
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 531-6230; Fax: (619) 531-6005
E-mail: stephanie.kish@sdcounty.ca.gov

Attorneys for Defendants Bonnie Dumanis and Steven Carroll

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN COBB,<br><br>Plaintiff,<br><br>v.<br><br>(1) J. REYES (ID 606);<br>(2) S. GUSTAFSON (ID 601);<br>(3) LT. TOM MORRIS (ID 691);<br>(4) WILLIAM MACINTYRE (ID 617);<br>(5) LT. DAVID ROSE (ID 690);<br>(6) UCSD POLICE CHIEF O. KING;<br>**Prosecutors:**<br>(7) MICHAEL HUDSON;<br>(8) MIKE AGUIRRE;<br>(9) BONNIE DUMANIS;<br>**Public Defenders :**<br>(10) SHANE MCKAY ;<br>(11) STEVEN CARROLL;<br>(12) Does 1 through 100,<br><br>Defendants. | No. 08-cv-0188-JAH-WMc<br><br>Date: May 27, 2008<br>Time: 2:30 p.m.<br>Dept.: Courtroom of the Honorable John A. Houston<br>Trial Date: None |

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

## TOPICAL INDEX

**Page**

TABLE OF AUTHORITIES ....................................................................-ii-

I INTRODUCTION .................................................................................. 1

II STATEMENT OF THE CASE ............................................................... 2

III SUMMARY OF PLAINTIFF'S ALLEGATIONS .................................. 3

A. Allegations Regarding District Attorney Dumanis ............................ 3

B. Allegations Regarding Public Defender Carroll ................................ 4

IV LEGAL STANDARDS APPLICABLE TO MOTIONS TO DISMISS ............................................................................................ 4

V PLAINTIFF'S FEDERAL CLAIMS SHOULD BE DISMISSED WITH PREJUDICE WITH RESPECT TO DISTRICT ATTORNEY DUMANIS AND PUBLIC DEFENDER CARROLL BECAUSE THEY ARE BARRED BY *HECK V. HUMPHREY* ................................ 5

VI PLAINTIFF'S FEDERAL CLAIMS SHOULD BE DISMISSED WITH PREJUDICE WITH RESPECT TO THE DISTRICT ATTORNEY BECAUSE, AS A STATE OFFICIAL, SHE IS NOT A "PERSON" WITHIN THE MEANING OF SECTION 1983 ..... 6

VII PLAINTIFF'S FEDERAL CLAIMS SHOULD BE DISMISSED WITH PREJUDICE WITH RESPECT TO THE PUBLIC DEFENDER BECAUSE HE DOES NOT ACT UNDER COLOR OF STATE LAW ......................................................................... 8

VIII PLAINTIFF'S STATE LAW CLAIMS SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND BECAUSE PLAINTIFF FAILED TO FILE A TIMELY CLAIM .................................................................. 10

IX CONCLUSION ...................................................................................... 11

# TABLE OF AUTHORITIES

**Page**

Baker v. McCollan, 443 U.S. 137 (1979) .......................................................... 5

Balistreri v. Pacifica Police Dept., 901 F.2d 696 (9th Cir. 1990) ....................... 4

Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336 (9th Cir. 1996) ......................... 4

Caldeira v. County of Kauai, 866 F.2d 1175 (9th Cir. 1989) ............................. 9

Campanelli v. Bockrath, 100 F.3d 1476 (9th Cir. 1996) ................................... 4

Carmen v. San Francisco Unified School Dist., 982 F.Supp. 1396
(N.D. Cal. 1997) ........................................................................................... 7

Ceballos v. Garcetti, 361 F.3d 1168 (9th Cir. 2004) ......................................... 7

Cohen v. Norris, 300 F.2d 24 (9th Cir. 1962) .................................................... 9

Farrell v. Placer County, 23 Cal.2d 624 (1944) ............................................... 10

Gomez v. Toledo, 446 U.S. 635 (1980) ............................................................ 8

