Alfred De La Cruz, Esq. State Bar No. 151388
John P. Cogger, Esq. State Bar No. 172808
MANNING & MARDER
KASS, ELLROD, RAMIREZ LLP
550 West "C" Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 515-0269
Facsimile: (619) 515-0268
amd@mmker.com
jpc@mmker.com

Attorneys for Defendants JEFF REYES,
SCOTT GUSTAFSON, TOM MORRIS and ORVILLE KING

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John Cobb, Plaintiff,<br><br>vs.<br><br>1.) J. Reyes (ID 606);<br>2.) S. Gustafson (ID 601);<br>3.) Lt. Tom Morris (ID 691);<br>4.) William MacIntyre (ID 617);<br>5.) Lt. David Rose (ID 690);<br>6.) U.C.S.D. Police Chief O. King;<br><br>Prosecutors:<br>7.) Michael Hudson;<br>8.) Mike Aguirre;<br>9.) Bonnie Dumanis;<br><br>Public Defenders:<br>10.) Shane McKay;<br>11.) Steven Carroll;<br>12.) Does 1 through 100;<br><br>Defendants. | CASE NO. 08 CV 0188 JAH WMc<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS BY DEFENDANTS JEFF REYES, SCOTT GUSTAFSON, TOM MORRIS, AND ORVILLE KING**<br><br>**[Federal Rule of Procedure 12(b)(6)]**<br><br>Date: May 27, 2008<br>Time: 2:30 p.m.<br>Courtroom: 11 (2nd Floor)<br>Judge: Hon. John A. Houston<br><br>**[NO ORAL ARGUMENT PURSUANT TO LOCAL RULE 7.1(d)(1)]** |

# TOPICAL INDEX

**Page**

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

MEMORANDUM OF POINTS AND AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I. THE DEFENDANT OFFICERS ARE ENTITLED TO ELEVENTH AMENDMENT IMMUNITY. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. DEFENDANTS DO NOT QUALIFY AS "PERSONS" UNDER SECTION 1983. . . . . . . . 3

III. PLAINTIFF’S CLAIMS FOR VIOLATION OF SECTION 1983 SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM.. . . . . . . . . . . . . . 4

IV. DEFENDANTS ARE IMMUNE FROM LIABILITY FOR INFLICTION OF EMOTIONAL DISTRESS.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

V. PLAINTIFF'S SECTION 1983 CLAIM AGAINST THE INDIVIDUALS IS BARRED BY THE QUALIFIED IMMUNITY APPLICABLE TO ALL PUBLIC OFFICIALS WHO CARRY OUT EXECUTIVE AND ADMINISTRATIVE FUNCTIONS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

VI. PLAINTIFF FAILS TO ESTABLISH A CLAIM UNDER SECTION 1985(3). . . . . . . . . . . 6

VII. THE ALLEGATIONS IN THE COMPLAINT ARE NOT SUFFICIENT TO SUPPORT A CLAIM FOR PUNITIVE DAMAGES. . . . . . . . . . . . . . . . . . . . . . . . . . . 7

VIII. PLAINTIFF FAILS TO STATE A CAUSE OF ACTION AGAINST DEMURRING DEFENDANTS DUE TO HIS FAILURE TO IDENTIFY A SINGLE STATUTE UPON WHICH LIABILITY MIGHT BE PREDICATED.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

IX. PLAINTIFF’S COMPLAINT SHOULD BE DISMISSED AND A MORE DEFINITE STATEMENT REQUIRED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## TABLE OF AUTHORITIES

**Page**


Anderson v. District Bd. of Trustees, 77 F.3d 364 (11th Cir. 1996). . . . . . . . . . 10

Ballistreri v. Pacifica Police Dept. (9th Cir. 1990) 901 F.2d 696. . . . . . . . . . 4

Bautista v. Los Angeles County, 216 F.3d 837 (9th Cir. 2000). . . . . . . . . . 10

BV Engineering v. University of California, Los Angeles, 858 F.2d 1394 (9th Cir. 1988). . . . . . . . 2

Jackson v. Hayakawa, 682 F.2d 1344 (9th Cir. 1982). . . . . . . . . . 2

Caldeira v. County of Kauai, 866 F.2d 1175, 1181 (9th Cir. 1989). . . . . . . . . . 6

