JOHN J. SANSONE, County Counsel (State Bar No. 103060)
County of San Diego
By STEPHANIE E. KISH, Senior Deputy (State Bar No. 185776)
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 531-6230; Fax: (619) 531-6005
E-mail: stephanie.kish@sdcounty.ca.gov

Attorneys for Defendants Bonnie Dumanis, Steven Carroll and Shane McKay

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN COBB,<br><br>Plaintiff,<br><br>v.<br><br>(1) J. REYES (ID 606);<br>(2) S. GUSTAFSON (ID 601);<br>(3) LT. TOM MORRIS (ID 691);<br>(4) WILLIAM MACINTYRE (ID 617);<br>(5) LT. DAVID ROSE (ID 690);<br>(6) UCSD POLICE CHIEF O. KING;<br>**Prosecutors:**<br>(7) MICHAEL HUDSON;<br>(8) MIKE AGUIRRE;<br>(9) BONNIE DUMANIS;<br>**Public Defenders :**<br>(10) SHANE MCKAY ;<br>(11) STEVEN CARROLL;<br>(12) Does 1 through 100,<br><br>Defendants. | No. 08-cv-0188-JAH-WMc<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT ON BEHALF OF DEFENDANT SHANE MCKAY<br><br>Date: June 23, 2008<br>Time: 2:30 p.m.<br>Dept.: 11 - Courtroom of the Honorable John A. Houston<br>Trial Date: None |

I

INTRODUCTION

Shane McKay, a former San Diego County deputy public defender, respectfully moves for an order dismissing plaintiff's claims against him with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that *pro se* plaintiff John Cobb ("Plaintiff") has failed to state a claim upon which relief can be granted.

Plaintiff alleges various claims for relief against defendant McKay pursuant to both federal and state law; however, all of Plaintiff's federal claims are barred because they necessarily imply the invalidity of his prior criminal conviction in Superior Court case number M992810. Moreover, a deputy public defender is not a "state actor" against whom a lawsuit may be brought pursuant to 42 United States Code section 1983 (hereinafter "Section 1983"). Finally, Plaintiff's failure to file a tort claim with the County of San Diego bars his state law claims with respect to defendant McKay.

## II

## STATEMENT OF THE CASE

Plaintiff filed the instant complaint on January 31, 2008. The complaint sets forth 13 claims against various defendants pursuant to both state and federal law. With respect to defendant McKay, Plaintiff asserts the following claims:

Claim 1 – Violation of 42 U.S.C. § 1983

Claim 2 – Violation of 42 U.S.C. § 1983 "Conspiracy Claims"

Claim 3 – Violation of 42 U.S.C. § 1985

Claim 4 – Violation of 42 U.S.C. § 1985(2) "Conspiracies"

Claim 5 – Violation of 42 U.S.C. § 1985(3) "Conspiracies"

Claim 6 – Violation of 42 U.S.C. § 1986 "Neglect to Prevent"

Claim 9 – California Due Process Rights

Claim 10 – California Equal Protection Rights

Claim 11 – Intentional Infliction of Emotional Distress

Claim 12 – Negligent Infliction of Emotional Distress

Motions to dismiss filed by various defendants are pending and will be heard on or about May 27, 2008.

## III

## SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff's voluminous complaint documents his long history of interactions with the criminal justice system, beginning in "the early 1980's" (complaint at 17:26-18:1)

and culminating in his February 3, 2006 arrest by University of California campus police for violation of Penal Code section 647(d) (Disorderly Conduct – Loitering in Public Toilet for Purposes of Lewd/Lascivious Act). In his complaint, Plaintiff alleges the existence of a vast conspiracy involving police officers, prosecutors, defense attorneys, judges, businesses and business owners; the purpose of this conspiracy is to (1) "allow[] people to commit crimes against Plaintiff, John Cobb, while prosecuting John Cobb for anything possible…" (Complaint at 19:19-21) and (2) ensure Plaintiff's subsequent conviction.

