JOHN J. SANSONE, County Counsel (State Bar No. 103060)
County of San Diego
By STEPHANIE E. KISH, Senior Deputy (State Bar No. 185776)
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 531-6230; Fax: (619) 531-6005
E-mail: stephanie.kish@sdcounty.ca.gov

Attorneys for Defendants Bonnie Dumanis, Steven Carroll and Shane McKay

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN COBB,<br><br>Plaintiff,<br><br>v.<br><br>(1) J. REYES (ID 606);<br>(2) S. GUSTAFSON (ID 601);<br>(3) LT. TOM MORRIS (ID 691);<br>(4) WILLIAM MACINTYRE (ID 617);<br>(5) LT. DAVID ROSE (ID 690);<br>(6) UCSD POLICE CHIEF O. KING;<br>**Prosecutors:**<br>(7) MICHAEL HUDSON;<br>(8) MIKE AGUIRRE;<br>(9) BONNIE DUMANIS;<br>**Public Defenders :**<br>(10) SHANE MCKAY ;<br>(11) STEVEN CARROLL;<br>(12) Does 1 through 100,<br><br>Defendants. | No. 08-cv-0188-JAH-WMc<br><br>REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT<br><br>Date: June 23, 2008<br>Time: 2:30 p.m.<br>Dept.: 11 - Courtroom of the Honorable John A. Houston<br>Trial Date: None |

I

RULE 410 OF THE FEDERAL RULES OF EVIDENCE DOES NOT SAVE PLAINTIFF'S COMPLAINT FROM *HECK*'S BAR

In his Supplemental Points and Authorities in Opposition to Defendants' Motions to Dismiss, Plaintiff argues that his lawsuit is not barred (presumably by *Heck v. Humphrey*) because he entered "no contest" pleas in Superior Court cases M992810 and

M983663. Plaintiff cites Rule 410 of the Federal Rules of Evidence in support of his position. (Pl.'s Supp. P. & A. at 37:15-28.) Courts that have considered Plaintiff's argument have rejected it. "[F]or purposes of the *Heck* analysis, a plea of nolo contendere in a California criminal action has the same effect as a guilty plea or jury verdict of guilty." *Nuno v. County of San Bernardino*, 58 F.Supp.2d 1127, 1135 (C.D. Cal. 1999). Rule 410 of the Federal Rules of Evidence does not change this analysis, because the nolo pleas are not being used against the plaintiff as admissions or as evidence of guilt. *See Nuno* at 1136 (stating that "under *Heck*, what is relevant about plaintiff's nolo pleas and the resulting…convictions is the simple fact of their existence"); *see also Alatraqchi v. City and County of San Francisco*, 2001 U.S. Dist. LEXIS 7488, *5 (N.D. Cal. 2001) (explaining that, for purposes of the *Heck* analysis, a no contest plea "is significant merely by the fact of its existence, and by the fact that it resulted in a criminal conviction."). The *Nuno* court offered the following rationale for its holding:

> This conclusion comports with the clear aim of *Heck* to prevent federal section 1983 action collateral attacks on state court criminal convictions, and to channel litigation relating to state convictions, and the sentences and confinements resulting therefrom, into the federal habeas corpus process. By foreclosing a section 1983 challenge to an unimpaired nolo-plea based conviction…, the *Heck* rule ensures that issues germane to the underlying state law criminal offense are litigated either in the state courts—at trial or through direct appeal or a state petition for a writ of habeas corpus—or in the federal habeas corpus process designed to handles such challenges….

*Nuno*, 58 F.Supp.2d at 1138-1139 (citations omitted).

Because Plaintiff's "no contest" pleas have the same legal effect as jury verdicts of "guilty," and because Plaintiff does not allege that his prior convictions in cases M992810 and M983663 have been reversed, expunged, declared invalid, or called into question by the issuance of a writ of habeas corpus, *Heck* mandates that Plaintiff's First through Sixth Claims for Relief be dismissed with prejudice with respect to the District Attorney, the Public Defender and Deputy Public Defender McKay.

