Alfred De La Cruz, Esq. State Bar No. 151388
John P. Cogger, Esq. State Bar No. 172808
MANNING & MARDER
KASS, ELLROD, RAMIREZ LLP
550 West "C" Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 515-0269
Facsimile: (619) 515-0268
amd@mmker.com
jpc@mmker.com

Attorneys for Defendants JEFF REYES,
SCOTT GUSTAFSON, TOM MORRIS and ORVILLE KING

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John Cobb, Plaintiff,<br><br>vs.<br><br>1.) J. Reyes (ID 606);<br><br>2.) S. Gustafson (ID 601);<br><br>3.) Lt. Tom Morris (ID 691);<br><br>4.) William MacIntyre (ID 617);<br><br>5.) Lt. David Rose (ID 690);<br><br>6.) U.C.S.D. Police Chief O. King;<br><br>Prosecutors:<br><br>7.) Michael Hudson;<br><br>8.) Mike Aguirre;<br><br>9.) Bonnie Dumanis;<br><br>Public Defenders:<br><br>10.) Shane McKay;<br><br>11.) Steven Carroll;<br><br>12.) Does 1 through 100;<br><br>Defendants. | CASE NO. 08 CV 0188 JAH WMc<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS BY DEFENDANTS JEFF REYES, SCOTT GUSTAFSON, TOM MORRIS, AND ORVILLE KING**<br><br>**[Federal Rule of Procedure 12(b)(6)]**<br><br>Date: June 23, 2008<br>Time: 2:30 p.m.<br>Courtroom: 11 (2nd Floor)<br>Judge: Hon. John A. Houston<br><br>**[NO ORAL ARGUMENT PURSUANT TO LOCAL RULE 7.1(d)(1)]** |

## REPLY MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff has served multiple pleadings in apparent opposition to the various Motions to Dismiss filed on behalf of the defendants in this matter. The sheer number of pages contained with the opposition does little to mask the fact that Plaintiff has failed to oppose the authority of these moving parties. When focusing upon the legal arguments in opposition to the Motion to Dismiss, it is readily apparent that Plaintiff's claims cannot be sustained as plead.

On or about May 21, 2008, Plaintiff served a "Points and Authorities in Opposition to Motions to Dismiss" consisting of twenty-one (21) pages, and, a "Declaration and Analysis in Opposition to Motions to Dismiss" consisting of seventy-four (74) pages (plus tens of pages of exhibits). It does not appear that Plaintiff filed this document with the Court.

On or about June 9, 2008, Plaintiff filed and served a "Supplemental Points and Authorities in Opposition to Motions to Dismiss, and Declaration of John Cobb" consisting of forty (40) pages (plus eight exhibits consisting of tens of pages).

The voluminous Complaint filed by Plaintiff in this matter totals approximately 333 pages of pleading and exhibits.

Plaintiff's opposition pleadings are not categorized in any distinct fashion, and do not address the items raised in Defendants' papers in any specific order. Rather, Defendants are forced to read through the entirety of the pleadings (again, over 130 pages of pleadings plus exhibits) in an attempt to glean some sort of cogent response to the motions to dismiss.

Plaintiff's opposition papers are in direct contravention to Local Rule 7.1(f.3.b), which requires as follows:

"Opposing party's papers and contents: Documentary evidence and points and authorities - The opposition shall contain a <u>brief and complete statement of all reasons in opposition to the position taken by the movant</u>, an answering memorandum of points and authorities, and copies of all documentary evidence upon which the party in opposition relies." CivLR 7.1(f.3.b) [emphasis added].

Plaintiff's "needle in a haystack" pleadings fail to comply with this requirement, and that

required of pleadings in general.

As a general rule, a district court may not consider any material beyond the pleadings in ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) (*See, Lee v. City of Los Angeles* (9th Cir 2001) 250 F3d 668, 688.) Defendants respectfully request that the Court disregard the voluminous extraneous documentation included as part of Plaintiff's "oppositions". Such is not properly before the Court and not appropriate for consideration for this motion to dismiss.

