Alfred De La Cruz, Esq. State Bar No. 151388
John P. Cogger, Esq. State Bar No. 172808
**MANNING & MARDER**
**KASS, ELLROD, RAMIREZ LLP**
550 West "C" Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 515-0269
Facsimile: (619) 515-0268
amd@mmker.com
jpc@mmker.com

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| John Cobb, Plaintiff,<br><br>vs.<br><br>1.) J. Reyes (ID 606);<br>2.) S. Gustafson (ID 601);<br>3.) Lt. Tom Morris (ID 691);<br>4.) William MacIntyre (ID 617);<br>5.) Lt. David Rose (ID 690);<br>6.) U.C.S.D. Police Chief O. King;<br>Prosecutors:<br>7.) Michael Hudson;<br>8.) Mike Aguirre;<br>9.) Bonnie Dumanis;<br>Public Defenders:<br>10.) Shane McKay;<br>11.) Steven Carroll;<br>12.) Does 1 through 100;<br><br>Defendants. | Case No. 08 CV 0188 JAH WMc<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OF DEFENDANTS WILLIAM MacINTYRE AND DAVID ROSE**<br><br>**[Federal Rule of Procedure 12(b)(6)]**<br><br>Date: June 23, 2008<br>Time: 2:30 p.m.<br>Courtroom: 11 (2nd Floor)<br>Judge: Hon. John A. Houston |

Pursuant to Federal Rule of Civil Procedure 12(b)(6), and Local Rule 7.1(e)(3), Defendants WILLIAM MACINTYRE and DAVID ROSE respectfully submit this Reply Memorandum of Points and Authorities in Support of their Motion to Dismiss the First Amended Complaint.

## I. ARGUMENT AND CITATION OF AUTHORITIES

Plaintiff has served multiple pleadings in apparent opposition to the various Motions to Dismiss filed on behalf of the defendants in this matter.

On or about May 21, 2008, Plaintiff served a “Points and Authorities in Opposition to Motions to Dismiss” consisting of twenty-one (21) pages, and, a “Declaration and Analysis in Opposition to Motions to Dismiss” consisting of seventy-four (74) pages (plus tens of pages of exhibits). It does not appear that Plaintiff filed this document with the Court.

On or about June 9, 2008, Plaintiff filed and served a “Supplemental Points and Authorities in Opposition to Motions to Dismiss, and Declaration of John Cobb” consisting of forty (40) pages (plus eight exhibits consisting of tens of pages).

The voluminous Complaint filed by Plaintiff in this matter totals approximately 333 pages of pleading and exhibits. The Complaint does not contain any factual allegations against Defendants William MacIntyre and David Rose that occur after the year 1993.

Plaintiff’s opposition to the Motions to Dismiss totals approximately 145 pages of pleading plus tens of pages of exhibits which are not sequentially numbered. Plaintiff’s opposition to the motions to dismiss does not contain any factual allegations against Defendants William MacIntyre and David Rose that occur after the year 1993.

Further, <u>Plaintiff’s Opposition to the motions to dismiss contains no authority whatsoever to contest the reality that Plaintiff’s claims against Defendants William MacIntyre and David Rose are barred by the statute of limitations</u>.

Where the facts and dates alleged in the complaint indicate that the claim is barred by the statute of limitations, a motion to dismiss for failure to state a claim lies. The complaint fails to state a claim because the action is time-barred. (*Jablon v. Dean Witter & Co.* (9th Cir. 1980) 614 F2d 677, 682.)

Here, Plaintiff is seeking damages for an incident that occurred on or about February 10,

1993. (*See*, Complaint, Page 3, lines 6-7, 22, and Exhibits 3-9.) The incident as alleged by Plaintiff regarding Defendants William MacIntyre and David Rose took place over fifteen years ago.

As addressed in these moving parties' Motion to Dismiss, each and every allegation contained in the Complaint is deficient under the applicable statute of limitations. Parties have one year to commence claims brought under 42 U.S.C. §§ 1986, and California's statute of limitations for personal injury actions governs claims brought pursuant to 42 U.S.C. §§ 1983 and §§ 1985. 42 U.S.C. §§ 1986 (2003); *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132-33 (9th Cir. 2007); *Taylor v. Regents of University of California*, 993 F.2d 710, 711-12 (9th Cir. 1993).

A two-year statute of limitations applies to an action for personal injury caused by wrongful act or neglect (California Code of Civil Procedure § 335.1).

## II. CONCLUSION

For the foregoing reasons, and for the reasons contained in these parties' Motion to Dismiss, Defendants William MacIntyre and David Rose respectfully request that the Court grant their motion to dismiss the Complaint *with prejudice*.

Dated: June 16, 2008

*/s/Alfred M. De La Cruz*
Alfred M. De La Cruz
John P. Cogger
MANNING & MARDER
KASS, ELLROD, RAMIREZ LLP
550 West C Street Suite 1900
San Diego, CA 92101
Telephone: (619) 515-0269
Facsimile: (619) 515-0268
**Attorneys for Defendants**
*J. Reyes, S. Gustafson, Lt. Tom Morris, William MacIntyre , Lt. David Rose, and U.C.S.D. Police Chief O. King*