UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN COBB,<br><br>              Plaintiff,<br>v.<br><br>J. REYES, *et al.*,<br><br>              Defendants. | Case No. 08cv188-JAH (WMC)<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**<br><br>**[Doc. Nos.54, 56, 59, 72]** |

On December 18, 2008, this Court issued an order dismissing *pro se* plaintiff John Cobb's complaint for failure to comply with F.R.C.P. 8.  Doc. 35.  This Court issued another order on September 23, 2009 dismissing plaintiff's first amended complaint because it also failed to comply with Rule 8.  Doc. 50.  In that order this Court authorized plaintiff to file a second amended complaint but warned that if the complaint did not comply with Rule 8 it would be dismissed without further leave to amend.  Id.

Plaintiff filed a second amended complaint ("SAC") on October 21, 2009.  Three motions to dismiss were filed by various defendants on November 9, 2009, November 10, 2009, and November 23, 2009 on the ground that plaintiff's complaint still failed to comply with Rule 8, as well as other theories.

Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . ., (2) a short and plain statement of the claim showing that the pleader is entitled to

relief, and (3) a demand for judgment for the relief the pleader seeks." Fed.R.Civ.P. 8(a). Similarly, Rule 8(d) requires that "each averment of a pleading shall be simple, concise and direct." Rule 8 is designed to provide defendants with fair notice of the claims against them and the grounds on which those claims rest. McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991); see McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

"[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Ashcroft v. Iqbal 129 S. Ct 1937, 1949 (2009). While Rule 8 "does not require 'detailed facutal allegations,' . . . it [does] demand [] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citing Bell Atlantic Corp v. Twombly, 550 U.S. 544,555 (2007). "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit . . . Rule 8(e), requiring each averment of a pleading to be 'simple, concise, and direct,' applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)." McHenry, 84 F.3d at 1179.

Plaintiff's original complaint contained 333 pages. Plaintiff's first amended complaint incorporated by reference his original 333 page complaint and contained an additional seventy eight pages of facts and allegations, in addition to several exhibits. The instant complaint is 117 pages. While the Court recognizes that plaintiff's SAC is shorter than his first two complaints, this Court is still unable to determine the exact nature of plaintiff's allegations or which allegations are claimed against each defendant. Although the Court must construe *pro se* pleadings liberally and afford plaintiff the benefit of any doubt, even *pro se* litigants must allege, with at least some degree of particularity, overt acts taken by each defendant which support his claims. Haines v. Kerner, 404 U.S. 519, 520 (1972)(per curiam).

Plaintiff initially states this action arises out of "an episode of premeditated police, prosecutorial, and public defender misconduct, which resulted in charges brought and maintained against, and a one year of constructive custody enforced against, and several days of slavery imposed upon, an innocent man." Doc. 51 at ¶1. Plaintiff later states

"Defendants worked together to fabricate false and corrupt evidence and cover up exculpatory evidence to arrest and later convict Plaintiff . . . ." Id. at ¶4. Throughout his complaint, plaintiff makes general allegations similar to those referenced above, but fails to provide any supporting facts.

The SAC details a history of equal protection violations dating back to 1981 whereby plaintiff claims he has been subjected to "unlawful selective enforcement of the laws" due to his national origin and sexual orientation. Plaintiff also contends there is an "infrastructure formula, and template ("IFT"), which police and prosecuting agencies use to cover up unlawful acts." Id. at ¶53  According to plaintiff, this formula is responsible for defendants filing complaints against and/or arresting plaintiff for incidents between 1992 - 2006. Plaintiff spends thirty six pages describing factual scenarios that demonstrate how the U.C.S.D. police department, San Diego public defender, San Diego City Attorney, and certain state court judges have all conspired to harass plaintiff. However, those scenarios are merely background and do not relate to the conduct complained of here. It is not until page forty seven that plaintiff begins describing the factual allegations pertinent to the instant case. Those allegations are organized in such a haphazard and convoluted fashion that this Court is unable to ascertain the exact conduct that forms the basis of the underlying litigation.  On page seventy four plaintiff begins reciting twenty five causes of action but does not state which facts in the previous seventy three pages are pertinent to each cause of action.

The Ninth Circuit has recognized that "confusing complaints. . .impose unfair burdens on litigants and judges." <u>McHenry v. Renne</u>, 84 F.3d 1172, 1179-80 (9th Cir. 1996).  For the third time, this Court has reviewed plaintiff's complaint and struggled to ascertain the facts and claims asserted.  Such review imposes an unfair burden on this Court and defendants.  This Court finds that plaintiff's SAC does not contain "a short and plain statement of the claim showing [plaintiff] is entitled to relief" nor does it state each allegation in a "simple, concise, and direct" format. As a result plaintiff's SAC does not comply with Rule 8.

Based on the foregoing, IT IS HEREBY ORDERED that defendants' motions to dismiss are GRANTED. Pursuant to this Court's previous order, plaintiff shall not be granted leave to file an amended complaint. Plaintiff's SAC is DISMISSED WITH PREJUDICE and plaintiff's Motion for Leave to File Third Amended Complaint is DENIED.

IT IS SO ORDERED.

Dated : September 21, 2010

_____
John A. Houston
United States District Judge