Guerrero v. Gates, 357 F.3d 911 (9th Cir. 2004) .............................................. 5

Harman v. Mono General Hospital, 131 Cal.App.3d 607 (1982) .................... 10

Heck v. Humphrey, 512 U.S. 477 (1994) ...................................................... 5, 6

Hernandez v. County of Los Angeles, 42 Cal.3d 1020 (1986) ........................ 11

Hoffman v. Halden, 268 F.2d 280 (9th Cir. 1959) ........................................... 9

Imbler v. Pachtman, 424 U.S. 409 (1976) ......................................................... 7

McMillian v. Monroe County, 520 U.S. 781 (1997) ......................................... 7

**TABLE OF AUTHORITIES**
**(Cont'd)**

**Page**

McQuillion v. Schwarzenegger, 369 F.3d 1091 (9th Cir. 2004) ........................ 6

MGIC Indem. Corp. v. Weisman, 803 F.2d 500 (9th Cir. 1986) ....................... 4

Mier v. Owens, 57 F.3d 747 (9th Cir. 1995) ..................................................... 4

Miranda v. Clark County, 279 F.3d 1102 (9th Cir.) ("Miranda I") ................ 8, 9

Monell v. Department of Social Servs., 436 U.S. 658 (1978) .......................... 10

Phillips v. Desert Hospital Dist., 49 Cal.3d 699 (1989) .................................. 10

Pitts v. County of Kern, 17 Cal.4th 340 (1998) ................................................ 7

Polk County v. Dodson, 454 U.S. 312 (1981) ............................................... 8, 9

Poway Unified School Dist. v. Superior Ct., 62 Cal.App.4th 1496 (1998) ..... 10

Thornton v. City of St. Helens, 425 F.3d 1158 (9th Cir. 2005) .......................... 9

Torres v. County of Los Angeles, 209 Cal.App.3d 325 (1989) ....................... 10

Trerice v. Pederson, 769 F.2d 1398 (9th Cir. 1985) .......................................... 9

Weiner v. San Diego County, 210 F.3d 1025 (9th Cir. 2000) ............................ 7

Western Mining Council v. Watt, 643 F.2d 618 (9th Cir.) ................................ 4

Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989) .............................. 7

Williams v. Horvath, 16 Cal.3d 834 (1976) .................................................... 11

Williams v. Mariposa County Unified School Dist., 82 Cal.App.3d 843 (1978) ......................................................................................................... 11

Wood v. Riverside Gen. Hosp., 25 Cal.App.4th 1113 (1994) .......................... 11

## TABLE OF AUTHORITIES
## (Cont'd)

**Page**

## STATUTES

Federal Rules of Civil Procedure
Rule 12(b)(6) .......... 1, 4
Rule 56 .......... 4

Government Code
Section 911.2 .......... 10
Section 945.4 .......... 10
Section 950.2 .......... 10

Penal Code
Section 647(d) .......... 3

42 United States Code
Section 1983 .......... 2, 5, 6, 7, 8, 11
Section 1985 .......... 2, 6, 7, 8, 9, 11
Section 1985(2) .......... 2, 6, 8
Section 1985(3) .......... 2, 6
Section 1986 .......... 2, 6, 7, 9, 11

JOHN J. SANSONE, County Counsel (State Bar No. 103060)
County of San Diego
By STEPHANIE E. KISH, Senior Deputy (State Bar No. 185776)
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 531-6230; Fax: (619) 531-6005
E-mail: stephanie.kish@sdcounty.ca.gov