Chapman v. Houston Welfare Rights Organization, 441 U.S. 600 (1979). . . . . . . . . . 4

Citizens Capital Corp. v. Spohn, 133 Cal.App.3d 887 (1982). . . . . . . . . . 5

Cohen v. San Bernardino Valley College (9th Cir. 1996) 92 F.3d 968. . . . . . . . . . 6

Crawford-El v. Britton, 523 U.S. 574 (1998). . . . . . . . . . 11

Dang v. Cross, 422 F.3d 800 (9th Cir. 2005). . . . . . . . . . 7

Eastburn v. Regional Fire Protection Authority, (2003) 31 Cal.4th 1175. . . . . . . . . . 8, 9

Galbraith v. County of Santa Clara, 307 F. 3d 1119 (9th Cir. 2002). . . . . . . . . . 10

Ghazali v. Moran, 46 F.3d 52 (9th Cir.). . . . . . . . . . 10

Graham v. Connor, 490 U.S. 386 (1989). . . . . . . . . . 4

Griffin v. Breckenridge, 403 U.S. 88 (1971). . . . . . . . . . 6

Harlow v. Fitzgerald (1982) 457 U.S. 800. . . . . . . . . . 5, 6

Harshberger v. City of Colton (1988) 197 Cal.App.3d 1335. . . . . . . . . . 8

Hoff v. Vacaville Unified School Dist. (1998) 19 Cal.4th 925. . . . . . . . . . 9

Hughes v. Rowe, 449 U.S. 5 (1980). . . . . . . . . . 11

Johnson v. City of Pacifica, 4 Cal.App.3d 82 (1970). . . . . . . . . . 5

Lehto v. City of Oxnard (1985) 171 Cal.App.3d 285. . . . . . . . . . 8

McHenry v. Renne, 84 F.3d 1172 (9th Cir. 1996). . . . . . . . . . 10, 11

Mitchell v. Forsyth (1985) 472 U.S. 511. . . . . . . . . . 5, 6

Mitchell v. Los Angeles Community College District (9th Cir. 1988) 861 F.2d 198. . . . . . . . . . 2

O'Connor v. Donaldson (1975) 422 U.S. 563. . . . . . . . . . 6

Pelletier v. Zweifel, 921 F.2d 1465 (11th Cir. 1991). . . . . . . . . . . 11

Regents of the University of California v. Doe, 519 U.S. 425 (1997). . . . . . . . . . . 1, 2

Searcy v. Hemet Unified School District (1986) 177 Cal.App.3d 792. . . . . . . . . . . 8

Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002). . . . . . . . . . . 11

United Steel Workers of America v. Phelps Dodge, 865 F.2d 1539 (9th Cir. 1989). . . . . . . . . . . 6

Will v. Michigan Department of State Police (1989) 491 U.S. 58. . . . . . . . . . . 3, 4

Wood v. Strickland (1975) 420 U.S. 308. . . . . . . . . . . 6

## STATUTES

Civil Code
Section 1714. . . . . . . . . . . 9

Federal Rules of Civil Procedure
Rule 8(a)(2). . . . . . . . . . . 10, 11
Rule 12(b)(6). . . . . . . . . . . 4
Rule 84. . . . . . . . . . . 10

Government Code
Section 815. . . . . . . . . . . 7, 8
Section 815.2. . . . . . . . . . . 5
Section 815(a). . . . . . . . . . . 7
Section 821.6. . . . . . . . . . . 5

42 United States Code
Section 1983. . . . . . . . . . . 1, 2, 3, 4, 5, 6
Section 1985. . . . . . . . . . . 1, 3
Section 1985(3). . . . . . . . . . . 6, 7
Section 1986. . . . . . . . . . . 1, 3

Witkin California Civil Procedure
Volume 4, Pleading Section 579. . . . . . . . . . . 7

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

In his Complaint, which was filed on January 31, 2008, plaintiff JOHN COBB alleges that, as part of a vast conspiracy within the justice system, he was unlawfully stopped and issued a ticket by UCSD police officer J. REYES and S. GUSTAFSON on February 3, 2006 for a violation of Penal Code section 647(d). (Complaint at Page 2, lines 22-29.) Plaintiff alleges regarding this incident, that he was wrongfully cited, searched, photographed, and assaulted. (Complaint at Page 7, lines 2-16.) Regarding this incident, Plaintiff names Defendants J. REYES, S. GUSTAFSON, LT. TOM MORRIS, and U.C.S.D. POLICE CHIEF O. KING.