With respect to former Deputy Public Defender McKay, it appears that Plaintiff intends to sue him in both his personal and official capacities. (Complaint at 4:24.) Defendant McKay negotiated a plea bargain on Plaintiff's behalf in Superior Court case number M992810. (Complaint at 4:23-24.) Plaintiff alleges that public defenders are involved in the "prearranged plan" to "automatically and always convict any person who has been issued a citation by any police officer…." (Complaint at 19:4-5, 19:15-16.) Plaintiff further claims that public defenders violated his constitutional rights by "not revealing to John Cobb that he actually had not violated the law that he had been charged with violating." (Complaint at 18:22-23.)

## IV

## LEGAL STANDARDS APPLICABLE TO MOTIONS TO DISMISS

A motion to dismiss may be granted where there is either a lack of a cognizable legal theory upon which to grant relief or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Generally, the court's review is limited to the allegations of the complaint. *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996). The court must accept all factual allegations pleaded in the complaint as true, construing and drawing all reasonable inferences from the allegations in favor of the non-moving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996); *Mier v. Owens*, 57 F.3d 747, 750 (9th Cir. 1995). However, a court properly may take judicial notice of official records

without converting a Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). Moreover, a court does not have to accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.), *cert. denied* 454 U.S. 1031 (1981).

## V

## PLAINTIFF'S FEDERAL CLAIMS SHOULD BE DISMISSED WITH PREJUDICE WITH RESPECT TO DEFENDANT MCKAY BECAUSE THEY ARE BARRED BY *HECK V. HUMPHREY*

Section 1983 provides a cause of action against government officials who, acting within the scope of their duties, have deprived an individual of any rights, privileges, or immunities guaranteed by the United States Constitution or other federal laws. 42 U.S.C. § 1983; *see also Baker v. McCollan*, 443 U.S. 137, 140 (1979).[1] However, claims that necessarily imply the invalidity of an underlying conviction or sentence are not cognizable under Section 1983, based on the "hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). Thus,

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has ***not*** been so invalidated is not cognizable under section 1983. Thus, when a state prisoner seeks damages in a section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; it if would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

---

[1] 42 United States Code section 1985 ("Section 1985") provides a cause of action against those persons who conspire to interfere with court proceedings ("the due course of justice") or deprive another of the equal protection of the laws. See 42 U.S.C. § 1985(2), (3). 42 United States Code section 1986 ("Section 1986") provides a cause of action against those persons who have knowledge of and fail to prevent harms caused by conspiracies pursuant to Section 1985. See 42 U.S.C. § 1986.

*Id.* at 486-487 (citation omitted) (emphasis in original).

Wrongful arrest, malicious prosecution and conspiracy to bring false charges are among the claims which necessarily imply the invalidity of a conviction. *Guerrero v. Gates*, 357 F.3d 911, 916-917 (9th Cir. 2004). The fact that a plaintiff is no longer in custody and "thus may not be able to overturn his prior convictions by means of habeas corpus does not preclude *Heck*'s bar." *Id.* at 917. The principle established in *Heck* applies not only to claims brought pursuant to Section 1983, but also to conspiracy claims brought under 42 United States Code sections 1985 and 1986. *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1097 n.4 (9th Cir. 2004).

Plaintiff's First through Sixth Claims for Relief seek damages for the deprivation of his constitutional rights as against "all defendants" pursuant to Sections 1983, 1985 and 1986. Plaintiff's claims are based on the alleged conspiracy to subject him to "[s]elective, malicious and discriminatory prosecutions" over the years, including the most recent arrest and prosecution in February 2006 in case number M992810. Plaintiff alleges that defendant McKay negotiated a plea bargain on his behalf in this most recent prosecution, thus aiding the alleged conspiracy. Plaintiff admits that he pleaded guilty in case number M992810. (Complaint at 4:23-24.) Plaintiff does not allege that any of the prior convictions about which he complains have been reversed, expunged, declared invalid, or called into question by the issuance of a writ of habeas corpus. Accordingly, *Heck* mandates that Plaintiff's First through Sixth Claims for Relief be dismissed with prejudice with respect to defendant McKay.