///

II

PLAINTIFF DOES NOT DISPUTE THAT THE DISTRICT ATTORNEY IS NOT A "PERSON" WITHIN THE MEANING OF SECTION 1983

Plaintiff does not address defense arguments regarding District Attorney Dumanis in his initial Points and Authorities in Opposition to Motions to Dismiss. In his Supplemental Points and Authorities in Opposition to Motions to Dismiss, Plaintiff notes that counties are considered "persons" within the meaning of Section 1983, citing to *Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658 (1978). (Pl.'s Supp. P. & A. at 38:26-39:10.) While correct, this fact is irrelevant with respect to the District Attorney. Because the District Attorney acts on behalf of the state in her prosecutorial capacity, she is shielded from liability by the immunity provided by the Eleventh Amendment and Plaintiff's federal claims against her should be dismissed with prejudice.

III

PLAINTIFF DOES NOT DISPUTE THAT PUBLIC DEFENDERS DO NOT ACT UNDER COLOR OF STATE LAW FOR SECTION 1983 PURPOSES

Plaintiff does not address defense arguments regarding the Public Defender and Deputy Public Defender McKay in his initial Points and Authorities in Opposition to Motions to Dismiss. In his Supplemental Points and Authorities in Opposition to Motions to Dismiss, Plaintiff notes that counties are considered "persons" within the meaning of Section 1983, citing to *Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658 (1978). (Pl.'s Supp. P. & A. at 38:26-39:10.) While correct, this fact is irrelevant with respect to the defendant public defenders. Because public defenders "do[] ***not*** act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," (*Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (emphasis added)), Plaintiff's federal claims against them should be dismissed with prejudice.

///

///

## IV

## PLAINTIFF DOES NOT DISPUTE THAT HE NEVER FILED A CLAIM WITH THE COUNTY OF SAN DIEGO

In his initial Points and Authorities in Opposition to Motions to Dismiss, Plaintiff correctly notes that state law claims presentation requirements are not applicable to federal civil rights actions. (Pl.'s P. & A. at 3:5-4:3.) Defendants' motions to dismiss contend only that Plaintiff's state law claims should be dismissed for failure to file a claim with the County of San Diego. Because Plaintiff does not allege that he ever filed a claim with the County or submit evidence that he filed a claim, Defendants' motions should be granted with prejudice.

DATED: June 16, 2008

Respectfully submitted,

JOHN J. SANSONE, County Counsel

By: s/ STEPHANIE E. KISH, Senior Deputy
Attorneys for Defendants Bonnie Dumanis, Steven Carroll and Shane McKay
E-mail: stephanie.kish@sdcounty.ca.gov

Declaration of Service

I, LAURA COMETA, declare:

That I am over the age of eighteen years and not a party to the case; I am employed in, or am a resident of, the County of San Diego, California where the service occurred; and my business address is: 1600 Pacific Highway, Room 355, San Diego, California.

On June 16, 2008, I served the following documents: **Reply Memorandum Of Points And Authorities In Support Of Motion To Dismiss Plaintiff's Complaint** in the following manner:

☐ By personally delivering copies to the person served.

☒ By placing a copy in a separate envelope, with postage fully prepaid, for each addressee named below and depositing each in the U. S. Mail at San Diego, California.

John Cobb
3955 Mt. Albertine Way
San Diego, California 92111
(858) 277-2026
(Plaintiff in Pro Per)

☒ By electronic filing, I served each of the above referenced documents by E-filing, in accordance with the rules governing the electronic filing of documents in the United States District Court for the Southern District of California, as to the following parties:

**Please See Attached List of Parties**

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 16, 2008, at San Diego, California.

[signature]
LAURA COMETA

LIST OF PARTIES:

Alfred De La Cruz, Esq.
Manning & Marder
Kass, Ellrod, Ramirez
550 West C Street, # 1900
San Diego, California 92101
(619) 515-0269
(619) 515-0268 (fax)
Email: amd@mmker.com

(Attorneys for Defendants Jeff Reyes, Scott Gustafson, Tom Morris, William MacIntyre, David Rose and Orville King)

Kathryn A Snyder, Deputy
Office of the City Attorney
1200 Third Avenue, #1100
San Diego, California 92101
(619) 533-5800
(619) 533-5856 (fax)
Email: ksnyder@sandiego.gov

(Attorneys for Defendants Mike Aguirre and Michael Hudson)