**I. PLAINTIFF DOES NOT CONTEST THAT THE DEFENDANT OFFICERS ARE ENTITLED TO ELEVENTH AMENDMENT IMMUNITY**

Plaintiff's opposition fails to specifically address this position of Defendants, nor does Plaintiff address the Eleventh Amendment immunities granted state agents, here, the Defendant Officers.

Plaintiff's Complaint identifies Defendants as "U.C.S.D. Officers" throughout the Complaint. (*See*, *i.e.*, Complaint, Page 2, lines 17, 20, 25, 26, 28, 29, Page 3, lines 1, 2, 3, 4, 5, 9, 21, 22, 23, 27, 28, Page 4, lines 2, 3, 5, 6, 9, and 10.)

Plaintiff, although not naming the Regents of California as a party, also contends that "the U.C.S.D. Police Department itself is being named as a defendant as well." (*See*, Complaint, Page 4, lines 3-4.)

As noted in Defendants' moving papers, the Eleventh Amendment bars suit when the state is the real party in interest. *Regents of Univ. of Cal. v. Doe*, 519 U.S. 425, 431, 117 S. Ct. 900, 137 L. Ed. 2d 55 (1997). Suits against state officers for conduct in the officer's official or representative capacity are deemed to be against the state itself, and are barred by the Eleventh Amendment ( *Ex parte New York* (1921) 256 US 490, 500-501, 41 S Ct 588, 65 L Ed 1057 ).

The federal civil rights claims should be dismissed because Officer Reyes, Officer Gustafson, Officer Morris and Police Chief King are immune from suit under federal law in their official capacities. Based on the foregoing, the Court should find that the Defendant Officers, in their official capacity, are considered State actors who enjoy Eleventh Amendment immunity. As such, the Court should dismiss the Complaint without leave to amend as to the Defendant Officers

in their official capacity.

## II. PLAINTIFF DOES NOT CONTEST THAT DEFENDANTS DO NOT QUALIFY AS "PERSONS" UNDER SECTION 1983

The Defendant Officers contend, <u>and Plaintiff does not cite any authority in opposition</u>, that Plaintiff's claims under section 1983 are further barred because that statute is interpreted to exclude from the definition of "persons" against whom suit may be brought, all persons who are entitled to Eleventh Amendment immunity.

Section 1983 provides, in pertinent part, that:

"[e]very **<u>person</u>** who, under color of any statute, ordinance, regulation, custom, or usage, or any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." (42 U.S.C. §§ 1983 [emphasis added].)

The Supreme Court of California, in *Will v. Michigan Department of State Police* (1989) 491 U.S. 58, 65, [105 L.Ed.2d 45, 109 S.Ct. 2304, 2309], confirmed that "a State is not a 'person' within the meaning of section 1983," and that suit could not be brought against the state in federal or state court for a section 1983 violation.

A complaint should be dismissed where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Dismissal can be based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *(Ballistreri v. Pacifica Police Dept*. (9th Cir. 1990) 901 F.2d 696, 699 (citations omitted).)

Plaintiff's claim are based in 42 United States Code section 1983, but the Eleventh Amendment to the Constitution provides Defendants with immunity to suit under section 1983, and Defendants do not qualify as "persons" under that statute.

Defendants therefore request, under rule 12(b)(6) of Federal Rules of Civil Procedure, that the First Amended Complaint be dismissed without leave to amend for failure to state a claim.

## III. PLAINTIFF'S CLAIMS FOR VIOLATION OF SECTION 1983 SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

Plaintiff contends that the Defendant Officers violated his rights as part of a vast conspiracy against him. None of these allegations are sufficient to state a claim under section 1983.

Section 1983 does not confer any substantive rights. It is only a vehicle for asserting violations of federal constitutional and statutory rights. *Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600, 617-18 (1979). The analysis of a section 1983 claim "begins by identifying the specific constitutional right allegedly infringed[.]" *Graham v. Connor*, 490 U.S. 386, 394 (1989). Here, Plaintiff only makes unsubstantiated accusatory allegations, unsupported by statements of fact.

As plead, Plaintiff's allegations are deficient, and Plaintiff's claim should be dismissed with prejudice.