Attorneys for Defendants Bonnie Dumanis and Steven Carroll

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN COBB,<br><br>Plaintiff,<br><br>v.<br><br>(1) J. REYES (ID 606);<br>(2) S. GUSTAFSON (ID 601);<br>(3) LT. TOM MORRIS (ID 691);<br>(4) WILLIAM MACINTYRE (ID 617);<br>(5) LT. DAVID ROSE (ID 690);<br>(6) UCSD POLICE CHIEF O. KING;<br>**Prosecutors:**<br>(7) MICHAEL HUDSON;<br>(8) MIKE AGUIRRE;<br>(9) BONNIE DUMANIS;<br>**Public Defenders :**<br>(10) SHANE MCKAY ;<br>(11) STEVEN CARROLL;<br>(12) Does 1 through 100,<br><br>Defendants. | No. 08-cv-0188-JAH-WMc<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT<br><br>Date: May 27, 2008<br>Time: 2:30 p.m.<br>Dept.: Courtroom of the Honorable John A. Houston<br>Trial Date: None |

I

INTRODUCTION

San Diego County District Attorney Bonnie Dumanis and San Diego County Public Defender Steven Carroll (collectively, "Defendants") respectfully move for an order dismissing plaintiff's claims against them with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that *pro se* plaintiff John Cobb

("Plaintiff") has failed to state a claim upon which relief can be granted. Plaintiff alleges various claims for relief against Defendants pursuant to both federal and state law; however, all of Plaintiff's federal claims are barred because they necessarily imply the invalidity of his prior criminal conviction in Superior Court case number M992810. Moreover, the District Attorney is not a "person" within the meaning of 42 United States Code section 1983 (hereinafter "Section 1983") when prosecuting criminal cases, and the Public Defender is not a "state actor" against whom a lawsuit may be brought pursuant to Section 1983. Finally, Plaintiff's failure to file a tort claim with the County of San Diego bars his state law claims with respect to Defendants.

II

STATEMENT OF THE CASE

Plaintiff filed the instant complaint on January 31, 2008. The complaint sets forth 13 claims against various defendants pursuant to both state and federal law. With respect to District Attorney Dumanis and Public Defender Carroll, Plaintiff asserts the following claims:

Claim 1 – Violation of 42 U.S.C. § 1983

Claim 2 – Violation of 42 U.S.C. § 1983 "Conspiracy Claims"

Claim 3 – Violation of 42 U.S.C. § 1985

Claim 4 – Violation of 42 U.S.C. § 1985(2) "Conspiracies"

Claim 5 – Violation of 42 U.S.C. § 1985(3) "Conspiracies"

Claim 6 – Violation of 42 U.S.C. § 1986 "Neglect to Prevent"

Claim 9 – California Due Process Rights

Claim 10 – California Equal Protection Rights

Claim 11 – Intentional Infliction of Emotional Distress

Claim 12 – Negligent Infliction of Emotional Distress

Plaintiff served the District Attorney with his complaint on March 18, 2008; the Public Defender was served on March 25, 2008.

///

III

SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff's voluminous complaint documents his long history of interactions with the criminal justice system, beginning in "the early 1980's" (Complaint at 17:26-18:1) and culminating in his February 3, 2006 arrest by University of California campus police for violation of Penal Code section 647(d) (Disorderly Conduct – Loitering in Public Toilet for Purposes of Lewd/Lascivious Act). In his complaint, Plaintiff alleges the existence of a vast conspiracy involving police officers, prosecutors, defense attorneys, judges, businesses and business owners; the purpose of this conspiracy is to (1) "allow[] people to commit crimes against Plaintiff, John Cobb, while prosecuting John Cobb for anything possible…" (Complaint at 19:19-21) and (2) ensure Plaintiff's subsequent conviction.