Plaintiff further includes allegations regarding an incident which occurred in 1993 involving Defendants WILLIAM MACINTYRE and DAVID ROSE. (Complaint at Page 3, lines 8-29.) Those allegations are addressed in a separately filed Motion to Dismiss.

Plaintiff alleges a number of causes of action against a multitude of police officers, city attorneys, prosecutors and defense attorneys based upon his arrest and subsequent conviction to the 2006 citation.

## I. THE DEFENDANT OFFICERS ARE ENTITLED TO ELEVENTH AMENDMENT IMMUNITY

Plaintiff alleges claim pursuant to 42 U.S.C. §§ , 1985, and 1986 against defendants, as well as assault and battery against Officers Reyes and Gustafson, false imprisonment, violation of due process rights, equal protection rights, and, injunctive relief. The federal civil rights claims should be dismissed because Officer Reyes, Officer Gustafson, and Officer Morris (hereinafter, "the Defendant Officers") in their official capacities are immune from suit under federal law.

Pursuant to the Eleventh Amendment, the Regents of the University of California and the the Defendant Officers are state actors and immune from suit under section 1983 in federal court. "[I]t has long been settled that the reference to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities." *Regents of the University of California v. Doe*, 519 U.S. 425, 429 (1997).

In Regents, a prospective employee brought suit against the Regents for breach of contract. The prospective employee was not hired when he was denied a required security clearance. At the time, the Regents operated the Lawrence Livermore Lab under a contract with the Federal government. The Supreme Court held that the Regents enjoyed Eleventh Amendment protection from suit in federal court. *Id.*

Lower courts have also held that the Regents are immune from suit under the Eleventh Amendment. *See BV Engineering v. University of California, Los Angeles*, 858 F.2d 1394, 1395 (9th Cir. 1988) (holding that the Regents are "considered to be instrumentalities of the state," and "enjoy the same immunity as the state of California"); *Jackson v. Hayakawa*, 682 F.2d 1344, 1350 (9th Cir. 1982) (noting that the Regents and the individual defendants sued in their official capacities entitled to invoke the Eleventh Amendment immunity").

The Eleventh Amendment to the federal Constitution bestows immunity on states and their agents for damage suits under section 1983. (*Mitchell v. Los Angeles Community College District* (9th Cir. 1988) 861 F.2d 198, 201, cert. denied, 490 U.S. 1081 [L.Ed.2d 663, 109 S.Ct. 2102, 104 (1989)] ("Under the eleventh amendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court.)" Mitchell specifically held that, since a California college district was in fact an "arm of the state" or "state agency," a section 1983 claim could not lie against it. Id.

The Regents of the University of California ("The Regents") and the entities it administers, including specifically the University of California, San Diego, qualify as state agencies which are entitled to Eleventh Amendment immunity. *Jackson v. Hayakawa* (9th Cir. 1982) 682 F.2d, 1344, 1350 ("the University of California and the Board of Regents are considered to be instrumentalities of the state for purposes of the Eleventh Amendment"); ("California cases demonstrate that California state colleges and universities are dependent instrumentalities of the state" and therefore protected by the Eleventh Amendment) (internal quotations and citations omitted); *Regents of the University of California v. Doe* (1997) 137 L.Ed. 2d, 55, 60.

In *Mitchell*, several individual defendants were sued in both official and individual capacities, but the trial court found that "all the facts alleged in plaintiff's complaint related to

actions by the individual defendants in their official capacities, acting within the course and scope of their employment." The Ninth Circuit Court of Appeals affirmed, applying Eleventh Amendment immunity to bar the section 1983 claim across the board. *Mitchell*, *supra*, 861 F.2d at 201.

Here, as in *Mitchell*, Plaintiff has alleged that Defendants are arms of the State of California:

"The University of California at San Diego Police Department (U.C.S.D. Police Department) is the employer of all named U.C.S.D. police officers.." (Complaint, page 4, lines 9-10).