## VI

## PLAINTIFF'S FEDERAL CIVIL RIGHTS CLAIMS SHOULD BE DISMISSED WITH PREJUDICE WITH RESPECT TO FORMER DEPUTY PUBLIC DEFENDER MCKAY BECAUSE HE DID NOT ACT UNDER COLOR OF STATE LAW

A plaintiff who asserts a claim for relief pursuant to Section 1983 must satisfy two elements. First, "the plaintiff must allege that some person has deprived him of a federal right," and second, "he must allege that the person who has deprived him of that right

acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The United States Supreme Court has held that "a public defender does ***not*** act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (emphasis added). This includes a public defender's pre-trial activities, namely interviewing and subpoenaing witnesses and investigation. *Miranda v. Clark County*, 279 F.3d 1102 (9th Cir.) ("*Miranda I*"), *reh'g granted* 295 F.3d 1380 (9th Cir. 2002), *aff'd in part and rev'd in part*, 319 F.3d 465 (9th Cir. 2003) ("*Miranda II*").

The Supreme Court based its holding in *Polk County* on the duty of loyalty owed by a defense attorney to his clients. This duty requires a defense attorney, whether privately retained, appointed or a public defender, to act not on behalf of or in concert with the State, but rather in opposition to the State, to advance "the undivided interests of his client." *Polk County*, 454 U.S. at 318-319. The *Polk County* Court observed that "it is the function of the public defender to enter 'not guilty' pleas, move to suppress State's evidence, object to evidence at trial, cross-examine State's witnesses, and make closing arguments in behalf of defendants," and stated that it was "peculiarly difficult to detect any color of state law" in such adversarial activities. *Id.* at 320.

In holding that *Polk County* encompasses pre-trial activities, the Ninth Circuit observed that "[o]ne doesn't have to be steeped in the works of Erle Stanley Gardner to recognize that a lawyer is hired as much for the exercise of his pre-trial professional judgment concerning the evaluation and interviewing of witnesses, as for his prowess in front of the judge and jury." *Miranda I*, 279 F.3d at 1109.

In the instant case, Plaintiff contends that public defenders are involved in the "prearranged plan" to "automatically and always convict any person who has been issued a citation by any police officer…." (Complaint at 19:4-5, 19:15-16.) Plaintiff further alleges that public defenders violated his constitutional rights by "not revealing to John Cobb that he actually had not violated the law that he had been charged with violating." (Complaint at 18:22-23.) Plaintiff alleges that defendant McKay personally negotiated

his "plea bargain deal"; such actions clearly pertain to the former deputy public defender's performance as Plaintiff's criminal defense counsel. Pursuant to *Polk County* and *Miranda I,* he was not acting under color of state law at the time and Plaintiff's Section 1983 causes of action therefore must fail.[2]

Plaintiff's Section 1985 causes of action also must fail because they are based upon the same set of facts as the Section 1983 claim.

Accordingly, Plaintiff's federal civil rights claims should be dismissed without leave to amend with respect to defendant McKay in his personal capacity.[3]

VII

PLAINTIFF'S STATE LAW CLAIMS SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND BECAUSE PLAINTIFF FAILED TO FILE A TIMELY CLAIM

"To initiate litigation against a public entity, it is well established that a plaintiff must first file a claim under the claims act." *Poway Unified School Dist. v. Superior Ct.,* 62 Cal.App.4th 1496, 1502 (1998), *review denied*; *see also Torres v. County of Los Angeles*, 209 Cal.App.3d 325, 337 (1989), *review denied* (submission of timely claim to public agency is condition precedent to tort action). Government Code section 945.4 sets forth this "well established" law, providing in pertinent part that "no suit for money or damages may be brought against a public entity on a cause of action for which a claim is

---

[2] Plaintiff's Section 1985(2) claim also must fail because that section also requires that the conspirators be acting "under color of law." *Hoffman v. Halden*, 268 F.2d 280 (9th Cir. 1959), *ovrld in part* by *Cohen v. Norris*, 300 F.2d 24 (9th Cir. 1962). Moreover, Plaintiff's Section 1985 claims must fail in their entirety as they are based upon the same set of facts as his Section 1983 claims. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1168 (9th Cir. 2005); *see also Caldeira v. County of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989). Finally, Plaintiff's Section 1986 cause of action must fail because it is derivative of his Section 1985 claims. "[A] cause of action is not provided under 42 U.S.C. § 1986 absent a valid claim for relief under section 1985." *Trerice v. Pederson*, 769 F.2d 1398, 1403 (9th Cir. 1985).