## IV. PLAINTIFF DOES NOT CONTEST THAT DEFENDANTS ARE IMMUNE FROM LIABILITY FOR INFLICTION OF EMOTIONAL DISTRESS

Plaintiff cites no authority to rebut the contention of the Officer Defendants that they are immune from liability for infliction of emotional distress. Moreover, Plaintiff acknowledges said immunity, citing the case of *Gillian v. City of San Marino* (2007) 147 Cal. App. 4th 1033; 55 Cal. Rptr. 3d 158, in his brief.

"Immunity under Government Code section 821.6 is not limited to claims for malicious prosecution, but also extends to other causes of action arising from conduct protected under the statute, including defamation and intentional infliction of emotional distress." *Id.*, at 1049, emphasis added, citations omitted.

Accordingly, Plaintiffs' claims for infliction of emotional distress related to his arrest therefore fails.

## V. PLAINTIFF CONCEDES THAT PLAINTIFF'S SECTION 1983 DAMAGES CLAIM AGAINST THE INDIVIDUALS IS BARRED BY THE QUALIFIED IMMUNITY APPLICABLE TO ALL PUBLIC OFFICIALS WHO CARRY OUT EXECUTIVE AND ADMINISTRATIVE FUNCTIONS

Plaintiff concedes that the individual defendants are qualifiedly immune from suit and liability for damages. (*See*, Points and Authorities in Opposition to Dismiss, Page 4, lines 10-17.)

Further, qualified immunity applies to all public officials who carry out executive and administrative functions. (*Wood v. Strickland* (1975) 420 U.S. 308, overruled on other grounds in *Harlow, supra*. 457 U.S. 800; *O'Connor v. Donaldson* (1975) 422 U.S. 563.) Here, the alleged wrongful activities fall squarely within the qualified immunity applicable to public officials carrying out executive or administrative functions.

Police officers are entitled to qualified immunity for actions taken during a stop or arrest "'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Rice v. Burks*, 999 F.2d 1172, 1174 (7th Cir. 1993) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 73 L. Ed. 2d 396, 102 S. Ct. 2727 (1982)).

Plaintiff has the burden of negating a defendant's qualified immunity defense. (*Salas v. Carpenter*, 980 F.2d 299, 304 (5th Cir. 1992)). Plaintiff has failed to do so in his opposition(s) to the motion to dismiss the Defendant Officers.

As a matter of law, at the very least, Plaintiff's damage claims against the Defendant Officers fail.

## VI. PLAINTIFF DOES NOT CONTEST THAT THE COMPLAINT FAILS TO ESTABLISH A CLAIM UNDER SECTION 1985(3)

Plaintiff claims that the Defendant Officers "conspired to deprive the plaintiff of equal protection of the laws under 42 U.S.C.A. 1985(3) . . . ." However, plaintiff has failed to allege facts sufficient to state a claim under section 1985(3), and, <u>Plaintiff's opposition fails to contest this issue</u>.

A conspiracy cannot exist unless there is a "meeting of the minds" between the defendants to violate the plaintiff's constitutional right. *Caldeira v. County of Kauai*, 866 F.2d 1175, 1181 (9th Cir. 1989). Plaintiff has failed to set forth any facts to support his claim that the Defendant Officers had a meeting of the minds to conspire against Plaintiff.

Allegations of conspiracy may, indeed, form the basis of a § 1983 claim. *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994). However, a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants. *Id.* at 1266. Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim. *Id.* at 1266.

As such, plaintiff has not set forth facts sufficient to state a cause of action under section 1985(3) and the motion to dismiss should be granted as to that claim.

**VII. PLAINTIFF PROVIDES NO AUTHORITY TO REBUT THE CONTENTION THAT THE ALLEGATIONS IN THE COMPLAINT ARE NOT SUFFICIENT TO SUPPORT A CLAIM FOR PUNITIVE DAMAGES**

In the Complaint, Plaintiff alleges that Officer Reyes and Officer Gustafson stopped him without probable cause and improperly issued him a citation for lewd behavior. Plaintiff then prays for an award of punitive damages against all Defendants. Plaintiff provides no authority in his opposition to the Defendant Officers' motion that punitive damages have been properly alleged. This is paramount when coupled with the above-referenced authority that monetary damages are inappropriate here.