A. Allegations Regarding District Attorney Dumanis.

Plaintiff sues the District Attorney in her official capacity. (Complaint at 4:19-20.) Plaintiff alleges that "all defendant prosecutors…have, by words and/or conduct, either explicitly and/or implicitly, authorized police officers to have engaged in conduct which violated Plaintiff's Constitutional rights." (Complaint at 10:9-12.) Plaintiff alleges that this conduct "has been ongoing for many years." (Complaint at 10:12.) Plaintiff further claims that "[p]rosecutors have engaged in discriminatory, selective, vindictive and retaliatory prosecutions of Plaintiff, over the years" and "[u]nreasonable probation terms are made." (Complaint at 10:14-15.) Later, Plaintiff alleges that district attorneys are "ratifying bad faith actions of police officers and witnesses, and are committing perjury, and artifice." (Complaint at 14:14-16.) Specifically, Plaintiff claims that "prosecutors have used perjured testimony to obtain convictions." (Complaint at 14:24-25.) Plaintiff submits evidence purportedly showing that a Deputy District Attorney used "perjured evidence" in a 1997 misdemeanor case. (Complaint at 15:24-26.)

///

///

B. Allegations Regarding Public Defender Carroll.

Plaintiff sues Public Defender Carroll in both his personal and official capacities. (Complaint at 4:24.) The Office of the Public Defender "provided Plaintiff with his defense counsel" in Superior Court case number M992810. (Complaint at 4:24-26.) Plaintiff alleges that public defenders are involved in the "prearranged plan" to "automatically and always convict any person who has been issued a citation by any police officer…." (Complaint at 19:4-5, 19:15-16.) Plaintiff further claims that public defenders violated his constitutional rights by "not revealing to John Cobb that he actually had not violated the law that he had been charged with violating." (Complaint at 18:22-23.)

IV

LEGAL STANDARDS APPLICABLE TO MOTIONS TO DISMISS

A motion to dismiss may be granted where there is either a lack of a cognizable legal theory upon which to grant relief or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Generally, the court's review is limited to the allegations of the complaint. *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996). The court must accept all factual allegations pleaded in the complaint as true, construing and drawing all reasonable inferences from the allegations in favor of the non-moving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996); *Mier v. Owens*, 57 F.3d 747, 750 (9th Cir. 1995). However, a court properly may take judicial notice of official records without converting a Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). Moreover, a court does not have to accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.), *cert. denied* 454 U.S. 1031 (1981).

///

///

V

PLAINTIFF'S FEDERAL CLAIMS SHOULD BE DISMISSED WITH PREJUDICE WITH RESPECT TO DISTRICT ATTORNEY DUMANIS AND PUBLIC DEFENDER CARROLL BECAUSE THEY ARE BARRED BY *HECK V. HUMPHREY*

Section 1983 provides a cause of action against government officials who, acting within the scope of their duties, have deprived an individual of any rights, privileges, or immunities guaranteed by the United States Constitution or other federal laws. 42 U.S.C. § 1983; *see also Baker v. McCollan*, 443 U.S. 137, 140 (1979). However, claims that necessarily imply the invalidity of an underlying conviction or sentence are not cognizable under Section 1983, based on the "hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). Thus,

> "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has ***not*** been so invalidated is not cognizable under section 1983. Thus, when a state prisoner seeks damages in a section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; it if would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."

*Id.* at 486-487 (citation omitted) (emphasis in original).

Wrongful arrest, malicious prosecution and conspiracy to bring false charges are among the claims which necessarily imply the invalidity of a conviction. *Guerrero v. Gates*, 357 F.3d 911, 916-917 (9th Cir. 2004). The fact that a plaintiff is no longer in custody and "thus may not be able to overturn his prior convictions by means of habeas corpus does not preclude *Heck*'s bar." *Id.* at 917. The principle established in *Heck* applies not only to claims brought pursuant to Section 1983, but also to conspiracy claims

///

brought under 42 United States Code sections 1985 and 1986. *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1097 n.4 (9th Cir. 2004).[1]

Plaintiff's First through Sixth Claims for Relief seek damages for the deprivation of his constitutional rights as against "all defendants" pursuant to Sections 1983, 1985 and 1986. Plaintiff's claims are based on the alleged conspiracy to subject him to "[s]elective, malicious and discriminatory prosecutions" over the years, including the most recent arrest and prosecution in February 2006 in case number M992810. Plaintiff alleges that the District Attorney maliciously prosecuted him, and that the District Attorney and Public Defender conspired to ensure his wrongful conviction. Plaintiff admits that he pleaded guilty in case number M992810. (Complaint at 4:23-24.) Plaintiff does not allege that any of the prior convictions about which he complains have been reversed, expunged, declared invalid, or called into question by the issuance of a writ of habeas corpus. Accordingly, *Heck* mandates that Plaintiff's First through Sixth Claims for Relief be dismissed with prejudice with respect to the District Attorney and Public Defender.