An examination of the Complaint confirms that no act it alleges is anything other than an official act. Plaintiff's sections 1983/1985/1986 claims are therefore barred against all Defendants by the Eleventh Amendment, and the First Amended Complaint should therefore be dismissed without leave to amend.

Based on the foregoing, the Court should find that the Defendant Officers, in their official capacity, are considered State actors who enjoy Eleventh Amendment immunity. Therefore, the Court should dismiss the Complaint without leave to amend as to the Defendant Officers in their official capacity.

## II. DEFENDANTS DO NOT QUALIFY AS "PERSONS" UNDER SECTION 1983

Plaintiff's claims under section 1983 are further barred because that statute is interpreted to exclude from the definition of "persons" against whom suit may be brought, all persons who are entitled to Eleventh Amendment immunity.

Section 1983 provides, in pertinent part, that:

"[e]very **person** who, under color of any statute, ordinance, regulation, custom, or usage, or any State subjects, or causes to be subjected, any citizen of the United States to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." (42 U.S.C. §§ 1983 [emphasis added].)

The Supreme Court of California, in *Will v. Michigan Department of State Police* (1989) 491 U.S. 58, 65, [105 L.Ed.2d 45, 109 S.Ct. 2304, 2309], confirmed that "a State is not a 'person' within the meaning of section 1983," and that suit could not be brought against the state in federal or state court for a section 1983 violation.

The court in *Will* based its conclusion, in part, on an analysis of the Eleventh Amendment immunity afforded state actors. The court determined that the definition of "person" to exclude states from an action founded on section 1983 was consistent with general Eleventh Amendment immunities:

"Given that a principal purpose behind the enactment of §§ 1983 was to provide a federal forum for civil rights claims, and that Congress did not provide such a federal forum for civil rights claims against States, we cannot accept [the] argument that Congress intended nevertheless to create a cause of action against States to be brought in state courts, which are precisely the courts Congress sought to allow civil rights claimants to avoid through 1983." (*Will*, 491 U.S. at 66, 109 S.Ct. at 2310.)

A complaint should be dismissed where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Dismissal can be based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *(Ballistreri v. Pacifica Police Dept.* (9th Cir. 1990) 901 F.2d 696, 699 (citations omitted).)

Plaintiff's claim are based in 42 United States Code section 1983, but the Eleventh Amendment to the Constitution provides Defendants with immunity to suit under section 1983, and Defendants do not qualify as "persons" under that statute.

Defendants therefore request, under rule 12(b)(6) of Federal Rules of Civil Procedure, that the First Amended Complaint be dismissed without leave to amend for failure to state a claim.

## III. PLAINTIFF'S CLAIMS FOR VIOLATION OF SECTION 1983 SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

Plaintiff contends that the Defendant Officers violated his rights as part of a vast conspiracy against him. None of these allegations are sufficient to state a claim under section 1983.

Section 1983 does not confer any substantive rights. It is only a vehicle for asserting violations of federal constitutional and statutory rights. *Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600, 617-18 (1979). The analysis of a section 1983 claim "begins by identifying the specific constitutional right allegedly infringed[.]" *Graham v. Connor*, 490 U.S. 386, 394 (1989).

As plead, Plaintiff's allegations are deficient, and Plaintiff's claim should be dismissed with prejudice.

## IV. DEFENDANTS ARE IMMUNE FROM LIABILITY FOR INFLICTION OF § EMOTIONAL DISTRESS

"A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." Government Code § 821.6. Section 821.6 is not limited to malicious prosecution claims. *Citizens Capital Corp. v. Spohn*, 133 Cal.App.3d 887, 889, 184 Cal.Rptr. 269 (1982).

In *Johnson v. City of Pacifica*, 4 Cal.App.3d 82, 84 Cal.Rptr. 246 (1970), plaintiff was arrested and jailed on forgery charges. He filed suit alleging, among other things, that "[t]he officers' investigation of the check offenses was 'negligently' conducted in that they failed to follow 'established police practices' . . . ." Defendants' demurrer to the second amended complaint was sustained without leave to amend. *Id.* at 83-84. The Court held that "the officers were immune from liability under Government Code 821.6, and the city . . . immune under subdivision (b) of section 815.2."