[3] Plaintiff also purports to sue defendant McKay in his ***official*** capacity; however, a suit against a public employee in his official capacity is the equivalent of a suit against the public entity employer. See *Monell v. Department of Social Servs.*, 436 U.S. 658, 690 n.55 (1978) (explaining that "official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent…."). In the instant case, the County of San Diego is not a defendant. The County is not identified as a defendant in the caption of Plaintiff's complaint, and Plaintiff has not served the County with process as required by the Code of Civil Procedure. Accordingly, the claims against defendant McKay in his official capacity also should be dismissed.

required to be presented…until a written claim therefore has been presented to the public entity….” Cal. Govt. Code § 945.4. The aggrieved party must present its claim to the entity within six months of the accrual of the claim. Cal. Govt. Code § 911.2. Notably, failure to file a timely claim with a public entity also bars subsequent suits against that entity's employees. Cal. Govt. Code § 950.2; *see also Harman v. Mono General Hospital*, 131 Cal.App.3d 607, 613 (1982).

This time limitation is mandatory. *Farrell v. Placer County* (1944) 23 Cal.2d 624, 630; *see also Phillips v. Desert Hospital Dist.* (1989) 49 Cal.3d 699, 708 (submission of a claim to a public entity pursuant to section 900 *et seq.* "is a condition precedent to a tort action and the failure to present the claim bars the action"). Like all statutes of limitation, it serves to "protect[] a governmental entity from having to respond to a claim many years after the accrual of the action." *Hernandez v. County of Los Angeles* (1986) 42 Cal.3d 1020, 1030, *review denied*; *see also Williams v. Mariposa County Unified School Dist.* (1978) 82 Cal.App.3d 843, 850 (the time limit for filing an application with a public entity under the California Tort Claims Act is comparable to a statute of limitations). Moreover, it expresses the intent of the Tort Claims Act "not to expand the rights of plaintiffs in suits against governmental entities, but to confine potential governmental liability to rigidly delineated circumstances…." *Williams v. Horvath* (1976) 16 Cal.3d 834, 838.

In the instant case, Plaintiff fails to allege that he filed a claim with the County regarding any of the alleged malicious prosecutions of which he complains. The only claim Plaintiff alleges he filed was with the State of California, regarding the actions of the UCSD campus police. The claim apparently was rejected in December of 2007. (Complaint, Exhibits 46 and 47.) Because timely submission of a claim to the County is a condition precedent to any tort action under state law, Plaintiff has failed to state a claim against the County's employees. Plaintiff has not alleged an "essential element" of his claims. *See Wood v. Riverside Gen. Hosp.* 25 Cal.App.4th 1113, 1119-20 (1994). Accordingly, this motion to dismiss should be granted.

VIII

CONCLUSION

Because (1) Plaintiff's prior conviction bars his claims pursuant to 42 United States Code sections 1983, 1985 and 1986; (2) a deputy public defender does not act "under color of law" when defending his clients; and (3) Plaintiff fails to allege timely compliance with the requirements of the California Tort Claims Act, defendant McKay respectfully requests that all of Plaintiff's claims against him be dismissed with prejudice, and that a judgment of dismissal be entered in his favor.

DATED: April 6, 2008

Respectfully submitted,

JOHN J. SANSONE, County Counsel

By: s/ STEPHANIE E. KISH, Senior Deputy
Attorneys for Defendants Bonnie Dumanis, Steven Carroll and Shane McKay
E-mail: stephanie.kish@sdcounty.ca.gov