Further, none of the allegations in the Complaint are sufficient to support an award of punitive damages against Officer Reyes or Officer Gustafson, which can only be awarded based on conduct which is malicious, oppressive or in reckless disregard for plaintiff's constitutional rights. *Dang v. Cross*, 422 F.3d 800, 808 (9th Cir. 2005).

Therefore, the Court should grant the motion to dismiss as to plaintiff's claim for punitive damages.

**VIII. PLAINTIFF FAILS TO STATE A CAUSE OF ACTION AGAINST DEMURRING DEFENDANTS DUE TO HIS FAILURE TO IDENTIFY A SINGLE STATUTE UPON WHICH LIABILITY MIGHT BE PREDICATED**

In California, all governmental tort liability must be based upon statute (*see*, Gov. Code §815). Because claims against public entities are entirely statutory, "the rule that statutory causes of action must be specifically pleaded applies and every element of the statutory basis for liability must be alleged." (4 Cal. Witkin Procedure, Pleading, section 579.)

Plaintiff's rambling opposition fails to address this issue.

The direct tort liability of public entities must be based on a specific statute declaring them to be liable, or at least creating some specific duty of care, and not on the general tort provisions of Civil Code §1714. Otherwise, the general rule of immunity for public entities would be largely

eroded by the routine application of general tort principles." (*See, e.g., Zelig, supra*, 27 Cal.4th at pp. 1131-1132; *Hoff v. Vacaville Unified School Dist*. (1998) 19 Cal.4th 925, 932 [80 Cal.Rptr.2d 811, 968 P.2d 522], and cases cited.) As *Zelig* observed, quoting from an earlier case, "'*the intent of the [Tort Claims Act] is not to expand the rights of plaintiffs in suits against governmental entities, but to confine potential governmental liability to rigidly delineated circumstances. . ..*'" (*Zelig, supra*, at p. 1127) (at p. 1183) (Emphasis added).

Thus, direct tort liability of public entities must be based on a specific statute declaring them to be liable, or at least creating some specific duty of care, and not on the general tort provisions of Civ. Code, §1714.

The Supreme Court holding in Eastburn has equal application to this case. Not only has plaintiff failed to set forth any allegations of negligent training or supervision, he has completely neglected to identify any statute upon which the Defendant Officers might be found liable.

In this action, plaintiff can point to no statute which forms the basis of liability against the Defendant Officers in the instant action. The failure to identify a specific statute in furtherance of the Defendant Officers' liability in this action should, in and of itself, result in the grant of the motion in this instance. Plaintiff fails to alleges a violation of any statute, which pleading is *required* according to the California Tort Claims Act.

**IX. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED AND A MORE DEFINITE STATEMENT REQUIRED**

Viewed in a light most-favorable to Plaintiff, Plaintiff's Complaint and opposition papers consist of "needle in a haystack" pleading, where counsel for the parties are required to comb through hundreds of pages of pleadings in order to find cognizable claims and authority in support of Plaintiff's opposition to the Motion to Dismiss.

Generally, the court will require a more definite statement only when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself or herself. (*Cellars v. Pacific Coast Packaging, Inc*. (ND Cal 1999) 189 FRD 575, 579.)

The Defendant Officers strongly contend that Plaintiff's Complaint should be dismissed

without leave to amend by the Court. At the very least, in the event that the Court determines that Plaintiff has somehow met the pleading requirements required of him, or allows Plaintiff to amend his complaint to properly state a cause of action, Plaintiff's Complaint should be dismissed and a more definite statement required to Fed. R. Civ. P. 8(a)(2).

**CONCLUSION**

For all the foregoing reasons, the Court should grant the motion to dismiss.

Dated: June 16, 2008

*/s/Alfred M. De La Cruz*
Alfred M. De La Cruz
John P. Cogger
MANNING & MARDER
KASS, ELLROD, RAMIREZ LLP
550 West C Street Suite 1900
San Diego, CA 92101
Telephone: (619) 515-0269
Facsimile: (619) 515-0268
Attorneys for Defendants
*J. Reyes, S. Gustafson, Lt. Tom Morris, William MacIntyre , Lt. David Rose, and U.C.S.D. Police Chief Orville King*