VI

PLAINTIFF'S FEDERAL CLAIMS SHOULD BE DISMISSED WITH PREJUDICE WITH RESPECT TO THE DISTRICT ATTORNEY BECAUSE, AS A STATE OFFICIAL, SHE IS NOT A "PERSON" WITHIN THE MEANING OF SECTION 1983

Section 1983 provides in relevant part that:

> "Every ***person*** who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…."

---

[1] 42 United States Code section 1985 ("Section 1985") provides a cause of action against those persons who conspire to interfere with court proceedings ("the due course of justice") or deprive another of the equal protection of the laws. See 42 U.S.C. § 1985(2), (3). 42 United States Code section 1986 ("Section 1986") provides a cause of action against those persons who have knowledge of and fail to prevent harms caused by conspiracies pursuant to Section 1985. See 42 U.S.C. § 1986.

42 U.S.C. § 1983 (emphasis added).

Neither states nor state officials are "persons" within the meaning of Section 1983; both are entitled to the immunity afforded by the Eleventh Amendment. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 63-64, 71 (1989).[2] Federal courts must rely upon state law to determine whether a government official acts on behalf of the state, as opposed to a local municipal agency, for Section 1983 purposes. *McMillian v. Monroe County,* 520 U.S. 781, 786 (1997). The Ninth Circuit Court of Appeals has recognized that "[t]he California Supreme Court is the ultimate interpreter of California State law." *Weiner v. San Diego County*, 210 F.3d 1025, 1029 (9th Cir. 2000). California law clearly holds that district attorneys are state officials when they act in their prosecutorial capacity. *Pitts v. County of Kern,* 17 Cal.4th 340, 345 (1998). The California Supreme Court's holding in *Pitts* has been followed by the Ninth Circuit. *Weiner*, 210 F.3d at 1030; *see also Ceballos v. Garcetti*, 361 F.3d 1168, 1182-85 (9th Cir. 2004), *rev'd* 547 U.S. 410 (2006).

As noted *supra*, Plaintiff sues District Attorney Dumanis in her official capacity, alleging that prosecutors in the Office of the District Attorney have "engaged in discriminatory, selective, vindictive and retaliatory prosecutions of Plaintiff, over the years" and "used perjured testimony to obtain convictions." (Complaint at 10:14-15, 14:24-25.) These alleged actions clearly fall within the District Attorney's prosecutorial function. Thus, she is acting as a state official and is shielded from liability by the immunity provided by the Eleventh Amendment.[3] Plaintiff's federal claims should be dismissed with prejudice with respect to District Attorney Dumanis.

///

///

---

[2] Eleventh Amendment immunity applies to claims pursuant to Section 1985 and Section 1986 as well because "person" has the same meaning under those sections as it does under Section 1983. *Carmen v. San Francisco Unified School Dist.*, 982 F.Supp. 1396, 1404-1405 (N.D. Cal. 1997).

[3] Of note, had Plaintiff sued the District Attorney in her ***personal*** capacity, she still would be entitled to absolute prosecutorial immunity from federal liability under Section 1983 when acting within the scope of her duties in initiating and pursuing a criminal prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976).