Plaintiffs' claims for infliction of emotional distress related to the arrest therefore fails.

## V. PLAINTIFF'S SECTION 1983 CLAIM AGAIN¢ST THE INDIVIDUALS IS BARRED BY THE QUALIFIED IMMUNITY APPLICABLE TO ALL PUBLIC OFFICIALS WHO CARRY OUT EXECUTIVE AND ADMINISTRATIVE FUNCTIONS

The individual defendants are qualifiedly immune from suit and liability for damages because Plaintiff fails to plead that they violated clearly established statutory or constitutional rights of which a reasonable person would have known. (*Harlow v. Fitzgerald* (1982) 457 U.S. 800, 818; *Mitchell v. Forsyth* (1985) 472 U.S. 511, 525-526 ["Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."].)

Plaintiff asserts that the individual defendants are also being sued in their individual capacities, as opposed to official capacities only. Although the California Government Code

immunities are inapplicable to a section 1983 claim, a common law immunity exists that protects public employees who are sued in their personal capacities. (*Harlow v. Fitzgerald*, supra. at 807.) This qualified immunity is not merely an immunity from liability, but an "immunity from suit" meaning an immunity from the burdens of trial and even from pretrial discovery. (*Mitchell v. Forsyth, supra*. at 526.) Moreover, this immunity applies to all public officials who carry out executive and administrative functions. (*Wood v. Strickland* (1975) 420 U.S. 308, overruled on other grounds in *Harlow*, *supra*. 457 U.S. 800; *O'Connor v. Donaldson* (1975) 422 U.S. 563.) The activities covered by this qualified immunity include employment activities, such as evaluating and disciplining academic employees. (*Cohen v. San Bernardino Valley College* (9th Cir. 1996) 92 F.3d 968, 973 ["government officials performing discretionary functions, such as . . . demoting, evaluating and disciplining employees are entitled to qualified immunity . . . ."].) Here, the alleged wrongful activities fall squarely within the qualified immunity applicable to public officials carrying out executive or administrative functions.

As such Plaintiff's claims against the Defendant Officers fail.

**VI. PLAINTIFF FAILS TO ESTABLISH A CLAIM UNDER SECTION 1985(3)**

Plaintiff claims that the Defendant Officers "conspired to deprive the plaintiff of equal protection of the laws under 42 U.S.C.A. 1985(3) . . . ." However, plaintiff has failed to allege facts sufficient to state a claim under section 1985(3).

A plaintiff can maintain a cause of action under section 1985(3) only if he proves (1) the existence of a conspiracy, (2) for the purpose of depriving a person of equal protection, (3) with an act committed in furtherance of the conspiracy, (4) he was injured in his person or property or deprived of a constitutional right, and there was "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102-103 (1971).

A conspiracy cannot exist unless there is a "meeting of the minds" between the defendants to violate the plaintiff's constitutional right. *Caldeira v. County of Kauai*, 866 F.2d 1175, 1181 (9th Cir. 1989). Each participant must share the common objective of the conspiracy. *United Steel Workers of America v. Phelps Dodge*, 865, F.2d 1539, 1541 (9th Cir. 1989).

Plaintiff has failed to set forth any facts to support his claim that the Defendant Officers had a meeting of the minds to conspire against Plaintiff. Therefore, plaintiff has not set forth facts sufficient to state a cause of action under section 1985(3) and the motion to dismiss should be granted as to that claim.

**VII. THE ALLEGATIONS IN THE COMPLAINT ARE NOT SUFFICIENT TO SUPPORT A CLAIM FOR PUNITIVE DAMAGES**

In the Complaint, plaintiff alleges that Officer Reyes and Officer Gustafson stopped him without probable cause and improperly issued him a citation for lewd behavior. Plaintiff then prays for an award of punitive damages against all Defendants. None of the allegations in the Complaint are sufficient to support an award of punitive damages against Officer Reyes or Officer Gustafson which can only be awarded based on conduct which is malicious, oppressive or in reckless disregard for plaintiff's constitutional rights. *Dang v. Cross*, 422 F.3d 800, 808 (9th Cir. 2005).

Therefore, the Court should grant the motion to dismiss as to plaintiff's claim for punitive damages.