VII

PLAINTIFF'S FEDERAL CLAIMS SHOULD BE DISMISSED WITH PREJUDICE WITH RESPECT TO THE PUBLIC DEFENDER BECAUSE HE DOES NOT ACT UNDER COLOR OF STATE LAW

A plaintiff who asserts a claim for relief pursuant to Section 1983 must satisfy two elements. First, "the plaintiff must allege that some person has deprived him of a federal right," and second, "he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

The United States Supreme Court has held that "a public defender does ***not*** act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (emphasis added). This includes a public defender's pre-trial activities, namely interviewing and subpoenaing witnesses and investigation. *Miranda v. Clark County*, 279 F.3d 1102 (9th Cir.) ("*Miranda I*"), *reh'g granted* 295 F.3d 1380 (9th Cir. 2002), *aff'd in part and rev'd in part*, 319 F.3d 465 (9th Cir. 2003) ("*Miranda II*").

The Supreme Court based its holding in *Polk County* on the duty of loyalty owed by a defense attorney to his clients. This duty requires a defense attorney, whether privately retained, appointed or a public defender, to act not on behalf of or in concert with the State, but rather in opposition to the State, to advance "the undivided interests of his client." *Polk County*, 454 U.S. at 318-319. The *Polk County* Court observed that "it is the function of the public defender to enter 'not guilty' pleas, move to suppress State's evidence, object to evidence at trial, cross-examine State's witnesses, and make closing arguments in behalf of defendants," and stated that it was "peculiarly difficult to detect any color of state law" in such adversarial activities. *Id.* at 320.

In holding that *Polk County* encompasses pre-trial activities, the Ninth Circuit observed that "[o]ne doesn't have to be steeped in the works of Erle Stanley Gardner to recognize that a lawyer is hired as much for the exercise of his pre-trial professional

///

judgment concerning the evaluation and interviewing of witnesses, as for his prowess in front of the judge and jury." *Miranda I*, 279 F.3d at 1109.

In the instant case, Plaintiff contends that public defenders are involved in the "prearranged plan" to "automatically and always convict any person who has been issued a citation by any police officer…." (Complaint at 19:4-5, 19:15-16.) Plaintiff further alleges that public defenders violated his constitutional rights by "not revealing to John Cobb that he actually had not violated the law that he had been charged with violating." (Complaint at 18:22-23.) As an initial matter, although Plaintiff sues Public Defender Carroll in his personal capacity, he does not allege any facts indicating that Mr. Carroll was personally involved in any of the cases about which he complains. Assuming, *arguendo*, that Mr. Carroll was personally involved in one or more of Plaintiff's cases, the actions complained of by Plaintiff clearly pertain to the Public Defender's performance as Plaintiff's criminal defense counsel. Pursuant to *Polk County* and *Miranda I,* he was not acting under color of state law at the time and Plaintiff's Section 1983 causes of action therefore must fail.[4]

///

///

///

///

///

///

///

[4] Plaintiff's Section 1985(2) claim also must fail because that section also requires that the conspirators be acting "under color of law." *Hoffman v. Halden*, 268 F.2d 280 (9th Cir. 1959), *ovrld in part* by *Cohen v. Norris*, 300 F.2d 24 (9th Cir. 1962). Moreover, Plaintiff's Section 1985 claims must fail in their entirety as they are based upon the same set of facts as his Section 1983 claims. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1168 (9th Cir. 2005); *see also Caldeira v. County of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989). Finally, Plaintiff's Section 1986 cause of action must fail because it is derivative of his Section 1985 claims. "[A] cause of action is not provided under 42 U.S.C. § 1986 absent a valid claim for relief under section 1985." *Trerice v. Pederson*, 769 F.2d 1398, 1403 (9th Cir. 1985).