**VIII. PLAINTIFF FAILS TO STATE A CAUSE OF ACTION AGAINST DEMURRING DEFENDANTS DUE TO HIS FAILURE TO IDENTIFY A SINGLE STATUTE UPON WHICH LIABILITY MIGHT BE PREDICATED**

In California, all governmental tort liability must be based upon statute (*see*, Gov. Code §815). Because claims against public entities are entirely statutory, "the rule that statutory causes of action must be specifically pleaded applies and every element of the statutory basis for liability must be alleged." (4 Cal. Witkin Procedure, Pleading, section 579.)

Indeed, plaintiff's action is subject to the "California Tort Claims Act;" she pleads as much in the Second Amended Complaint [see, SAC paras. 21 to 22] Government Code §815(a) provides:

> *"Except as otherwise provided by state:"*
>
> "A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." (Emphasis added)

Several cases support this limitation in the ability of a party to sue a governmental entity. In

*Harshberger v. City of Colton* (1988) 197 Cal.App.3d 1335, the court explained that Government Code §815 "abolished all common law or judicially declared forms of liability for public entities, except for such liability as may be required by the federal or state constitutions. Thus, in the absence of some constitutional requirement, *public entities may be liable only if a statute declares them to be liable*" (see, *Harshberger*, supra, 197 Cal.App.3d at p. 2339; Emphasis added).

In *Lehto v. City of Oxnard* (1985) 171 Cal.App.3d 285, the court stated:

> "Based upon the manifest intent underlying §.6, we think it obvious that a litigant seeking to plead the breach of a mandatory duty must specifically allege the applicable statute or regulation. Only by so doing may the public entity be advised of the factual and legal basis of the claim against it [citation]. Without this requirement of specificity in pleading, a court would be hard pressed to determine whether the enactment relied upon was intended to impose an obligatory duty to take official action to prevent foreseeable injuries or whether it was merely advisory in character. *Lehto*, *supra*, 171 Cal.App.3d at pp. 292-293 (Emphasis added).

As stated in *Searcy v. Hemet Unified School District* (1986) 177 Cal.App.3d 792:

> "Duty cannot be alleged simply by stating 'Defendant had a duty under the law'; that is a conclusion of law, not an allegation of fact. The facts showing the existence of the claimed duty must be alleged [citation]. Since the duty of a government entity can only be created by statute or 'enactment,' the state or 'enactment' claimed to establish the duty must at the very least be identified." *Searcy*, *supra*, 177 Cal.App.3d at p. 802 (Emphasis added).

This principle is also confirmed in *Eastburn v. Regional Fire Protection Authority*, (2003) 31 Cal.4th 1175. In that action, the California Supreme Court of appeal affirmed the trial court's judgment of dismissal by way of demurrer without leave to amend in favor of defendants, public entities who employed emergency dispatchers. Plaintiffs claimed that the minor suffered injury

because the entities failed to dispatch emergency personnel with emergency equipment. Because plaintiffs failed to identify an independent statutory basis for imposing liability on defendants, as required by Cal. Gov't Code §, defendants were immune for the acts or omissions of the 911 emergency dispatchers absent a showing of bad faith or gross negligence (*Id.* at pp.'s 1178-1179).

> "As previously noted, '[a] public entity is not liable for an injury,' '[e]xcept as otherwise provided by statute.' (Gov. Code, §.) In other words, direct tort liability of public entities must be based on a specific statute declaring them to be liable, or at least creating some specific duty of care, and not on the general tort provisions of Civil Code §1714. Otherwise, the general rule of immunity for public entities would be largely eroded by the routine application of general tort principles." (*See*, *e.g.*, *Zelig*, *supra*, 27 Cal.4th at pp. 1131-1132; *Hoff v. Vacaville Unified School Dist*. (1998) 19 Cal.4th 925, 932 [80 Cal.Rptr.2d 811, 968 P.2d 522], and cases cited.) As *Zelig* observed, quoting from an earlier case, "'*the intent of the [Tort Claims Act] is not to expand the rights of plaintiffs in suits against governmental entities, but to confine potential governmental liability to rigidly delineated circumstances. . . ..'*" (*Zelig, supra*, at p. 1127) (at p. 1183) (Emphasis added).