Accordingly, Plaintiff's federal civil rights claims should be dismissed without leave to amend with respect to Public Defender Carroll in his personal capacity.[5]

VIII

PLAINTIFF'S STATE LAW CLAIMS SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND BECAUSE PLAINTIFF FAILED TO FILE A TIMELY CLAIM

"To initiate litigation against a public entity, it is well established that a plaintiff must first file a claim under the claims act." *Poway Unified School Dist. v. Superior Ct.*, 62 Cal.App.4th 1496, 1502 (1998), *review denied*; *see also Torres v. County of Los Angeles*, 209 Cal.App.3d 325, 337 (1989), *review denied* (submission of timely claim to public agency is condition precedent to tort action). Government Code section 945.4 sets forth this "well established" law, providing in pertinent part that "no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented…until a written claim therefore has been presented to the public entity…." Cal. Govt. Code § 945.4. The aggrieved party must present its claim to the entity within six months of the accrual of the claim. Cal. Govt. Code § 911.2. Notably, failure to file a timely claim with a public entity also bars subsequent suits against that entity's employees. Cal. Govt. Code § 950.2; *see also Harman v. Mono General Hospital*, 131 Cal.App.3d 607, 613 (1982).

This time limitation is mandatory. *Farrell v. Placer County*, 23 Cal.2d 624, 630 (1944); *see also Phillips v. Desert Hospital Dist.*, 49 Cal.3d 699, 708 (1989) (submission of a claim to a public entity pursuant to section 900 *et seq.* "is a condition precedent to a tort action and the failure to present the claim bars the action"). Like all statutes of

---

[5] Plaintiff also purports to sue the Public Defender in his ***official*** capacity; however, a suit against a public employee in his official capacity is the equivalent of a suit against the public entity employer. See *Monell v. Department of Social Servs.*, 436 U.S. 658, 690 n.55 (1978) (explaining that "official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent…."). In the instant case, the County of San Diego is not a defendant. The County is not identified as a defendant in the caption of Plaintiff's complaint, and Plaintiff has not served the County with process as required by the Code of Civil Procedure. Accordingly, the claims against the Public Defender in his official capacity also should be dismissed.

limitation, it serves to "protect[] a governmental entity from having to respond to a claim many years after the accrual of the action." *Hernandez v. County of Los Angeles*, 42 Cal.3d 1020, 1030 (1986), *review denied*; *see also Williams v. Mariposa County Unified School Dist.*, 82 Cal.App.3d 843, 850 (1978) (the time limit for filing an application with a public entity under the California Tort Claims Act is comparable to a statute of limitations). Moreover, it expresses the intent of the Tort Claims Act "not to expand the rights of plaintiffs in suits against governmental entities, but to confine potential governmental liability to rigidly delineated circumstances…." *Williams v. Horvath*, 16 Cal.3d 834, 838 (1976).

In the instant case, Plaintiff fails to allege that he filed a claim with the County regarding any of the alleged malicious prosecutions of which he complains. The only claim Plaintiff alleges he filed was with the State of California, regarding the actions of the UCSD campus police. The claim apparently was rejected in December of 2007. (Complaint, Exhibits 46 and 47.) Because timely submission of a claim to the County is a condition precedent to any tort action under state law, Plaintiff has failed to state a claim against the County's employees. Plaintiff has not alleged an "essential element" of his claims. *See Wood v. Riverside Gen. Hosp.*, 25 Cal.App.4th 1113, 1119-20 (1994). Accordingly, this motion to dismiss should be granted.

## IX

## CONCLUSION

Because (1) Plaintiff's prior conviction bars his claims pursuant to 42 United States Code sections 1983, 1985 and 1986; (2) the District Attorney in her official capacity is not a "person" within the meaning of Section 1983 and is protected by the immunity afforded by the Eleventh Amendment; (3) the Public Defender does not act "under color of law" when defending his clients; and (4) Plaintiff fails to allege timely

///

///

///

compliance with the requirements of the California Tort Claims Act, Defendants respectfully request that all of Plaintiff's claims against them be dismissed with prejudice, and that a judgment of dismissal be entered in their favor.

DATED: April 7, 2008

Respectfully submitted,

JOHN J. SANSONE, County Counsel

By: s/ STEPHANIE E. KISH, Senior Deputy
Attorneys for Defendants Bonnie Dumanis
and Steven Carroll
E-mail: stephanie.kish@sdcounty.ca.gov