Thus, direct tort liability of public entities must be based on a specific statute declaring them to be liable, or at least creating some specific duty of care, and not on the general tort provisions of Civ. Code, §1714.

The Supreme Court holding in Eastburn has equal application to this case. Not only has plaintiff failed to set forth any allegations of negligent training or supervision, she has completely neglected to identify any statute upon which the County, a governmental entity, might be found liable.

In this action, plaintiff can point to no statute which forms the basis of liability against the Defendant Officers in the instant action. The failure to identify a specific statute in furtherance of

the Defendant Officers' liability in this action should, in and of itself, result in the grant of the motion in this instance. Plaintiff fails to alleges a violation of any statute, which pleading is *required* according to the California Tort Claims Act.

Because of the fatal absence of a statutory basis for the seventh cause of action allegedly asserted by plaintiff and against moving defendant, and because of the direction violation of §, the demurrer is well-taken.

## IX. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED AND A MORE DEFINITE STATEMENT REQUIRED

Plaintiff's Complaint chronicles a history of arrests and convictions. It should be dismissed and a more definite statement required to Fed. R. Civ. P. 8(a)(2).

Federal Rule of Civil Procedure 8(a)(2) requires all pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "Each averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e). Instead, Plaintiff's Complaint is a classic example of a "shotgun" pleading that violates Rule 8(a)(2). *See Anderson v. District Bd. of Trustees*, 77 F.3d 364, 366 (11th Cir. 1996)("'[S]hotgun pleading, meaning that 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief'"); *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).

A complaint is subject to dismissal if "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir.1996). Each claim founded on a separate occurrence must be stated in a separate count. Fed.R.Civ.P. 10(b). The paragraphs must be numbered. *Id.* Although Plaintiff is proceeding pro se, he nevertheless must comply with the rules of procedure. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir.) ["pro se litigants are bound by the rules of procedure"], *cert. denied*, 516 U.S. 838 (1995). The federal rules also contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F. 3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; *cf.* Rule 9(b) (setting forth rare exceptions to simplified pleading).

A plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.

*See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. A complaint should not contain preambles, introductions, argument, speeches, explanations, stories, griping, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996) (affirming dismissal of a § 1983 complaint for violation of Rule 8 after warning). The court and defendants should be able to read and understand a plaintiff's complaint within minutes. *McHenry*, 84 F.3d 1172.

Plaintiff's Complaint violates these rules of procedure. The Complaint consists largely of a lengthy, rambling commentary on Plaintiff's history of arrests and convictions. The pleading also is substantively defective in certain respects. For example, as noted above, the Complaint fails to state any cognizable claims.

Plaintiff's Complaint consists of random assertions and claims mixing allegations with legal conclusions and apparently inconsequential events. While a certain degree of indulgence is afforded to *pro se* litigant's pleadings, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), Defendants are entitled to know the exact nature of the claims being asserted against them so they may prepare appropriate defenses. *See Crawford-El v. Britton*, 523 U.S. 574 (1998). Here, the lack of a cohesive narrative and Plaintiff's rambling litany of complaints, makes it difficult to discern the precise nature and scope of Plaintiff's claims. This type of complaint requires the defense, as well as this Court, to "sift through the facts presented and decide for [itself] which [are] material to the particular cause[s] of action asserted." *Pelletier v. Zweifel*, 921 F.2d 1465 (11th Cir. 1991). Thus, Plaintiff's Complaint should

///

///

///

///

///

///

///

///

be dismissed and Plaintiff should be ordered to re-plead a more definite statement in conformity with the requirements of Federal Rule of Civil Procedure 8(a)(2) and Local Rule 8.2(a).

## CONCLUSION

For all the foregoing reasons, the Court should grant the motion to dismiss.

Dated: April 9, 2008

*/s/Alfred M. De La Cruz*
Alfred M. De La Cruz
John P. Cogger
MANNING & MARDER
KASS, ELLROD, RAMIREZ LLP
550 West C Street Suite 1900
San Diego, CA 92101
Telephone: (619) 515-0269
Facsimile: (619) 515-0268
Attorneys for Defendants
*J. Reyes, S. Gustafson, Lt. Tom Morris, William MacIntyre , Lt. David Rose*, *and U.C.S.D. Police Chief Orville King*